IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0010C |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | Chief Judge Damich |
| | ) | |
| Defendant. | ) | |

**ENERGY NORTHWEST'S RESPONSE TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS OR, IN THE ALTERNATIVE, FOR COORDINATED DISCOVERY REGARDING RATE AND SCHEDULE ISSUES**

In its motion (the "Motion"), the Government seeks to stay this case for an indeterminate amount of time without advancing any justification for this request. The Government has failed to meet the rigorous requirements for the entry of a stay under the principal case upon which the Government relies – *Landis v. North American Company*, 299 U.S. 248 (1936). As we demonstrate below, the Government's request for a stay should be denied for two reasons. *First*, the Government has failed to establish that it will suffer hardship or inequity if required to go forward. *Second*, the effect of a stay will be the unnecessary postponement of discovery that will have to occur regardless of the outcome of the three spent nuclear fuel ("SNF") cases referred to in the Motion currently set for trial and, therefore, the unnecessary postponement of the ultimate resolution of this matter.

In the event this Court does not grant a stay, the Government requests in the alternative a coordinated process for discovery in all of the newly-filed SNF cases. Energy Northwest does not object, in principle, to this request, provided that the coordinated discovery is conducted in an efficient manner. However, as discussed below, assuming the Government will stipulate to Energy Northwest's use of previous depositions of Department of Energy ("DOE") and former

DOE employees and contractors on the schedule and rate issues taken in other SNF cases as if they were taken in this case, Energy Northwest believes that the need for such depositions can be substantially reduced.[1]

## ARGUMENT

To support its request for a stay, the Government relies primarily on the Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248 (1936). This case, however, contradicts the Government's position. In *Landis*, the Government sought to stay two pending cases challenging the constitutionality of a statute, so that the Government could focus on litigating the question in a "test case." *Id.* at 250-51. The district court entered an indefinite stay to last until final resolution of the constitutionality of the statute at issue, including appeals. *Id.* at 253. The Supreme Court reversed the stay.

While the Supreme Court held that a court has the power to issue a stay with respect to parties not bound by the first case, the Court explained that (*id.* at 255):

> [T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [it] prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

The Supreme Court held that any stay lasting beyond the district court's initial decision in the "test case" was beyond "the limits of a fair discretion." *Id.* at 256. The Supreme Court reversed the indefinite stay pending appeal and remanded the case to the district court with instructions to

[1] Energy Northwest does not agree with many of the statements contained in the Government's Motion regarding the relationship of the various SNF cases. For purposes of this response, however, Energy Northwest does not believe it is necessary to discuss in detail the history of the various cases and the alleged relationship between the cases. Energy Northwest understands that these issues were addressed at length in the briefing on the Government's Second Motion To Renew Its Motion To Consolidate, which this Court denied on January 30, 2004.

reexamine the fairness of a stay lasting only until resolution of the test case in the district court. *Id*. at 258-59; *see also Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416-18 (Fed. Cir. 1997) (reversing indefinite stay of cases because of Government's failure to demonstrate "pressing need" for stay – "Without a pressing need for the stay, this court refuses to impose such an onerous burden on a litigant's right to seek redress against the United States").

As we demonstrate below, the Government does not come close to satisfying its burden under *Landis.* The Government cannot (1) "make out a clear case of hardship or inequity in being required to go forward" or (2) dispute that Energy Northwest will suffer unnecessary harm by postponing discovery that will have to occur in this case regardless of the outcome of the three cases set for trial.

**The Government Has Failed To Establish Any Hardship Or Inequity In Proceeding With This Case**

In the first instance, the Motion is not clear as to what length of a stay the Government is requesting. Throughout the Motion, the Government inconsistently describes the length of stay it seeks. The Government states that it is seeking a stay "until completion of the trials" in the three cases currently set for trial (Motion at 1), until "resolution of the trials," (*id*.) and until "there has been a final ruling" in the three cases (Motion at 12). It is unclear, therefore, whether the Government is seeking a stay until a decision is reached at the trial level or whether the Government is seeking a stay until resolution of all appeals relating to the trials, which could occur several years in the future.

Regardless of the length of stay the Government is requesting, the reasons advanced by the Government in support of a stay lack any merit and do not come close to satisfying the Government's burden under *Landis*. *First*, the Government's argument that a stay of this case would avoid the possibility of inconsistent rulings between this case and the three cases set for

trial lacks merit. While purporting to argue that a stay is necessary to avoid inconsistent rulings, the Government also states that it "cannot stipulate to apply the rationale of the Court's existing decisions to the remaining SNF cases pending in this Court." (Motion at 10.) The Government cannot have it both ways. The Government cannot request that this case be stayed to avoid inconsistent rulings and, at the same time, insist that it will relitigate those same issues every time it receives a decision it does not like.

