**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-0010C |
| v. | ) | Chief Judge Damich |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint that plaintiff, Energy Northwest, filed in Docket No. 04-0010C, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 are Energy Northwest's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 1. Denies the allegations contained in the third sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the fourth and fifth sentences of paragraph 1 that the Department of Energy ("DOE") has not yet begun the disposal of spent nuclear fuel and high-level radioactive waste (collectively, "SNF") under the standard contract published at 10 C.F.R. § 961.11 and that DOE has stated that it anticipates it will not be able to begin SNF disposal until 2010 (see 60 Fed. Reg. 21793, 21794 (May 3, 1995)); the remaining allegations contained in the fourth and fifth sentences of paragraph 1 are Energy Northwest's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. The allegations contained in the first sentence of paragraph 3 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence to the extent supported by the court decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 3.

4. Denies the allegations contained in paragraph 4 for lack of knowledge of information sufficient to form a belief as to their truth.

5. Admits.

6. The allegations contained in paragraph 6 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, defendant admits the allegation that the Department of Energy is a cabinet-level agency of the Executive Branch and admits the remaining allegations contained in paragraph 6 to the extent supported by the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270; defendant otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in the first sentence of paragraph 7. Denies the allegations contained in the second sentence of paragraph 7 for lack of information or knowledge sufficient to form a belief as to their truth; avers that the phrase "indefinite period" is undefined.

8. The allegations contained in paragraph 8 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 are conclusions of law and plaintiff's

characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

10. Denies the allegation contained in the first sentence of paragraph 10 that the Government, alone and without industry involvement, "developed" the standard contract cited; specifically avers that the terms of the standard contract cited were developed by both the Government and the nuclear utility industry, including individual nuclear utilities and future contract holders in joint consultation. Admits that allegations contained in the second sentence of paragraph 10 to the extent supported by the standard contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the standard contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in the first sentence of paragraph 12 to the extent supported by the standard contract cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 12. Admits the allegations contained in the second sentence of paragraph 12 . Admits the allegations contained in the third and fourth sentences of paragraph 12 to the extent supported by the standard contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third and fourth sentence of paragraph 12. Denies the allegation contained in the fifth sentence of paragraph 12. Admits the allegations contained in the sixth sentence of paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the standard contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270, and the Office of Civilian Radioactive Waste Management documentation cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 14.

15. The allegations contained in paragraph 15 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. Admits the allegations contained in paragraph 17 to the extent supported by the Federal Register notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the petition for review cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the announcement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the

petition cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. The allegations contained in paragraph 24 are conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are admitted to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise they are denied.

25. Admits the allegations contained in paragraph 25 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. The allegations contained in paragraph 26 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

27. Admits the allegation contained in paragraph 27 that DOE has not yet begun the disposal of SNF under the standard contract published at 10 C.F.R. § 961.11 and that DOE has stated that it currently anticipates it will not be able to begin SNF disposal until 2010 (see 60 Fed. Reg. 21793, 21794 (May 3, 1995)); the remaining allegations contained in paragraph 27 are plaintiff's characterization of this action to which no response is required; to the extent that they

may be deemed allegations of fact, they are denied.

28. Admits the allegations contained in paragraph 28 to the extent supported by the court decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 28.

29. Denies.

30. Denies.

31. The allegations contained in paragraph 31 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

32. Defendant's responses to paragraphs 1 through 31 of the complaint are incorporated by reference.

33. The allegations contained in paragraph 33 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

34. Admits the allegations contained in the first sentence of paragraph 34 to the extent supported by the decisions issued by the courts of appeals in Indiana Michigan Power Co. v. United States, 88 F.3d 1272 (D.C. Cir. 1996); Northern States Power Co. v. United States Department of Energy, 128 F.3d 754 (D.C. Cir. 1997)); Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336 (Fed. Cir. 2000); and, Northern States Power Co. v. United States, 224 F.3d 1361 (Fed. Cir. 2000); otherwise denies the allegations contained in the first sentence of paragraph 34. Admits the allegation contained in the second sentence of paragraph 34 that DOE has stated that it currently anticipates it will not be able to begin SNF disposal until 2010 (see 60 Fed. Reg. 21793, 21794 (May 3, 1995)); the remaining allegations contained in the second

sentence of paragraph 34 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

35. Denies.

36. Defendants' responses to paragraphs 1 through 31 of the complaint are incorporated by reference.

37. The allegations contained in paragraph 37 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the standard contract cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 37.

38. The allegations contained in paragraph 38 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

39. The allegations contained in paragraph 39 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; avers that the DOE has not accepted any commercial spent nuclear fuel and/or high-level radioactive waste under the auspices of the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270.

40. Denies.

41. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 40, or to any relief whatsoever.

42. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed and grant defendant such other and further relief as the Court may

deem just and proper.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

August 6, 2004