IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ENERGY NORTHWEST,

Plaintiff,

v.

UNITED STATES,

Defendant.

No. 04-10C
(Chief Judge Damich)

DEFENDANT'S MOTION FOR ENTRY OF
AN E-MAIL PRESERVATION ORDER AND A STIPULATED ORDER
GOVERNING REVIEW OF THE "RECORD INFORMATION SYSTEM" DATABASE

Pursuant to the parties' discussion with the Court on July 13, 2006, and in accordance with the Court's order dated July 17, 2006, defendant, the United States, respectfully requests that the Court enter the attached proposed orders -- an e-mail preservation order and an order governing access to the "Record Information System" ("RIS-Web") database -- in this case.[1] By order dated July 17, 2006, the Court directed that the parties file proposed orders regarding access to the Government's record information system in the SNF litigation and the preservation of e-mail communications. Plaintiff, Energy Northwest, does not oppose the entry of these two orders in this case.

The proposed e-mail preservation order essentially incorporates the e-mail plan adopted in the course of the coordinated discovery proceedings, which Judge Sypolt entered in the spent

[1] Pursuant to paragraph 1 of the Court's order dated July 17, 2006, we are also to file a proposed protective order with the Court today. However, because defendant, following review of other protective orders in the spent nuclear fuel cases, determined that a slight modification of an order upon which the parties had concurred needed to be made, defendant is seeking, by separate unopposed motion, an enlargement of seven days within which to file the proposed protective order.

nuclear fuel cases involved in those proceedings, and limits the parties' obligations to preserve e-mail to certain backup tapes. It also establishes a cost sharing procedure for searching any such tapes. Defendant believes that the proposed order will save substantial litigation costs, promote efficiency in the prosecution of the case, and reduce discovery disputes. Since the e-mail plan was adopted by Judge Sypolt on November 8, 2001, in the coordinated discovery proceedings, the same or substantially similar proposed order has been entered in approximately 14 other spent nuclear fuel cases.

The order governing access to the RIS-Web databases maintained by the Department of Energy's Office of Civilian Radioactive Waste Management simply provides access to the database to counsel for the SNF plaintiffs, but enables the Government to conduct a privilege review for any documents that are selected for production. This proposed order is the same as the order entered by Judge Sypolt on February 1, 2002, in the coordinated discovery proceedings. This Court also entered this order on May 21, 2003, in Consumers Energy Co. v. United States, No. 02-1894C (Fed. Cl.).[2] Energy Northwest agrees to the entry of the proposed order governing access to the RIS-Web databases to enable Energy Northwest's counsel to access the RIS-Web, but reserves all of its rights in doing so. In particular, Energy Northwest expressly reserves the right to assert that the Government's providing counsel access to the RIS-Web does not fulfill the Government's obligations under Rule 34 for a variety of reasons. Those reasons include, without limitation, that under Rule 34, Energy Northwest should not be required

---

[2] The Government also moved for entry of these three orders in Southern California Edison Company v. United States, No. 04-109C (Fed. Cl.), and PPL Susquehanna v. United States, No. 04-70C (Fed. Cl.), by motions dated September 8, 2004. Because these cases have been stayed since the filing of those motions, the orders have not yet been entered in those cases.

to search for documents responsive to its requests, and even if that were otherwise proper, based on counsel's experience in another SNF case, the RIS-Web search capability does not function properly to permit Energy Northwest meaningful access to the documents.

Defendant disputes Energy Northwest's position that defendant, by making the RIS-Web available to Energy Northwest and assisting Energy Northwest in accessing and searching that database, has not complied with RCFC 34. Pursuant to RCFC 34(b), defendant, in response to a request for the production of documents, "shall produce [documents] as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Because employees of the Department of Energy's Office of Civilian Radioactive Waste Management are directed to forward all Federal records to the RIS-Web, and because the RIS-Web is an regularly-maintained electronic file of OCRWM's files, defendant's position is that it is entitled to provide Energy Northwest with access to the RIS-Web under the provision of RCFC 34(b) that permits production of documents "as they are kept in the usual course of business." Defendant disagrees with Energy Northwest's apparent position that defendant, in response to the extremely broad document production requests with which it has been served in the spent nuclear fuel litigation, is obligated to search the RIS-Web to locate all responsive documents each time a document production request is served, particularly given that, under their literal terms, many prior document production requests could involve thousands if not millions of documents.

