IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-10C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court grant defendant an additional three months, to and including August 1, 2007, to complete fact discovery in this matter. Currently fact discovery is scheduled to close on May 1, 2007. The United States also requests that the Court modify the remainder of its August 15, 2006 scheduling order accordingly, moving all other scheduled dates by three months. A revised schedule reflecting a three-month enlargement is attached for the Court's review. See Exhibit 1. Defendant has not previously requested an enlargement of time for this purpose. Counsel for plaintiff, David Jimenez-Ekman, provided the following explanation as to the position of the plaintiff on this motion in an e-mail sent to counsel for the Government:

> Counsel for the Government has consulted with counsel for Energy Northwest, who described its position as follows: Energy Northwest acknowledges that an extension of the fact discovery deadline, of the approximate length requested by the Government, is necessary. For the reasons Energy Northwest will describe in its response, Energy Northwest believes that extension can be accommodated by adjusting existing interim deadlines and without changing the trial date. However, if the Court desires and is able to move the trial date a period of between 3 and 6 months, Energy Northwest has no objection to the relief requested by the Government. On the other hand, Energy Northwest does not agree to any postponement of the trial of more than 6 months, and

> respectfully requests to be heard if a move that long is contemplated.

In support of this motion, the Government states as follows. The Government initially served its request for production of documents on November 1, 2006, the first day of discovery. In late November, as the December 4, 2006, deadline for responding to the Government's discovery approached, counsel for plaintiff indicated that plaintiff would not be able to meet the deadline for its response, but would begin producing responsive documents on a rolling basis starting on December 20, 2006, and would serve written objections and responses on January 5, 2007. At that time, the Government advised plaintiff that, in view of its response,

> it may be necessary to seek a corresponding enlargement of the fact discovery period from the Court if it becomes impossible for us to complete fact discovery within the time scheduled. Because we have no idea as to the volume of documents that you will produce, we cannot know if we will need more time to review the discovery, make follow up requests, and then begin depositions. Moreover, given that you are starting your production on the eve of a holiday, we obviously may not be able to start our review in earnest until early January.

Letter from Snyder to Hirsch of 11/30/06 (attached hereto as Exhibit 2). The Government also memorialized its understanding that plaintiff would

> make every effort to produce as many documents as [it was] able on December 20, 2006, instead of pushing the bulk of the production into January, and beyond. Just to be clear, when you state that you are producing on a rolling basis, we are not agreeing to an enlargement for the production of documents that takes months to complete.

Id. Plaintiff did not respond with any contrary understanding.

While plaintiff started its document production in December, 2006, contrary to the Government's understanding, plaintiff has continued to produce documents over the past four

months and is continuing to produce documents. The sheer volume of documents produced by plaintiff since late December has been staggering — more than 850,000 pages to date. Out of those 850,000 pages, plaintiff only produced approximately 850 pages in December, and even that volume was not produced until December 29, 2006. Since that time, plaintiff has made its production in a piecemeal fashion. The highest volume month of plaintiff's production did not take place until March, during which plaintiff produced over 600,000 pages of documents. Moreover, plaintiff has continued to produce substantial numbers of documents into April.

The volume and manner of plaintiff's production, the bulk of which has been provided in the last two months, has posed significant problems for the Government's efforts to review the documents and prepare for depositions prior to the close of discovery.[1] However, these problems have been exacerbated by the fact that the Government has been ordered to undertake a massive production in another case, Dairyland Power Co. v. United States, No. 04-106C (Fed. Cl.). In a very compacted period of time, the Government was required to review for responsiveness and privilege, over 50,000 documents that the Department of Energy and the Nuclear Regulatory Commission gathered in response to that utility's incredibly broad requests for production of documents. Moreover, pursuant to an order issued in that case, the Government has been required to review the entirety of the Government's past productions – over one million pages of documents – to categorize them as they relate to each of Dairyland's specific document

[1] Plaintiff's documents were not produced in any discernible order or in categories that corresponded to defendant's document requests, as plaintiff in Dairyland requested and this Court ordered in that case.

production requests.[2] This work has absorbed incredible amounts of attorney and contractor time and has left few resources available to process and review plaintiff's delayed productions, particularly that portion of it provided in March and April 2007.

Finally, the problems with plaintiff's production and the overwhelming burden of responding to discovery in Dairyland are compounded by the trial schedule of two attorneys who are assigned to assist undersigned counsel with responsibility for this matter, including preparing for and conducting the Government's depositions. Those two attorneys are part of the trial team in the Boston Edison Co. v. United States, No. 99-447C (Fed.Cl.), and thus, will not be available to take depositions during that trial, from June 4 to June 20, 2007, and will have limited availability in May, because of their preparation for trial. In any event, it appears from plaintiff's representation that plaintiff would not oppose an enlargement to the schedule of three months, as long as the trial date is not scheduled beyond three to six additional months.

The Government seeks an enlargement of the entire schedule so that there is ample and appropriate time for each phase of the discovery here, both fact and expert discovery. Considering the volume of documents produced by plaintiff, the time that it has taken to produce those documents and the need of the Government to shift its resources to the Dairyland production, an extension of the entire schedule by three months is entirely reasonable.

For the foregoing reasons, we respectfully request that the Court grant this motion for an enlargement of time and for modification of the Court's August 15, 2006, scheduling order, and adopt our proposed revised schedule attached to this motion.

[2] As part of that effort, we also identified the containers of documents that were responsive to Energy Northwest's specific document production requests.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

April 27, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on April 27, 2007, a copy of the foregoing "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sharon A. Snyder