**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-0010C |
| v. | ) | |
| | ) | Chief Judge Damich |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ENERGY NORTHWEST'S RESPONSE TO**
**GOVERNMENT'S MOTION FOR ENLARGEMENT OF FACT DISCOVERY**

Plaintiff Energy Northwest responds to the Government's motion for an enlargement of the fact discovery period as follows.

As the Government's motion correctly recites, Energy Northwest acknowledges that some extension in the fact discovery period is necessary given the circumstances in this case. In fact, if the Court is able and inclined to do so, Energy Northwest has no objection to adoption of the specific schedule proposed by the Government, which essentially moves all existing deadlines, including the trial date, 90 days into the future. Similarly, if the Court is inclined to grant an extension and can accommodate the parties for a trial up to 6 months after the existing trial date in June 2008, Energy Northwest would have no objection to an adjustment of the schedule of up to 6 months. Energy Northwest submits this response to make two discrete points.

***First***, the extension the Government seeks is not the result of any obstructionist conduct or lack of diligence by Energy Northwest. The principal reason[1] the Government cites for

---

[1]The Government also cites (at 3-4) its obligations in other spent nuclear fuel ("SNF") cases. While we have sympathy for the personal schedules of the attorneys involved and do not believe that it is necessary to address this issue given Energy Northwest's response, we respectfully believe it is incumbent by 2007 on the United States Government to provide adequate resources to litigate the claims against it when, as the Federal Circuit ruled in the *Maine Yankee* case, the

seeking additional time to complete fact discovery (at 2-3) is the pace and volume of the document production by Energy Northwest. It is true, as the Government states, that we have produced approximatley 850,000 pages and that a substantial portion of them were not produced until March 2007. However, Energy Northwest clearly does not control the number of documents that are responsive to the Government's requests. Indeed, the volume of documents we have had to produce is a function of two factors: first, the extraordinarily broad requests the Government served; and, second, the amount of electronic documentation generated and maintained by Energy Northwest. As to the first, we respectfully believe that the majority of the documents requested by the Government will likely prove to be irrelevant to Energy Northwest's claims or the Government's defenses. However, we also recognize the broad scope of permissible discovery, and rather than burden the Court with discovery motion practice, we have gathered, reviewed and produced an immense amount of paper and electronic documents responsive to the Government's requests.

And we have made that production as rapidly as circumstances would reasonably permit – ***at very great expense*** to Energy Northwest. Once the electronic forensic personnel had gathered the electronic data and documents, a team of Jenner attorneys spent more than 9 weeks to review the documents collected for responsiveness and privilege. Ultimately, more than 87,000 documents (with approximatley 850,000 pages) have been determined so far to be not privileged and responsive to the Government's expansive requests.[2] Those documents were produced on a rolling basis, with a substantial number produced in January and February. Meanwhile, as the production was underway, counsel for Energy Northwest and client

---

Government breached its contract ***in 1998*** with an entire industry, resulting in approximately 50 currently pending lawsuits.

[2] We note that the Government is still producing documents in response to our requests as well.

representatives have also been working to provide information on an informal basis to the Government regarding certain accounting procedure questions the Government posed.

In short, while more time is necessary, it is not because of any willful conduct by Energy Northwest or lack of diligence. Indeed, counsel for the parties have worked together on this case (as in the prior two cases counsel has litigated against the Government) extraordinarily well.

***Second***, if the Court is inclined to grant the extension sought but the Court's schedule would require an extension of the trial date of more than 6 months, Energy Northwest respectfully requests an opportunity to be heard at a status on an alternative schedule that changes interim deadlines but preserves intact the existing trial date. As Your Honor knows, in these non-Contract Disputes Act cases, prejudgment interest is not available to Energy Northwest. Given the size of its claim, any lengthy delay in the trial date would be prejudicial to Energy Northwest. Consequently, while we agree that additional time to complete fact discovery is necessary, and that the schedule proposed by the Government – ***if*** it is acceptable to the Court – is one reasonable schedule, we believe that an alternate reasonable schedule that preserves the trial date is preferable to a schedule that postpones a trial for longer than six months.

In particular, if the Court's trial schedule prevents a continuance in the trial date of between 3 to 6 months, we would propose a schedule that shortens the existing expert disclosure deadlines in order to provide more time for fact discovery. The existing schedule provides for ***very*** generous expert disclosure periods: 45 days after the close of discovery for Energy Northwest's disclosures, followed by ***three months*** for the Government to make its responsive disclosures, and another 45 days for Energy Northwest to make its rebuttal disclosures. The following schedule would retain the existing trial date by shortening the period for expert reports for both sides:

| | |
|---|---|
| Completion of Fact Discovery | 8/1/07 |
| Submission of Plaintiff's Expert Reports | 8/24/07 |
| Submission of Defendant's Expert Reports | 10/24/07 |
| Rebuttal Expert Reports | 11/21/07 |
| Completion of Expert Discovery | 12/21/07 |
| Meeting of Counsel | 2/29/08 |
| Pre-Trial Conference | 5/16/08 |
| Trial Begins | 6/03/08 |

Counsel for the Government has indicated that the Government objects to any schedule, like that listed above, that shortens the time in the existing schedule for it to submit expert reports. However, if the Court is not able or amenable to postponing the existing trial date less than 6 months, we respectfully request that the Court set a telephonic or in-person status conference to discuss this alternative option.

Dated: May 2, 2007

Respectfully submitted,

s/ Norman M. Hirsch
NORMAN M. HIRSCH
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 923-2782 telephone
(312) 840-7782 facsimile

OF COUNSEL:

David A. Handzo
Jenner & Block LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 639-6000

William D. Heinz
David Jiménez-Ekman
Christopher Tompkins
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May 2007, a copy of the Foregoing *Energy Northwest's Response To Government's Motion For Enlargement Of Fact Discovery* was filed electronically with the Court's CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Norman M. Hirsch