**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-0010C |
| v. | ) | |
| | ) | Chief Judge Damich |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**WITHHELD UNDER THE "DELIBERATIVE PROCESS" PRIVILEGE**

Plaintiff Energy Northwest respectfully moves this Court to compel the Defendant the United States to produce certain documents withheld under claim of the "deliberative process" privilege that Judge Hewitt and Your Honor have ordered produced in other spent fuel cases. In support of this motion, Energy Northwest states:

1. On April 27, 2006 and May 14, 2006, Judge Hewitt, presiding over the *Pacific Gas & Electric Co. v. United States* (Nos. 04-74C; 04-75C) spent fuel case, ordered the Government to produce a number of documents previously withheld from the Government's productions to utility plaintiffs under the deliberative process privilege. (*See* Case No. 04-74C, April 27, 2006 Order and May 14, 2006 Order.)

2. As noted in the May 14, 2006 Order, Judge Hewitt concluded that a plaintiff needs to make "a showing of evidentiary need . . . that outweighs the harm that disclosure of such information may cause to the defendant." (May 14, 2006 Order at 2) (quoting *Alaska v. United States*, 16 Cl. Ct. 5, 11 (1988)). In both orders, Judge Hewitt found that PG&E's need for

these documents was more compelling than the Government's need to protect them. (*Id.* at 2-5; April 27, 2006 Order at 14-15.)[1]

3. On January 18, 2007, the Plaintiff in *Dairyland Power Cooperative v. United States* (No. 04-106C), pending before this Court, filed a Motion to Compel Production of Documents Withheld Under the "Deliberative Process" and Attorney-Client Privileges. That motion asked the Court to compel the Government to produce the same documents Judge Hewitt ordered produced in *PG&E*, along with a number of additional documents that Judge Hewitt declined to order produced. The spent fuel plaintiff in *Dairyland* cited procedural problems with the Government's invocation of the deliberative process privilege, the failure of the Government to meet its burden of establishing the privilege, and the fact that Dairyland's evidentiary need for the documents outweighs the Government's interest in confidentiality.

4. On June 29, 2007, Your Honor issued an Opinion and Order on the motion to compel in *Dairyland*. While Your Honor did not accept Dairyland's claim that there were procedural problems with the Government's assertion of the privilege, Your Honor observed that "[i]n evaluating the applicability of the deliberative process privilege, this Court will consider whether Plaintiff's evidentiary need is sufficient to outweigh the Government's interest in confidentiality." (*Id.* at 5) (citing *Marriot Int'l Resorts, L.P. v. United States*, 437 F.3d 1302 (Fed. Cir. 2006)). Applying this standard, Your Honor ordered the Government to produce many of the same documents Judge Hewitt ordered produced in her May 14, 2006 Order. (*See* Case No. 04-106C, June 29, 2007 Order.)

---

[1] A list of the documents Judge Hewitt ordered produced in the April 27 and May 14, 2006 orders in *PG&E* appears on Exhibit A. The document numbers on Exhibit A refer to the reference numbers on the "Table of Challenges" filed by the Plaintiff in *PG&E*. Energy Northwest is providing its own Table of Challenges, which uses the same reference numbers, but which only includes documents that Energy Northwest is seeking with this motion. That table is attached as Exhibit B.

5. In addition, Your Honor identified a number of other documents for which the plaintiff's need could not be adequately weighed against the Government's interest in confidentiality based on privilege log entries alone, and ordered the Government to provide those documents to the Court for *in camera* inspection. (*Id.* at 31.)[2]

6. On January 18, 2007, Energy Northwest propounded its First Set of Requests for Production of Documents to the United States. (First Set of Requests for Production & Government Responses, attached as Exhibit C.) Those document requests sought production of a number of categories of documents relevant to issues in this case, including acceptance rate. In addition, Request No. 3 sought: "Any and all documents produced to Pacific Gas & Electric Company ("PG&E") in response to the court's orders of March 14, 2006, March 15, 2006 and May 14, 2006 on plaintiff's motion to compel filed in *PG&E v. United States*, (Fed. Cl. Nos. 04-74 and 04-75), or any other order in that case requiring the Government to produce documents."

