# EXHIBIT C

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENERGY NORTHWEST,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-10C<br>(Chief Judge Damich) |

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, provides the following response to Plaintiff's First Set of Requests for Production of Documents.

GENERAL OBJECTIONS

1. Defendant objects to each and every production request to the extent that it calls for the disclosure of material or information that is subject to any claim of privilege or protection, including without limitation, the attorney-client privilege, the work-product doctrine, or any Government privilege. Defendant will not produce privileged or protected documents, materials or information in response to the document requests. The inadvertent production by defendant of documents protected by the attorney-client privilege, or any other privilege, shall not constitute a waiver of the applicable privilege or protection as to any document so produced, or as to any other document.

2. Defendant objects to the instructions and definitions incorporated by reference into plaintiff's document requests to the extent that such instructions and definitions attempt to impose obligations on defendant other than those imposed by RCFC 26 and 34, the Court's prior

orders, and any protective or preservation order the Court may impose in the future, including but not limited to:

a. The definition of "DOE" or "Government" contained in paragraph A.3. is objectionable to the extent it seeks to impose obligations beyond those contained in RCFC 34(a). Defendant will produce or make available for inspection those documents within its possession, custody or control.

b. The instructions contained in paragraph B.1. are objectionable to the extent that they seek to impose requirements beyond those contained in RCFC 26(e)(1) - (3). Defendant will seasonably supplement its responses only to the extent required by RCFC 26(e).

c. The instructions contained in paragraph B.3. are objectionable regarding the information to be provided in the Government's claims of privilege. To the extent that it has not already done so, the Government will prepare a privilege log that contains sufficient information to support the Government's assertion of privilege over the documents identified.

d. The instructions contained in paragraph B.5. to the extent that plaintiff seeks responses that contain information properly addressed in a motion under RCFC 37.

e. The instructions contained in paragraph B.6. to the extent that plaintiff seeks the disclosure of information that is subject to the attorney-client privilege or work product doctrine, and that this instruction is overbroad to the extent that it seeks to impose obligations beyond those contained in RCFC 34(a). Defendant will produce or make available for inspection those documents within its possession, custody, or control.

3. The Government objects to these requests to the extent that they require the Government to search for documents available on the Record Information System database

("RIS-Web") that the Office of Civilian Radioactive Waste Management ("OCRWM") maintains and to produce any responsive documents found there. The Government makes this database available to Energy Northwest, and the burden to search for and request documents is the same for Energy Northwest as it is for the Government. Accordingly, the Government will not undertake any searches of the RIS-Web in response to these production requests or produce any documents responsive to these requests that may be found there.

4. Defendant objects to these requests to the extent that they require the Government to produce documents that are publicly available. Publicly available documents would include documents available through websites maintained by either the Department of Energy ("DOE") or the Nuclear Regulatory Commission ("NRC") or available from the public document room maintained by the NRC. To the extent that documents are available from these sources, the Government will not undertake the effort to produce them.

5. Defendant objects to the production requests upon the grounds and to the extent that, by them, Energy Northwest seeks to have defendant make certain legal conclusions and/or conclusions as to the legal significance of certain documents and/or events which it is not required to make.

6. Defendant objects to the production requests upon the grounds and to the extent that, by them, Energy Northwest seeks from defendant information prepared and/or developed in anticipation of litigation and/or for trial.

7. Defendant objects to the production requests upon the grounds and to the extent that, by them, Energy Northwest seeks the discovery of information which is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendant objects to the production requests upon the grounds that the manner in which they are worded, when read with their definitions and general instructions, are so vague, broad, general, and all inclusive that they do not permit a proper or reasonable response and are, therefore, unduly burdensome and oppressive.

9. Defendant objects to the production requests upon the grounds that, by them, Energy Northwest seeks to require defendant to make legal conclusions and/or conclusions concerning the legal significance of certain documents and/or events which must be determined by the United States Court of Federal Claims in this action and upon the grounds that, to respond to them, the defendant would be required to make an extensive investigation, research, compilation, and evaluation of data and records in its possession, which would constitute annoyance, harassment, oppression, undue burden and undue expense to defendant.

10. Defendant objects to any inference that can be drawn from any portion of the request for production or the responses to them that the documents requested or events referred in the requests actually exist or occurred. The failure to object to each such inference in no way constitutes an admission by defendant that such information exists or that such events actually occurred.

11. The objections set forth above apply to each paragraph of Energy Northwest's requests for production of documents.

12. Without waiving the above objections, defendant will provide relevant, non-privileged information and documents currently available to it, subject to the requirements for supplementation of responses contained in the Rules of the United States Court of Federal Claims.

DEFENDANT'S RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:

Any and all documents produced to any Utility Plaintiff in any Spent Fuel Litigation.