Furthermore, the Government's claim of a risk of inconsistent rulings is speculative at this point. Contrary to the Government's assertions, there have not been significant differences in rulings in the various SNF cases thus far. Each of the Judges of this Court who has ruled so far in the SNF cases has denied the Government's partial summary judgment motion with respect to Greater Than Class C ("GTCC") waste,[2] and each Judge who has ruled has rejected the Government's argument in its acceptance rate partial summary judgment motion that, as a matter of law, the rate at which the Government is obligated to accept SNF is 900 metric tons per year. The only disparity on that motion is that while two Judges concluded that a trial is necessary to determine the acceptance rate applicable to the Standard Contract,[3] in one case the Judge accepted the utility's position that the acceptance rate should be 3,000 metric tons per year as a matter of law.[4]

*Second*, the Government's contention that a stay is necessary to avoid burdensome and duplicative discovery fares no better. As set forth above, Energy Northwest does not object to

---

[2] In two of the cases, the Judges denied the Government's GTCC motion as not ripe. *Commonwealth Edison Co. v. United States,* No. 98-621C, 6/10/03 Order at 6-10; *Indiana Michigan Power Co. v. United States*, No. 98-486C, 6/27/03 Order at 24. In the Yankee cases, the Court denied the motion because there were contested material factual issues. *Yankee Atomic Electric Co. v. United States,* No. 98-126C, 6/26/03 Order at 4.

[3] *Commonwealth Edison,* 6/10/03 Order at 10-23; *Yankee Atomic*, 6/26/03 Order at 2-3.

[4] *Indiana Michigan*, 6/27/03 Order at 18-24.

the Government's request for coordinated discovery regarding rate and schedule issues, provided, however, that discovery proceeds in an efficient manner. Therefore, it should not be necessary for the Government's witnesses to be deposed multiple times. In addition, Energy Northwest may agree to forego depositions of certain DOE and former DOE employees and contractors regarding those issues assuming the Government is willing to stipulate that Energy Northwest can use the deposition testimony of those witnesses that occurred in previous SNF cases in the same manner and to the same extent as deposition testimony in this case. There is no merit, therefore, to the Government's contention that a stay is necessary to avoid duplicative discovery.

**Energy Northwest Will Suffer Unnecessary Harm**
**From The Stay Requested By The Government**

While the Government will not suffer hardship or inequity in being required to go forward, it is clear that Energy Northwest will suffer unnecessary harm if the Court were to issue a stay in this matter. Granting the Government's requested stay would unnecessarily delay this litigation. By now, the Government is thoroughly familiar with its own position on the allegations in Energy Northwest's Complaint and, therefore, there is no reason why it cannot answer the Complaint at this time. Furthermore, there are individual issues that will arise in this case irrespective of the outcome of the three cases set for trial. The nature of the damages being sought by each of the utilities in the SNF cases is as varied as the number of cases currently pending before the Court. Energy Northwest's damage claim is dependent on the unique factual circumstances that exist for Energy Northwest, and consequently, there are innumerable individualized factual determinations which will have to be made to evaluate Energy Northwest's damages in this case.

Despite these facts, the Government has not advanced a single reason why discovery cannot – or should not – proceed at this time. As with any case, the passage of time causes the evidence to grow stale, memories to fade, and witnesses to become unavailable. *See Cherokee Nation*, 124 F.3d at 1418 (holding that plaintiffs had a "compelling interest in proceeding with their suit without delay" because, among other things, "[w]ith the passage of time, memories will fade, litigation costs will balloon and resolve will dwindle"). There is no just reason for delaying discovery on, and the ultimate determination of, these issues, which will need to occur regardless of the outcome of the three cases set for trial.

Finally, the Motion is inconsistent with at least the spirit of the order this Court entered on January 30, 2004 lifting the stay that applied to certain previously-filed SNF cases that had been stayed by the Court's previous April 16, 2003 order. In that order, the Court denied the Government's motion to consolidate as to certain issues in the then-filed SNF cases and permitted all of those cases to proceed before the individual Judges assigned. Energy Northwest respectfully submits that there is no reason to treat this case differently.

## CONCLUSION

For the foregoing reasons, Energy Northwest respectfully requests that this Court deny the Government's motion for a stay, and allow this case to proceed with a coordinated process for discovery.

Respectfully submitted,

s/ Norman M. Hirsch
NORMAN M. HIRSCH
Jenner & Block LLP
One IBM Plaza
330 N. Wabash
Chicago, IL 60611
(312) 923-2782 telephone
(312) 840-7782 facsimile

COUNSEL FOR PLAINTIFF
ENERGY NORTHWEST

Of Counsel:

David A. Handzo
Jenner & Block LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 639-6000

William D. Heinz
Donald R. Cassling
Lisa M. Eddington
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

Dated: March 25, 2004

**Certificate of Filing**

I hereby certify that on this 25th day of March 2004, a copy of the foregoing Energy Northwest's Response To Defendant's Motion To Stay All Proceedings Or, In The Alternative, For Coordinated Discovery Regarding Rate And Schedule Issues, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Norman M. Hirsch
Norman M. Hirsch