Nevertheless, because the parties agree that Energy Northwest should have access to the RIS-Web, the Court need not resolve this dispute at this time. To the extent that it becomes necessary to seek the Court's involvement, the parties will notify the Court. At this time, the

parties request entry of the RIS-Web order, which would permit Energy Northwest access to the RIS-Web if it chooses to conduct searches on it but, simultaneously, would protect the Government's right to assert privilege over documents in the RIS-Web that have not yet been reviewed for privilege.

For the foregoing reasons, defendant respectfully requests that the Court enter the attached proposed orders in this matter.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

August 4, 2006 Attorneys for Defendant

# ATTACHMENT 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ENERGY NORTHWEST,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | No. 04-10C<br>(Chief Judge Damich) |

E-MAIL PRESERVATION ORDER

For good cause shown, the Court hereby orders the adoption of the salient provisions of the E-mail Plan utilized in the coordinated discovery proceedings, as follows:

1. Except as described in paragraph 2 below, the parties have no preservation or retention requirements with respect to e-mail communications and electronic records for this case.

2. The parties shall preserve any e-mail back-up tapes that exist from the 1988-1996 time period which may potentially contain relevant information. The Department of Energy will only preserve such tapes to the extent that they are from the Office of Civilian Radioactive Waste Management ("OCRWM").

3. The parties shall evenly share the costs of any searches of any of the backup tapes preserved pursuant to Paragraph 2, which costs should not exceed $15,000 for each tape.

IT IS SO ORDERED.

EDWARD J. DAMICH
Chief Judge

# ATTACHMENT 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENERGY NORTHWEST,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | ) | No. 04-10C<br>(Chief Judge Damich) |

STIPULATED ORDER GOVERNING REVIEW
OF THE DEPARTMENT OF ENERGY'S ELECTRONIC
"RECORD INFORMATION SYSTEM" DATABASE

Upon stipulation of the parties,

IT IS ORDERED that discovery in this action relating to the Department of Energy's electronic “Record Information System” database be governed by the following:

1. This order extends to any type of privilege or protection claimed, although no party at this time necessarily agrees to any other party's interpretation or scope of any privilege or other protection that may be asserted.

2. Each party reserves the right to challenge the assertion, interpretation, or scope of any privilege or other protection claimed by the other party.

3. The parties have agreed that plaintiff in this litigation will be allowed to search electronically for documents relevant to the issues in this case that are currently maintained in an electronic database maintained by the Department of Energy called the Record Information System (“RIS”). By allowing plaintiff in this litigation access to the RIS, defendant will not be considered to have waived any privilege or protection applicable to any document or information contained in or upon that database. After plaintiff in this litigation reviews documents contained

in or upon the RIS and identifies those documents contained therein that it wishes defendant to produce in this litigation, defendant will be entitled to review those documents and withhold from physical production any documents that it deems privileged or subject to protection. Any such documents withheld will be identified on a privilege log. This agreement will not affect the plaintiff's rights to challenge defendant's assertion of privilege or protection, except that plaintiff will not be entitled to assert that defendant has waived any privilege or protection by allowing access to the RIS.

4. Nothing in this order shall prohibit a party from withholding from review and/or production any document covered by any privilege(s) or protection.

IT IS SO ORDERED.

EDWARD J. DAMICH
Chief Judge

CERTIFICATE OF FILING

I hereby certify that on the 4th day of August 2006, a copy of the foregoing "DEFENDANT'S MOTION FOR ENTRY OF AN E-MAIL PRESERVATION ORDER AND A STIPULATED ORDER GOVERNING REVIEW OF THE 'RECORD INFORMATION SYSTEM' DATABASE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.