7. On March 9, 2007, the Government served a written response to Energy Northwest's production requests which repeatedly referenced the Government's previous production of documents in other spent fuel cases. In addition, the Government responded to Request No. 3 seeking the documents ordered produced in *PG&E* as follows:

> Defendant objects to this production request because it purports to require the Government to produce documents that are subject to the deliberative process privilege. In Pacific Gas & Electric Co. v. United States, Nos. 04-0074C & -0075C (Fed. Cl.), the Court ordered the Government to produce certain documents that were subject to the deliberative process privilege upon plaintiff's showing of a substantial need for the documents that the Court found outweighed the Government's need for production. However, the Court ordered that the documents were to be produced only in the PG&E case, eliminating any waiver of the deliberative process privilege in other cases where no showing of

[2] A list of the documents this Court ordered the Government to produce, and provide for *in camera* inspection in its June 29, 2007 Order is also reflected on Exhibit A.

need outweighing the Government's need for protection has been made.

8. Without reiterating the arguments made at length in the *PG&E* case, or in Dairyland's motion, Energy Northwest similarly has an evidentiary need for the withheld documents that outweighs the Government's need for protection.[3]

9. With this motion, Energy Northwest asks the Court to compel production of most of the documents ordered produced by Judge Hewitt and Your Honor. Specifically, with the exceptions of certain documents noted below, Energy Northwest seeks to compel production of (1) the documents that the Government was previously ordered to produce by Judge Hewitt on April 27, 2006 and May 14, 2006 (the "Produced PG&E Documents") (2) the documents Your Honor ordered the Government to produce in the Court's June 29, 2007 Order (the "Produced Dairyland Documents"), and (3) any documents Your Honor orders produced in *Dairyland* in the future after the *in camera* inspection called for in the June 29, 2007 Order. Because the documents considered in the orders in *PG&E* and *Dairyland* do not precisely overlap, and because Energy Northwest is not requesting production of certain documents considered in those orders that do not appear relevant to its case, Energy Northwest has prepared its own table of challenges which is attached as Exhibit B (the "Combined DP Production").[4] Exhibit B uses the reference number first assigned each document in the *PG&E* case, includes the privivilge log

---

[3] Energy Northwest expressly adopts the arguments made by Dairyland in its Motion to Compel Production of Documents Withheld Under the "Deliberative Process" and Attorney Client Privileges, filed 1/18/07, Case No. 04-106C.

[4] Similar to Dairyland, Energy Northwest does not request production of any of the documents related to Greater than Class C waste ("GTCC"), which Energy Northwest believes is not at issue in this case. In addition, Energy Northwest is not seeking production of documents 105-107, 289, 300, and 302 because they do not appear relevant to Energy Northwest's case. Energy Northwest understands that certain documents Judge Hewitt ordered produced in *PG&E* (documents 132, 223, 282, 285, 286 and 325) are not addressed in the June 29 *Dairyland* Opinion and Order. Energy Northwest requests that any such documents be produced as a result of this motion.

entry for the document, and identifies previous orders in *PG&E* and *Dairyland* regarding that document.

10. Based upon the Court's description in the June 29, 2007 Order, many of the documents in the Combined DP Production appear to relate to the projected acceptance rates the Department of Energy has used, or is currently planning on using, in its SNF acceptance plans.[5] The Government has unquestionably placed acceptance rates at issue in the instant case, arguing extensively in its motion for summary judgment that Energy Northwest had not suffered any harm at the acceptance rate the Government asserts governs this case. (*See* Defendant's Response to the Court's Order to Show Cause and Defendant's Motion for Summary Judgment, No. 04-0010, at 7-17.)

11. Given that the Government has placed the acceptance rate for spent fuel at issue in the Energy Northwest case, it is clear that Energy Northwest has an independent need to see the Combined DP Production. The Government has no basis for any claim that these documents are relevant to PG&E and Dairyland, but not relevant to Energy Northwest.