RESPONSE:

Defendant objects to this production request as tremendously broad and unduly burdensome in that it asks the Government to produce its responses to numerous requests that are incorporated by reference to "any Utility Plaintiff in any Spent Fuel Litigation." Although defendant has previously made the bulk of documents that it has produced to other plaintiffs in other spent nuclear fuel cases available to the plaintiff here, Energy Northwest, on the Government's production website, there are certain limited numbers of document collections that are relevant only to particular plaintiffs, some of which involve proprietary or confidential information associated with those particular plaintiffs, that have no relevance to any possible issue in this case, and we have not produced those collections to all of the spent nuclear fuel plaintiffs. Because those collections are not relevant here, defendant objects to plaintiff's request that the Government produce them to Energy Northwest. Plaintiff successfully opposed consolidation of this case with other spent nuclear fuel cases, presumably because it did not believe that this case was sufficiently similar to other spent nuclear fuel cases is justify consolidation; given the absence of consolidation, no assumption can exist that all material produced in any other spent nuclear fuel case is automatically relevant to this case. Further, defendant objects to this request to the extent that it purports to require defendant affirmatively to produce copies of documents to Energy Northwest that defendant has already made available to

Energy Northwest either on the Government's document production website or through the RIS-Web; those documents are available to plaintiff, and defendant will not provide additional copies of those documents to plaintiff. Finally, defendant further objects to Energy Northwest's attempt to seek production of documents simply by incorporating by reference production requests made in other proceedings before the Court, as such requests violate the spirit of RCFC 34, which requires that a party make its requests with "reasonable particularity." Pursuant to this rule, Energy Northwest should formulate any necessary document production requests itself, for documents that are relevant to this case, so that the Court may be made aware of the breadth and burden imposed by Energy Northwest's requests as well as their relevance to the issues in this case. Defendant further incorporates by reference all objections and responses that it made in response to the document production requests cited in this production request.

Without waiving these objections, defendant responds that it has previously produced to plaintiff's counsel documents responsive to this request, with the exception of (1) those materials subject to RCFC 26(a)(2) and (b)(4) and Rules 702, 703, and/or 705 of the Federal Rules of Evidence from other spent nuclear fuel cases before the United States Court of Federal Claims; (2) materials that are relevant only to a particular plaintiff in a particular spent nuclear fuel case; and (3) materials that are available to plaintiff on the RIS-Web. To the extent that defendant produces additional documents to plaintiffs in other spent nuclear fuel cases that are not case-specific and are relevant to this case that defendant has not previously made available to Energy Northwest, defendant anticipates that it will load those documents onto the Government's production website, with notice to counsel for plaintiff that new documents have been loaded.

REQUEST NO. 2:

Any and all documents responsive to (a) Utility Plaintiff's Joint First Set of Requests for Production of Documents served on or about September 26, 2001; and/or (b) Plaintiffs' Second Set of Requests for Production of Documents served on or about November 18, 2003 by Commonwealth Edison Company; and /or (c) Plaintiff's First Request for Production of Documents served on or about March 30, 1998 by Yankee Atomic Electric Company; and/or (d) Plaintiffs' Second Request for Production of Documents served on or about April 19, 2002 by Yankee Atomic Electric Company, including, without limitation, any document responsive to such requests created or located subsequent to the Defendant's latest production to any Utility Plaintiff.

RESPONSE:

Defendant objects to this production request as tremendously broad and unduly burdensome in that it asks that the Government produce its responses to four different production requests that are incorporated by reference. These requests include numerous separate requests for production of documents that have been previously served in three separate proceedings before the Court, the coordinated schedule proceedings, Commonwealth Edison Co. v. United States, No. 98-621C (Fed. Cl.), and Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.). In light of Energy Northwest's successful opposition to consolidation of the spent nuclear fuel cases, Energy Northwest has no basis upon which to claim that every single document responsive to document production requests in other spent nuclear fuel cases are automatically relevant to this case. Defendant further objects that Energy Northwest cannot seek production of documents simply by incorporating by reference production requests made in other

proceedings before the Court. Such requests violate the spirit of RCFC 34, which requires that a party make its requests with "reasonable particularity." Pursuant to this rule, Energy Northwest should formulate the document requests itself so that the Court may be made aware of the breadth and burden imposed by Energy Northwest's requests as well as their relevance to the issues in this case. In addition, defendant objects to this production request to the extent that it seeks documents served in response to the document production requests in Yankee Atomic and Commonwealth Edison that Energy Northwest seeks to incorporate by reference because the requests were tied to specific pretrial filings produced in those cases or were not formal discovery requests. Defendant further incorporates by reference all objections and responses that it made in response to the document production requests cited in this production request. Defendant further objects to the extent that Energy Northwest cannot use this production request to require the Government to revisit any agreements or limitations on search or production obligations to which the parties may have agreed to in those proceedings.

Without waiving these objections, defendant responds that it has previously produced to plaintiff's counsel those documents that were previously produced as responsive to the requests propounded in the coordinated discovery proceedings, Commonwealth Edison Co. v. United States, No. 98-621C (Fed. Cl.), and Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.). Because of the numerosity of the document production requests in those other proceedings, and because of objections that we lodged to many of the production requests in those proceedings, we cannot simply revisit in this case prior limitations upon the Government's discovery obligations that were either agreed to by the parties or imposed by the Court (through an order responsive to the Government's motion for a protective order) in response to overbroad

document production requests. To the extent that Energy Northwest wishes to have the Government update particular production requests from other proceedings, it should identify, with particularity, which requests it seeks to update, and the Government will consider that request.

REQUEST NO. 3:

Any and all documents produced to Pacific Gas & Electric Company ("PG&S") in response to the court's orders of March 14, 2006, March 15, 2006 and May 14, 2006 on plaintiff's motion to compel filed in PG&E v. United States, (Fed. Cl. Nos. 04-74 and 04-75), or any other order in that case requiring the Government to produce documents.