12. In addition, many of the documents in the Combined DP Production appear to involve a variety of issues ranging from the potential use of Yucca Mountain as a repository to waste transportation and storage issues. Because many of the issues relevant to the Energy Northwest case overlap with the issues relevant to the *PG&E* and *Dairyland* cases, Energy Northwest shares an evidentiary need to have access to this information. For example, some of the documents relate to DOE's plan for waste acceptance in the future, such as potential plans for interim storage of SNF. The Government has put these documents directly at issue by arguing in

[5] One document (Ref. No. 123) that Judge Hewitt ordered the Government to produce relates to the storage costs for spent fuel. Storage costs are also a critical component of the damages in the instant action involving Energy Northwest.

its Motion for Summary Judgment in this case that DOE may begin acceptance of SNF sometime in the future and "catch up" to the level of acceptance that would have existed without a breach. (*See* Defendant's Response to the Court's Order to Show Cause and Defendant's Motion for Summary Judgment, No. 04-0010, at 17.) Given that the Government has placed the acceptance rates and other related issues in dispute in this case and Energy Northwest has no meaningful alternative method of accessing the information contained in the Combined DP Production, the Court should order the Government to produce the documents to Energy Northwest.

13. Moreover, Your Honor's June 29, 2007 Order repeatedly acknowledges that the potential chilling effect on Government employees from disclosure of documents to Dairyland was minimized by the fact that the same information had already been disclosed to PG&E. As the Court explains throughout the decision: "It is unlikely that redisclosure of this document in this case under the amended protective order will result in any additional future timidity by government employees." (*See* Order at 13-29.)

14. Energy Northwest is willing to consent to an amended protective order that would limit the use of the Combined DP Production to the Energy Northwest case. As such, the equities of producing the documents here are even more compelling than in *Dairyland*. At this juncture, yet another plaintiff has seen or will see the documents and therefore the already diminished chilling potential is even further reduced.

15. While it reserves the right to do so later, in this motion, Energy Northwest does not attack the procedural propriety of the Government's privilege claims. Rather, Energy Northwest's limited request is that that Court order the Government to turn over the Combined DP Production because Energy Northwest's evidentiary need to examine the documents outweighs the Government's need to protect them in this case.

16. To the extent, after conducting its *in camera* review in *Dairyland*, the Court orders additional documents produced to Dairyland, Energy Northwest respectfully requests the Court order production of those documents to Energy Northwest as well.[6]

17. In accordance with RCFC 37(a)(2)(B), on March 19, 2007 counsel for Energy Northwest conferred by telephone with counsel for the Government with respect to its objection to Energy Northwest's production request. During that telephone call, counsel for the Government, Harold D. Lester, indicated that the Government declined to produce these documents. On June 28, 2007, prior to filing this motion, Norman M. Hirsch, counsel for Energy Northwest, spoke with Sharon Snyder, counsel for the defendant, and confirmed that this was still the Government's position.

[6] It appears this Court will review eight documents (196, 202, 212, 220, 233, 268, 287, and 290) *in camera* which were apparently produced *PG&E* in redacted form, and which *Dairyland* now requests that the Court order produced in their entirety. Energy Northwest also joins in *Dairyland's* request for production of unredacted versions of these documents, but requests production of redacted versions should this Court determine the redactions were proper. In addition, it appears that this court will review two documents (260, 283) *in camera* which were also ordered produced by Judge Hewitt in *PG&E*. Energy Northwest respectfully requests an order requiring the Government to produce these documents.

WHEREFORE, Plaintiff, Energy Northwest, respectfully requests that the Court order the Defendant to produce the documents the Government previously turned over pursuant to Judge Hewitt's April 27, 2007 and May 14, 2006 Order in *PG&E* and this Court's June 29, 2007 Order in *Dairyland v. United States*, as well as any documents the Court subsequently orders produced in *Dairyland v. United States* pursuant to its *in camera* review.

Dated: July 13, 2007

Respectfully submitted,

s/ Norman M. Hirsch
NORMAN M. HIRSCH
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 923-2782 telephone
(312) 840-7782 facsimile

OF COUNSEL:

David A. Handzo
Jenner & Block LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 639-6000

William D. Heinz
David Jiménez-Ekman
Christopher Tompkins
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of July, 2007, a copy of the foregoing *Motion To Compel Production of Documents Withheld Under The "Deliberative Process" Privilege* was filed electronically with the Court's CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Norman M. Hirsch