RESPONSE:

Defendant objects to this production request because it purports to require the Government to produce documents that are subject to the deliberative process privilege. In Pacific Gas & Electric Co. v. United States, Nos. 04-0074C & -0075C (Fed. Cl.), the Court ordered the Government to produce certain documents that were subject to the deliberative process privilege upon plaintiff's showing of a substantial need for the documents that the Court found outweighed the Government's need for protection. However, the Court ordered that the documents were to be produced only in the PG&E case, eliminating any waiver of the deliberative process privilege in other cases where no showing of need outweighing the Government's need for protection had been made.

REQUEST NO. 4:

Any and all documents relating to any allegation in the Complaint in this action.

RESPONSE:

Defendant objects to this production request as vague, overly broad, and unduly burdensome. Energy Northwest's complaint provides, among other things, a history of various litigation beginning in the 1990s; the ownership interests of Energy Northwest; the fact that DOE is a "cabinet-level department" of the Executive Branch of the United States; and the technical composition of and radioactivity of spent nuclear fuel. These "allegations" are not relevant to the issues in this case. Defendant further objects to this request to the extent it calls for the production of documents that are privileged and constitute attorney work product.

Without waiving these objections, defendant states that it has previously produced or made available numerous documents that are related to issues being litigated in the spent nuclear fuel cases, including documents relating to the formation of the Standard Contract, various rates of SNF acceptance that DOE has identified or included in various documents, the issuance of Annual Capacity Reports and Acceptance Priority Rankings pursuant to the contract requirements, the process of formulating and agreeing to delivery commitment schedules and final delivery schedules pursuant to Articles IV and V of the Standard Contract, utility efforts to amend the Standard Contract, the contract and DCS files for the various contract holders (including Energy Northwest), the Private Fuel Storage initiative, and numerous other matters. Beyond those documents and those that we anticipate that we will soon produce in response to extremely broad document production requests in Dairyland Power Cooperative v. United States, No. 04-106C (Fed. Cl.), and the Court's order compelling production in that case, dated February 5, 2007, defendant has no basis for identifying any additional documents that Energy Northwest is reasonably seeking through this production request.

REQUEST NO. 5:

Any and all documents relating to the interpretation, drafting, development, negotiation, proposal, or promulgation of the terms of the Standard Contract, including but not limited to, the contents of the notice of proposed rulemaking in 10 C.F.R. Part 961 set forth at 48 Fed. Reg. 5458, and the final rulemaking set forth at 48 Fed. Reg. 16599, and responses thereto.

RESPONSE:

Defendant objects to this production request as overly broad and unduly burdensome. Without waiving these objections, defendant will produce or made available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff.

REQUEST NO. 6:

Any and all documents related to the execution and subsequent performance of Energy Northwest's Standard Contract including without limitation, (a) any communication by or between DOE and Energy Northwest regarding execution of Energy Northwest's Standard Contract, and/or (b) any communication by or between DOE and Energy Northwest regarding Energy Northwest's Standard Contract or DOE's performance or Energy Northwest's performance under Energy Northwest's Standard Contract, and/or (c) any internal DOE documents, notes, and/or memoranda regarding Energy Northwest's Standard Contract or the performance of either party under Energy Northwest's Standard Contract.

RESPONSE:

Defendant objects to this request as vague, overly broad, and unduly burdensome because DOE has had numerous communications with Energy Northwest and the other commercial

utilities regarding the Standard Contract and issues arising from it. Defendant cannot reasonably be expected to identify all of the documents "relating" to these communications. Defendant further objects to this request to the extent that it seeks the production of communications between plaintiff and defendant, given that plaintiff presumably already possesses copies of those communications and has not identified any reason that defendant should undertake an extensive effort to replicate files that plaintiff already possesses. See Pacific Gas & Electric Co. v. United States, 69 Fed. Cl. 323, 325-26 (2005). Finally, defendant objects to this request to the extent that it seeks documents relating to fee payment information, given that the payment of Energy Northwest's fees does not appear to be an issue in this case and, further, plaintiff should already possess copies of its fee payment correspondence.

Without waiving these objections, defendant states that it has previously produced the contract files that DOE maintains by DOE for its Standard Contract with Energy Northwest and numerous documents relating to the promulgation of the Standard Contract, including any comments that any nuclear utility submitted regarding the proposed rule that became the Standard Contract. In addition, DOE is producing delivery commitment schedule files for Energy Northwest's contract. These documents are located at COF 023 681-1086 (Container No. YA 645 r1) , COF 036, and COF 037. These files contains copies of written communications between DOE and Energy Northwest related to the Standard Contract and documents related to those communications. Without further guidance as to which additional communications or documents that Energy Northwest seeks, defendant is unable to search for and produce additional documents responsive to this request.

REQUEST NO. 7:

Any and all documents relating to communications between Energy Northwest or DOE regarding SNF or HLW.

RESPONSE:

Defendant objects to this request as vague, ambiguous, overly broad, and unduly burdensome. Because DOE has had numerous communications with Energy Northwest and the other commercial utilities regarding "SNF or HLW," defendant cannot reasonably be expected to identify all of the documents "relating" to these communications. Defendant further objects to this request because it seeks the production of communications between plaintiff and defendant of which plaintiff presumably already possesses copies, and plaintiff has not identified any reason that defendant should undertake an extensive effort to replicate files that plaintiff already possesses. See Pacific Gas & Electric Co. v. United States, 69 Fed. Cl. 323, 325-26 (2005). Finally, defendant objects to this request to the extent that it seeks documents relating to fee payment information, given that the payment of Energy Northwest's fees does not appear to be an issue in this case and, further, plaintiff should already possess copies of its fee payment correspondence.

Without waiving these objections, defendant states that it has previously produced the contract files that DOE maintains by DOE for its Standard Contract with Energy Northwest and numerous documents relating to the promulgation of the Standard Contract, including any comments that any nuclear utility submitted regarding the proposed rule that became the Standard Contract. In addition, DOE is producing delivery commitment schedule files for Energy Northwest's contract. These documents are located at COF 023 681-1086 (Container No.

YA 645 r1) , COF 036, and COF 037. These files contains copies of the written communications between DOE and Energy Northwest related to the Standard Contract and documents related to those communications. Without further guidance as to which additional communications or documents that Energy Northwest seeks, defendant is unable to search for and produce additional documents responsive to this request.

REQUEST NO. 8:

Any and all documents relating to storage of SNF, HLW, and/or greater-than-Class-C waste at Energy Northwest, including without limitation, expansion of Energy Northwest's SNF storage capacity and Energy Northwest's construction of an Independent Spent Fuel Storage Installation.

RESPONSE:

Defendant objects to this request as overly broad and unduly burdensome. Without waiving this objection, defendant states that, beyond documents that Energy Northwest itself has provided to the Government in this litigation, defendant is unaware of any documents that DOE would have under its control regarding the expansion of Energy Northwest's SNF storage capacity or the construction of an Independent Spent Fuel Installation. We are consulting with the Nuclear Regulatory Commission to determine whether it possesses any documents responsive to this request.

REQUEST NO. 9:

Any and all documents relating to the damages Energy Northwest has suffered or will suffer as the result of the DOE's breach of its obligations under the Standard Contract.

RESPONSE:

Defendant objects to this production request as vague and unduly burdensome because it requests documents related to undefined damages that Energy Northwest allegedly has suffered or will suffer as the result of DOE's breach of undefined obligations. Defendant further objects to this request to the extent that it calls for the production of documents that are privileged and/or otherwise constitute attorney work product.

Without waiving these objections, defendant states that, beyond documents that Energy Northwest itself has provided to the Government in this litigation, defendant is unaware of any documents that the Government would have under its control regarding Energy Northwest's damages that are not either subject to the attorney-client privilege and/or work product doctrine.

REQUEST NO. 10:

Any and all documents relating or referring to any advice, instructions, guidance, or other information provided by DOE to Energy Northwest or any other Purchaser relating to (a) the manner in which a Purchaser should provide storage for SNF in the event that the Purchaser no longer had the requisite space for storage in its spent fuel pool, and/or (b) the manner in which a Purchaser should provide storage for SNF in light of DOE's breach of the Standard Contract, and/or (c) the storage of SNF for the time after January 1998.

RESPONSE:

Defendant objects to this production request as vague, overly broad, and unduly burdensome because it contains terms for which Energy Northwest has provided no definition (e.g., spent fuel pool). Defendant further objects to the extent that Energy Northwest seeks

documents related to the Government's obligations to signatories to the Standard Contract other than itself.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff.

REQUEST NO. 11:

Any and all documents relating to the Acceptance Rate and/or the order among utilities of acceptance had DOE commenced acceptance of waste on January 31, 1998.

RESPONSE:

Defendant objects to this production request because it seeks purely speculative information about the schedule that DOE would have followed if acceptance had begun in January 1998, which is irrelevant to the proceedings in this case or a determination of DOE's obligations under the contract. The issues relevant to these cases involve identification of a schedule that the Court will apply to assess damages in this case, not development of a speculative schedule of SNF acceptance and disposal that neither occurred nor was made part of the Standard Contract. The relevant schedule to which parties committed themselves was defined by those delivery commitment schedules that contract holders submitted to DOE and that DOE approved.

Without waiving these objections, to the extent that these documents have not been produced previously or made available to plaintiff, defendant will produce or make available all non-privileged documents within its control responsive to this request that relate to the rates that

entities, including DOE, proposed, considered, announced, or adopted for the acceptance of SNF under the Standard Contract.

<u>REQUEST NO. 12</u>:

Any and all documents relating to any studies of the most efficient Acceptance Rate at which to accept SNF, including without limitation, any document studying the efficiency of any Acceptance Rate which operates at 900 MTU per year for any period or an acceptance rate which operates at 3,000 MTU per year.

<u>RESPONSE:</u>

Defendant objects to this request as vague, ambiguous, overly broad, and unduly burdensome.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff.

<u>REQUEST NO. 13</u>:

Any and all documents relating to any Acceptance Rate DOE would or could employ after expiration of the ten-year period covered by the 1991 ACR or 1995 ACR that DOE contends would provide the Acceptance Rate in this case.

<u>RESPONSE</u>:

Defendant objects to this request as vague, ambiguous, overly broad, and unduly burdensome.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff.

REQUEST NO. 14:

Any and all documents regarding or relating to the Acceptance Rates contained in the Preliminary Estimates of the Total System Cost for the Restructured Program: An Addendum to the May 1989 Analysis of the Total System Life Cycle Costs for the Civilian Radioactive Waste Management System, DOE/RW-0295P.

RESPONSE:

Defendant objects to this production request as overly broad and burdensome. Without waiving these objections, defendant will produce or make available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff.

REQUEST NO. 15:

Any and all documents relating to the role of Delivery Commitment Schedules ("DCS") submitted by Purchasers in the performance of the Standard Contract.

RESPONSE:

Defendant objects to this production request as vague, overly broad, and burdensome. Defendant further objects to the extent that Energy Northwest seeks documents related to the Government's obligations to signatories to the Standard Contract other than itself.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff.

REQUEST NO. 16:

Any and all documents, including any drafts, e-mail, or analysis, related to the DOE's July 2004 Acceptance Priority Ranking / Annual Capacity Report ("APR/ACR") and the DOE's 2004 Instructions for Completing the Appendix C Delivery Commitment Schedules.

RESPONSE:

Defendant objects to this production request as irrelevant in that it pertains solely to future damages. If plaintiff intends to seek future damages in this action, that intent should be stated clearly so that we can seek the Court's expeditious resolution of that issue. Defendant further objects to the extent that plaintiff's request is inconsistent with the Court's order regarding e-mail back-up tapes and e-mails that are not in printed paper form.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff.

REQUEST NO. 17:

Any and all documents related to DOE's decision to resume the DCS process or the APR/ACR process in 2004 or any other time, including without limitation, any and all documents related to the DOE's request for submittal of new DCS's from Purchasers based on the 2004 APR/ACR.

RESPONSE:

Defendant objects to this production request as irrelevant. Defendant further objects to the extent that Energy Northwest seeks documents related to the Government's obligations to signatories to the Standard Contract other than itself.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff.

REQUEST NO. 18:

Any and all documents relating to acceptance of, procedures for handling, and/or DOE's obligations, duties or plans with respect to "Nonstandard Fuel," "Failed Fuel," and "Nonfuel Components," as those terms are used and/or defined by Appendix E of the Standard Contract, and greater-than-class-C waste, including but not limited to, all subcategories of such fuel classifications.

RESPONSE:

Defendant objects to this production request as vague, overly broad, and unduly burdensome because it requests the production of all documents covering several broad and undefined activities and issues related to the Standard Contract and the Yucca Mountain repository, including the repository design, the transportation of SNF, and the acceptance of SNF at the repository. The request for all documents related to these activities makes the request very broad and burdensome. In addition, the request seeks documents that will be generated by other agencies in the evaluation of these activities, including the NRC and the Department of

Transportation. The request for all documents "relating" to these documents and topics further renders the request vague and burdensome.

Without waiving these objections, defendant will produce or make available all non-privileged documents within the control of DOE, if any, responsive to this request relating to the acceptance of "nonstandard fuel," "failed fuel," "nonfuel components," and Greater-Than-Class-C waste pursuant to the Standard Contract that have not been previously produced to plaintiff.

REQUEST NO. 19:

Any and all documents relating to the DOE's definition or definitions of the following terms used and/or defined in Appendix E of the Standard Contract: (a) "Standard Fuel," (b) "Nonstandard Fuel," (c) "Failed Fuel," (d) "Visual Failure or Damage," (e) "Radioactive 'leakage,'" (f) "Encapsulated," (g) "Previously Encapsulated Assemblies," and/or (h) "Nonfuel Components."

RESPONSE:

Defendant objects to this request as vague, irrelevant, and unduly burdensome. As the request itself recognizes, these terms are defined or used in the Standard Contract, and these definitions would presumably control any matters in this litigation.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff.

REQUEST NO. 20:

Any and all documents relating to the minimum cooling time required for acceptance, transport, and disposal of SNF.

RESPONSE:

Defendant objects to this request as vague, overly broad, unduly burdensome, and irrelevant. In licensing casks, the NRC will consider, among other matters, the required cooling time for fuel to be stored or transported in the casks. Documents responsive to this request would include the certificates of compliance issued by the NRC and all documents related to them. The volume of these documents is tremendous and cannot be reasonably produced to Energy Northwest, particularly since the bulk of this information is irrelevant to any issue in this case. Further, many of these documents are available from the NRC's electronic public document room. The documents relating to the technical evaluation and study by the NRC of cooling time for particular casks are not relevant to the issues in this case. Absent a narrowing of the request, defendant cannot produce all of the documents responsive to this request from the NRC.

REQUEST NO. 21:

Any and all documents relating to the understanding or intention of DOE, at the time it executed the Standard Contract with Energy Northwest or any other signatory to a Standard Contract, of the length of time that each nuclear reactor covered by the Standard Contract would continue to operate, including without limitation, any documents relating to the understanding or intention, if any, whether the Standard Contract would remain in effect during the period of any nuclear Purchaser operating license extension.

RESPONSE:

Defendant objects to this production request as overly broad and unduly burdensome. Defendant further objects to this request as irrelevant to the extent that it seeks information regarding subjective "understandings" or "intentions" that are not an express term of the Standard Contract.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff's counsel.

REQUEST NO. 22:

Any and all documents relating to the impact or effect, if any, on DOE's rights, obligations, duties, plans or intentions under the Standard Contract in the event a Purchaser obtains an extension of the operating license period for that Purchaser's nuclear reactor(s), including without limitation, any and all documents relating to the impact or effect, if any, on the damages (if any) owed by DOE for its breach of the Standard Contract of obtaining an extension of a nuclear utility license period of Energy Northwest or any other signatory to the Standard Contract.

RESPONSE:

Defendant objects to this production request as overly broad and unduly burdensome to the extent that Energy Northwest seeks documents related to the Government's obligations to signatories to the Standard Contract other than itself. Defendant further objects to this request to the extent it requests the production of documents governed by the attorney work product privilege.

Without waiving these objections, defendant responds that it will produce or make available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff.

REQUEST NO. 23:

Any and all compilations of SNF discharges prepared by DOE's Energy Information Administration from utilities' most recent submission of RW-859 forms including the electronic form of any spreadsheet or database summarizing such submittals. To the extent that such compilations are not available, all RW-859 submittals by all parties to the Standard Contract.

RESPONSE:

Defendant objects to this request as unduly burdensome. As Energy Northwest is aware, the commercial utilities that are parties to the Standard Contract have been required to submit the RW-859 data to DOE many times since 1983. These data submittals have been analyzed and compiled into Spent Fuel Storage Requirements reports, published periodically by the Energy Information Administration. In addition, these submittals provide the basis for the fuel discharge queue that has been set forth in the Annual Capacity Reports and Acceptance Priority Rankings published periodically by the DOE, which Energy Northwest's counsel already possesses. Additionally, defendant objects to this request as irrelevant and incorporates by reference its response to Request No. 16 of Plaintiff's First Set of Requests for Production of Documents, set forth above.

REQUEST NO. 24:

Any and all organization charts or other documents reflecting the position or positions within OCRWM or DOE held by Christopher Kouts from 1978 until present.

RESPONSE:

Defendant objects to this request as unduly burdensome. Without waiving these objections, defendant responds that it will produce or make available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff.

REQUEST NO. 25:

Any and all documents prepared or received by Christopher Kouts in connection with his employment at OCRWM relating to (a) Monitored Retrievable Storage, (b) casks, canisters, or containers for the storage, transport, or disposal of SNF or HLW or other radioactive waste; or (c) any program at DOE to develop casks, canisters or containers for the storage, transport, or disposal of SNF or HLW or other radioactive waste under the direction or control of Mr. Kouts.

RESPONSE:

Defendant objects to this production request as overly broad and unduly burdensome to the extent that Energy Northwest seeks all documents in these broad categories that were prepared or received by Mr. Kouts in connection with his employment with OCRWM. Further, defendant objects to this request because defendant cannot possibly identify every document in the categories described that Mr. Kouts may have seen, prepared, or received during his employment at OCRWM. The subject matter of the documents that Energy Northwest has identified is extremely broad, rendering it extremely difficult to attempt to limit the scope of any effort to identify all such documents to Mr. Kouts actually sent, prepared, or received.

Without waiving these objections, defendant states that, pursuant to RCFC 33(d), defendant has made available to Energy Northwest numerous files and documents responsive to

this request, including numerous concurrence sheets that could identify documents and drafts of documents that Mr. Kouts reviewed. However, plaintiff's request that defendant attempt to identify all documents in the topics that plaintiff has identified that Mr. Kouts ever prepared or received while at OCRWM is an impossible task that defendant cannot undertake. It does not appear that DOE has or had any systems in place that would make identification of all such documents possible at this time.

REQUEST NO. 26:

Any and all documents relating to any decision by DOE or OCRWM to terminate any program to develop casks, canisters or containers for the storage, transport, or disposal of SNF or HLW or other radioactive waste under the direction or control of Mr. Kouts.

RESPONSE:

Defendant objects to this production request as vague, overly broad, and unduly burdensome. Further, defendant objects to this request as irrelevant, given that plaintiff has not identified how any such program is necessarily related to any issue in this litigation.

Without waiving these objections, defendant responds that the only such decision of which defendant is currently aware that would be responsive to this request is a decision sometime in the late 1980s or 1990 to reduce the number of contracts for developing transport casks because of funding issues while Mr. Kouts was the Branch Chief for Transportation. Although defendant does not see the relevance of this matter to any issue in this litigation, any documents relating to that issue, to the extent that they still exist, would be available on the RIS-Web. Defendant refers plaintiff to the RIS-Web, in which OCRWM documents are stored in the ordinary course of business, for a response to this request.

REQUEST NO. 27:

Any and all documents relating to DOE's March 1987 Monitored Retrievable Storage Submission to Congress, including without limitation, (a) all documents relating to Acceptance Rates or throughput rates DOE planned to use if DOE implemented the proposal contained in the March 1987 submission, and (b) all documents relating the expected need for additional at-reactor storage beginning in 1998 if the proposal contained in the March 1987 submission was implemented.

RESPONSE:

Defendant objects to this production request as vague, overly broad, and unduly burdensome. Defendant further objects to this request to the extent that it requires the production of documents that are publicly available, such as testimony before Congress. The burden to retrieve these documents is the same for Energy Northwest as it is for the Government.

Without waiving these objections, defendant responds that it will produce or make available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff.

REQUEST NO. 28:

Any and all documents regarding or relating to communications between DOE and Congress regarding the March 1987 Monitored Retrievable Storage Submission to Congress, including without limitation, (1) all testimony of Benjamin Rusche before Congress in connection with DOE's March 1987 Monitored Retrievable Storage Submission to Congress, (2) all drafts of such testimony.

RESPONSE:

Defendant objects to this production request as vague, overly broad, and unduly burdensome. Defendant further objects to this request to the extent that it requires the production of documents that are publicly available, such as testimony before Congress. The burden to retrieve these documents is the same for Energy Northwest as it is for the Government.

Without waiving these objections, defendant responds that it will produce or make available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff.

REQUEST NO. 29:

Any and all documents relating to any DOE plan to seek modifications of any provision of the Nuclear Waste Policy Act of 1987.

RESPONSE:

Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "relating to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant because the matters at issue in this case involve the schedule against which the Court will assess damages pursuant to the terms of the Standard Contract, not legislative proposals that have not been enacted and, thus, have no effect upon the Standard Contract or the parties' obligations pursuant to the Standard Contract. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant states that it will produce or make available all documents responsive to this request that reflect DOE's recommendations of, comments on,

or responses to such efforts or proposals, consistent with the Court's order dated February 5, 2007, in Dairyland Power Cooperative v. United States, No. 04-106C (Fed. Cl.).

REQUEST NO. 30:

Any and all documents authored or created between 1982 and 1998 relating to DOE's plans to construct a Monitored Retrievable Storage Facility, including without limitation, any document reflecting any decision or proposal to discontinue plans for construction of Monitored Retrievable Storage.

RESPONSE:

Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "relating to," which plaintiff has defined very broadly in the "Definitions" section of its requests.

Without waiving these objections, defendant responds that it will produce or make available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff.

REQUEST NO. 31:

Any and all documents related to the activities of the Monitored Retrievable Storage review commission.

RESPONSE:

Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "relating to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Further, defendant objects to this request as irrelevant to any issue in this litigation.

Without waiving these objections, defendant responds that it will produce or make available all non-privileged documents within the control of DOE, if any, responsive to this request that have not been previously produced to plaintiff. To the extent that plaintiff is seeking documents from files of the Monitored Retrievable Storage Review Commission, that commission is no longer in existence, and counsel for defendant has not been able to locate any archived records of that organization. To the extent that defendant is able to locate such records in the future, defendant reserves the right to raise additional objections to this request, including privilege, burden, and relevance objections, depending upon the volume of documentation that is located.

REQUEST NO. 32:

Any and all documents relating or referring to DOE's program to develop a multi-purpose cask or cannister, including without limitation, all DOE communications with parties to the Standard Contract concerning DOE's plans to accept such casks or canisters for disposal under the Standard Contract and/or the NWPA.

RESPONSE:

Defendant objects to this production request as overly broad and unduly burdensome, given that plaintiff's request presumably encompasses all documents relating to technical issues and other issues that are unrelated to any possible issue in this litigation.

Without waiving these objections, defendant responds that it will produce or make available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff which relate to decisions regarding such a

program, excluding purely technical documents and specifications regarding technical aspects of cask or canister design or performance.

REQUEST NO. 33:

Any and all documents relating or referring to DOE's plans to furnish a multi-purpose cask or cannister to any party to a Standard Contract in partial fulfillment of its obligations under such Standard Contract.

RESPONSE:

Defendant objects to this production request as overly broad and unduly burdensome to the extent that Energy Northwest seeks documents related to the Government's obligations to signatories to the Standard Contract other than itself.

Without waiving these objections, defendant responds that it will produce or make available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff.

REQUEST NO. 34:

Any and all documents relating to or referring to any of DOE's plans, specifications, protocols, designs, intentions, or other descriptions relating or referring to the loading of any dry container, canister, and/or cask for transportation under the Standard Contract.

RESPONSE:

Defendant objects to this production request as overly broad, unduly burdensome, and irrelevant. It requests the production of all documents covering several activities and issues related to the Standard Contract and the Yucca Mountain repository, including the repository design, the transportation of SNF, and the acceptance of SNF for the repository, even though the

bulk of that information is wholly irrelevant to any issue remaining in this case. The request for all documents related to these activities makes the request very broad and burdensome. In addition, the request seeks documents that will be generated by other agencies in the evaluation of these activities, including the NRC and the Department of Transportation.

REQUEST NO. 35:

Any and all documents relating or referring to DOE's obligations and duties, or any limitations thereon, with respect to any container manufactured or fabricated by Holtec (including without limitation Holtec MPC, Hi-Star and/or Hi-Storm Casks), whether arising under the Standard Contract or any other statute, agreement, or regulation, including without limitation (a) any plans, studies, reports, memoranda, discussions, correspondence or notes, (b) draft or final criteria, plans, or specifications related to the acceptance of any container manufactured or fabricated by Holtec (including without limitation Holtec MPC, Hi-Star and/or Hi-Storm Casks), (c) all documents relating or referring to the timing of acceptance of any container manufactured or fabricated by Holtec (including without limitation Holtec MPC, Hi-Star and/or Hi-Storm Casks), by DOE, (d) current Yucca Mountain plans or designs relating or referring to the ability of DOE to accept any container manufactured or fabricated by Holtec (including without limitation Holtec MPC, Hi-Star and/or Hi-Storm Casks), (e) the transportation of any container manufactured or fabricated by Holtec (including without limitation Holtec MPC, Hi-Star and/or Hi-Storm Casks), and/or (f) the technical feasibility or non-feasibility of DOE's accepting any container manufactured or fabricated by Holtec (including without limitation Holtec MPC, Hi-Star and/or Hi-Storm Casks).

RESPONSE:

Defendant objects to this production request as vague, overly broad, and unduly burdensome because it requests the production of all documents covering several broad and undefined activities and issues related to the Standard Contract and the Yucca Mountain repository, including the repository design, the transportation of SNF, and the acceptance of SNF at the repository. The request for all documents related to these activities makes the request very broad and burdensome. In addition, the request seeks documents that will be generated by other agencies in the evaluation of these activities, including the NRC and the Department of Transportation. Moreover, the request for all documents "relating" to these documents and topics further renders the request vague and unduly burdensome.

REQUEST NO. 36:

Any and all documents relating to the date DOE will begin accepting SNF from Purchasers, including but not limited to, any milestone schedules, critical path activities or sensitivity analyses conducted by or on behalf of DOE.

RESPONSE:

Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant further objects to this interrogatory because it seeks information that is not relevant to the determination of damages arising from DOE's delay in accepting spent nuclear fuel beginning in 1998. In accordance with the United States Court of Appeals for the Federal Circuit's decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this interrogatory irrelevant to this litigation.

Without waiving these objections, defendant responds that it will produce or make available all non-privileged documents within its control, if any, responsive to this request that have not been previously produced to plaintiff.

REQUEST NO. 37:

Any and all documents the Government will or may introduce as an exhibit at any hearing or trial in this action.

RESPONSE:

Defendant objects to this production request as premature. Defendant has not yet had an opportunity to determine which documents will be introduced as exhibits at trial or any undetermined hearing to be scheduled in this case. Defendant will provide Energy Northwest with a list of its exhibits as required by the pre-trial schedule that the Court has established. To the extent that defendant determines that it may use documents at trial of which Energy Northwest may not have copies prior to the submission of its pretrial filings, defendant will endeavor to produce these documents to Energy Northwest in a timely manner.

REQUEST NO. 38:

Any and all documents, data, assumptions, bases and any other information communicated to, provided to, given to, or otherwise relied on or considered by any person or entity who may or will offer expert testimony on behalf of the Government in this action.

RESPONSE:

Defendant objects to this production request as premature, given that defendant's time for determining whether it will use particular testifying expert witnesses at trial has not yet expired. Defendant further objects to the extent that the request imposes obligations beyond those

imposed by RCFC 26. Without waiving these objections, defendant will produce non-privileged documents responsive to this request, to the extent permitted and/or required by the Rules of this Court, after we have identified those individuals who will testify as expert witnesses in any trial of this case and issued the reports of those experts pursuant to the pre-trial schedule that the Court has entered in this proceeding.

REQUEST NO. 39:

Any and all documents relating or referring to any documents, data, assumptions, bases and any other information communicated to, provided to, given to, or otherwise relied on by any person or entity who may or will offer expert testimony on behalf of the Government in this action.

RESPONSE:

Defendant objects to this production request as premature, given that defendant's time for determining whether it will use particular testifying expert witnesses at trial has not yet expired. Defendant further objects to the extent that the request imposes obligations far beyond those imposed by RCFC 26. We are aware of no authority upon which plaintiff can compel the production of all documents "relating to" or "referring to" documents upon which an expert witness is relying or has considered in promulgating his or her expert opinions. The documents that plaintiff is seeking would necessarily encompass numerous documents generated by attorneys working upon this case, and we do not anticipate undertaking the substantial burden of preparing a privilege log identifying every document that attorneys of the Department of Justice generated that might "refer to" or "relate to" a document that an expert witness reviewed or considered.

Without waiving these objections, defendant will produce non-privileged documents responsive to this request, to the extent permitted and/or required by the Rules of this Court, after we have identified those individuals who will testify as expert witnesses in any trial of this case and issued the reports of those experts pursuant to the pre-trial schedule that the Court has entered in this proceeding.

REQUEST NO. 40:

Any and all documents relating or referring to any time sheets, diaries, billing records, invoices, engagement letters, retention letters, contracts, or other evidence of work or activities of any person or entity who may or will offer expert testimony on behalf of the Government in this action.

RESPONSE:

Defendant objects to this production request as premature, given that defendant's time for determining whether it will use particular testifying expert witnesses at trial has not yet expired. Defendant further objects to the extent that the request imposes obligations beyond those imposed by RCFC 26. Without waiving these objections, defendant will produce non-privileged documents responsive to this request, to the extent permitted and/or required by the Rules of this Court, after we have identified those individuals who will testify as expert witnesses in any trial of this case and issued the reports of those experts pursuant to the pre-trial schedule that the Court has entered in this proceeding.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

March 9, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under penalty of perjury that, on this 9th day of March, 2007, I caused to be served by Federal Express a copy of "DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS," as follows:

NORMAN M. HIRSCH
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611-7603

[signature]