No. 04-10C
(Chief Judge Damich)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ENERGY NORTHWEST,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE PLAINTIFF'S NOTICED 30(b)(6) DEPOSITION OR, IN THE ALTERNATIVE, TO RE-INSTITUTE THE COORDINATED DISCOVERY PROCEEDINGS IN THE PENDING SPENT NUCLEAR FUEL CASES

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

s/Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

September 14, 2007

Attorneys for Defendant

## TABLE OF CONTENTS

PAGE

DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE PLAINTIFF'S NOTICED 30(b)(6) DEPOSITION OR, IN THE ALTERNATIVE, TO RE-INSTITUTE THE COORDINATED DISCOVERY PROCEEDINGS IN THE PENDING SPENT NUCLEAR FUEL CASES ..... 1

BACKGROUND ..... 1

SUMMARY OF THE ARGUMENT ..... 4

ARGUMENT ..... 5

I. ENERGY NORTHWEST HAS FAILED TO ESTABLISH THE NEED TO RE-OPEN THE DEPOSITIONS OF ANY GOVERNMENT WITNESS ..... 5

II. ENERGY NORTHWEST'S RULE 30(b)(6) DEPOSITION NOTICE IS DUPLICATIVE, UNDULY BURDENSOME, AND SEEKS DISCOVERY ON TOPICS IRRELEVANT TO THE COURT'S CONSIDERATION OF THE CASE ..... 8

III. TO THE EXTENT THAT THE COURT GRANTS ENERGY NORTHWEST'S REQUEST TO ALLOW ADDITIONAL RCFC 30(b)(6) TESTIMONY, THE COURT SHOULD RE-INSTITUTE COORDINATED DISCOVERY PROCEEDINGS FOR ANY FURTHER DISCOVERY THAT ANY SNF PLAINTIFFS REQUIRE FROM THE GOVERNMENT ..... 14

CONCLUSION ..... 15

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

Acme Printing Ink Co. v. Menard, Inc.,
812 F.Supp. 1498 .......... 5, 7

Bankers Trust Co. v. Rhoades,
108 B.R. 423 (S.D.N.Y. 1989) .......... 5, 6

Banks v. Office of the Senate Sergeant-At-Arms,
222 F.R.D. 7 (D.D.C. 2004) (quashing Rule 30(b)(6) .......... 9

Commonwealth Edison Co. v. United States,
No. 98-621C (Fed. Cl.) .......... 2

Dixon v. CertainTeed Corp.,
164 F.R.D. 685 (D. Kan. 1996) .......... 7, 8

Exxon Research & Engineering Co. v. United States,
44 Fed. Cl. 597 (1999) .......... 9, 11

Hub v. Sun Valley Co.,
682 F.2d 776 (9th Cir. 1982) .......... 5

Independence Park Apartments v. United States,
59 Fed. Cl. 765 (2004) .......... 7

In re Independent Serv. Org. Antitrust Litig.,
168 F.R.D. 651 (D. Kan. 1996) .......... 9

Indiana Michigan Power Co. v. United States,
60 Fed. Cl. 639 (2004), aff'd, 422 F.3d 1369 (2005) .......... 1, 3

Indiana Michigan Power Co. v. United States,
422 F.3d 1369 (Fed. Cir. 2005) .......... 12

Jade Trading, LLC v. United States,
64 Fed. Cl. 84 (2006) .......... 8

Lakewood Eng'g & Mfg. Co. v. Lasko Products, Inc.,
No. 01C7867, 2003 WL 1220254 (N.D. Ill. 2003) .......... 7

Maine Yankee Atomic Power Co. v. United States,
73 Fed. Cl. 249 (2006), appeal docketed, Nos. 07-5025, 07-5027 & 07-5026 (Fed. Cir. Dec. 2006) .......... 2

McCormick-Morgan, Inc. v. Teledyne Indus., Inc.,
134 F.R.D. 275 (N.D. Cal.), rev'd in other part, 765 F. Supp. 611 (N.D. Cal. 1991) .......... 9, 11

Melhorn v. New Jersey Transit Rail Operations, Inc.,
203 F.R.D. 176 (E.D. Pa. 2001) .......... 7

Micro Motion, Inc. v. Kane Steel Co.,
894 F.2d 1318 (Fed. Cir. 1990) .......... 9

Miller v. Federal Express Corp.,
186 F.R.D. 376 (W.D. Tenn. 1999) .......... 7, 8

Olivieri v. Rodriguez,
122 F.3d 406 (7th Cir. 1997) .......... 14

Pacific Gas & Electric Co. v. United States,
70 Fed. Cl. 758 (2006) .......... 12

Pacific Gas & Electric Co. v. United States,
73 Fed. Cl. 333 (2006), appeal docketed, No. 07-5046 (Fed. Cir. Jan 24, 2007) .......... 2

Patterson v. Avery Dennison Corp.,
281 F.3d 676 (7th Cir 2002) .......... 14

Pesterfield v. Sunbeam Corp.,
No. 00 Civ. 104, 2005 WL 1076293 (E.D .......... 6

Sacramento Municipal Utility District v. United States,
74 Fed. Cl. (Fed. Cl. Dec. 1, 2006),
appeal docketed, No. 07-5052 (Fed. Cir. Feb 6, 2007 .......... 2

South Carolina Electric & Gas Co. v. United States,
No. 04-101 (Fed. Cl.) .......... 2

Tennessee Valley Authority v. United States,
69 Fed. Cl. 515 (2005) .......... 2

United States Fidelity & Guaranty Co. v. Braspetro Oil Services Co.,
No. 97 Civ. 6124, 2000 WL 1886593 (S.D.N.Y. Dec. 29 2000) .......... 7

United States v. District Council of New York City,
90 Civ. 5722, 1992 WL 208284 (S.D.N.Y. 1992) ........ 10

Vivid Technologies, Inc. v. American Science & Engineering, Inc.,
200 F.3d 795 (Fed. Cir 1999) ........ 14

## STATUTES

Fed. R. Civ. P. 16(b) ........ 14

Fed. R. Civ. P. 26(b)(2) ........ 14

10 C.F.R. § 961.11 ........ 1, 4, 6

Rule 26(a) ........ 8

Rule 26(b)(2) ........ 7, 11, 13, 14

Rule 30(b)(6) ........ **passim**

Rule 32(a)(4) ........ 5

## MISCELLANEOUS

Manual for Complex Litigation §§ 21.422 & 21.451 ........ 14

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-10C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE PLAINTIFF'S NOTICED 30(b)(6) DEPOSITION OR, IN THE ALTERNATIVE, TO RE-INSTITUTE THE COORDINATED DISCOVERY PROCEEDINGS IN THE PENDING SPENT NUCLEAR FUEL CASES

Defendant, the United States, respectfully requests that Court issue a protective order preventing the RCFC 30(b)(6) deposition that plaintiff, Energy Northwest noticed because Energy Northwest is simply seeking to repeat extensive depositions that have already been taken. If the Court determines that Energy Northwest is entitled to re-open any of the depositions already conducted, defendant requests that the Court re-institute the coordinated discovery proceedings in the spent nuclear fuel ("SNF") cases pending before the Court so that any further depositions of Government witnesses will occur only once.

BACKGROUND

There are 50 SNF cases pending before 16 judges on the Court. They all involve claims arising from the delay by the Department of Energy ("DOE") in beginning SNF acceptance pursuant to the Standard Contract, 10 C.F.R. § 961.11. Currently, 22 of these cases are in active litigation, and six cases are currently scheduled commence trial (or expected to commence trial) in 2007 and 2008. The Court has issued final decisions in another six cases. See Indiana Michigan Power Co. v. United States, 60 Fed. Cl. 639 (2004), aff'd, 422 F.3d 1369 (2005);

Yankee Atomic Electric Co. v. United States, Connecticut Yankee Atomic Power Co. v. United States, and Maine Yankee Atomic Power Co. v. United States, 73 Fed. Cl. 249 (2006), appeal docketed, Nos. 07-5025, 07-5027 & 07-5026 (Fed. Cir. Dec. 2006); Tennessee Valley Authority v. United States, 69 Fed. Cl. 515 (2005); Pacific Gas & Electric Co. v. United States, 73 Fed. Cl. 333 (2006), appeal docketed, No. 07-5046 (Fed. Cir. Jan 24, 2007); and Sacramento Municipal Utility District v. United States, 74 Fed. Cl. (Fed. Cl. Dec. 1, 2006), appeal docketed, No. 07-5052 (Fed. Cir. Feb 6, 2007).

To date, counsel for the SNF plaintiffs have conducted depositions of 58 individual fact witnesses in 105 depositions totaling 148 days of testimony.[1] In addition, in the coordinated discovery proceedings over which Judge Sypolt presided in 2002, which included all of the then-existing plaintiffs and in which counsel for Energy Northwest participated (albeit as counsel for another SNF plaintiff, Commonwealth Edison Company), the SNF plaintiffs conducted six days of deposition of three Government designees on ten different topics. A. 7-8.[2] In addition to these Rule 30(b)(6) depositions, the SNF plaintiffs in the coordinated discovery deposed ten fact witnesses over the course of 28 days. A. 1-4. While the coordinated discovery proceedings were continuing, counsel for Energy Northwest was prosecuting Commonwealth Edison Co. v. United States, No. 98-621C (Fed. Cl.). As part of discovery in that case, counsel deposed seven Government witnesses over the course of 15 days. A. 1-4. Counsel for Energy Northwest also deposed another DOE witness as counsel for plaintiff in South Carolina Electric & Gas Co. v.

[1]In addition, the Government has made available to Energy Northwest more than one million pages of documents on the Government's production website as well as provided access to a substantial database of documents that houses the bulk of the relevant DOE office's files, called the Record Information System ("RIS-Web").

[2] "A. __" refers to the appendix to this motion.

United States, No. 04-101 (Fed. Cl.) ("SCE&G"). The Government's primary trial witnesses, Messrs. Kouts, Pollog, and Zabransky, have sat for deposition on numerous occasions. Mr. Kouts has sat for eight days of deposition as either a fact witness or a Rule 30(b)(6) deponent, Mr. Pollog has sat for 13 days of deposition as either a fact witness or a Rule 30(b)(6) deponent, and Mr. Zabransky has sat for 19 days of deposition as either a fact witness or a Rule 30(b)(6) deponent. A. 5-6. Counsel for Energy Northwest, while representing other SNF plaintiffs, participated in 20 days of these depositions and has participated in two additional days on behalf of Energy Northwest.

In addition to this existing record of deposition testimony, Energy Northwest also has available to it the trial testimony of Messrs. Kouts, Pollog, and Zabransky from the nine trials that have been conducted since trial in Indiana Michigan. As shown by review of the Government's witness lists describing these individuals' testimony, A. 9-37, Messrs. Kouts, Pollog, and Zabransky have testified about the same matters in all of these trials – the development of the waste management system and implementation of the Standard Contract. Despite the extensive amount of prior deposition and trial testimony that is available to Energy Northwest, on July 3, 2007, Energy Northwest's counsel requested an RCFC 30(b)(6) deposition on 11 topics. A. 117. In response to Energy Northwest's request, by letter dated July 19, 2007, counsel for the Government indicated to Energy Northwest that, absent an explanation as to why the existing exhaustive record of deposition testimony is not sufficient to meet Energy Northwest's trial preparation requirements, the Government could not agree to further depositions of these individuals. By letter dated 26, 2007, counsel for Energy Northwest declined to withdraw or narrow its notice.

SUMMARY OF THE ARGUMENT

Energy Northwest seeks to take a RCFC 30(b)(6) deposition which will essentially duplicate depositions that have already been taken in the SNF cases pending before the Court. Energy Northwest has been a party to one of those depositions, and its counsel have participated in many other depositions. Moreover, the Court should deem all of the depositions taken in SNF cases to have been conducted in this case because those depositions were taken in cases involving the same subject matter -- DOE's delay in beginning performance of the Standard Contract,

10 C.F.R. § 961.11 -- and were conducted by Energy Northwest's counsel or counsel for other SNF plaintiffs. If those depositions are available for use as if originally taken in Energy Northwest's case, Energy Northwest should be required to establish good cause for the re-opening of those depositions, which it has failed to do.

Similarly, with its proposed list of RCFC 30(b)(6) topics, Energy Northwest seeks information that Energy Northwest has sought by other discovery means, is irrelevant to the Court's consideration of damages, or seeks testimony regarding legal conclusions that are within the province of the Court. For all these reasons, the Government's motion for a protective order should be granted.

## ARGUMENT

### I. ENERGY NORTHWEST HAS FAILED TO ESTABLISH THE NEED TO RE-OPEN THE DEPOSITIONS OF ANY GOVERNMENT WITNESS

Energy Northwest seeks to conduct a RCFC 30(b)(6) deposition spanning 11 topics. Because Energy Northwest can use existing deposition testimony as if it had been taken by Energy Northwest, the Court should consider Energy Northwest's notice as seeking to re-open existing depositions. Energy Northwest, however, has failed to identify new information that has been produced since the existing depositions necessitating additional deposition testimony or to demonstrate any other "good cause." Thus, the Court should grant the Government's motion and enter a protective order to preclude the conduct of these depositions.

Rule 32(a)(4) of the Rules of this Court identifies the circumstances in which depositions taken in prior proceedings may be treated as if they have been taken in a subsequent proceeding:

> [W]hen an action has been brought in any court of the United States or of any state and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions duly filed in the formation action may be used in the latter as if originally taken therefor. A deposition previously taken may also be used as permitted by the Federal Rules of Evidence.

RCFC 32(a)(4). In determining whether two cases involve the "same subject matter," courts have required only that there be "a substantial identity of issues." Hub v. Sun Valley Co., 682 F.2d 776, 778 (9th Cir. 1982); Acme Printing Ink Co. v. Menard, Inc., 812 F.Supp. 1498, 1524 (E.D. Wisc. 1992). "The standard used by courts to determine the use of prior depositions against different parties under Rule 32(a)(4) is whether the party-opponent in the prior case had the same motive and opportunity to cross-examine the deponent as the present opponent." Bankers Trust Co. v. Rhoades, 108 B.R. 423, 430 (S.D.N.Y. 1989) (citations omitted). A

determination that depositions taken in prior cases can be used in a case, pursuant to Rule 30(a)(4), "has a tremendous impact on the type of discovery" that a party needs to pursue in a case. Pesterfield v. Sunbeam Corp., No. 00 Civ. 104, 2005 WL 1076293, at *3 (E.D. Tenn. May 6, 2005) (ordering that plaintiff could either use the prior depositions or re-depose the individuals).

The question of whether prior depositions of Government witnesses may be considered to have been taken in this case hinges upon whether there are sufficient common interests between Energy Northwest and the other SNF plaintiffs to reach the determination that Energy Northwest's suit has been brought by the same representatives as the prior suits or successors-in-interest. Clearly, Energy Northwest's case involves the same subject matter as all the other SNF cases pending before the Court – a claim for partial breach arising from DOE's delay in performance of the Standard Contract. 10 C.F.R. § 961.11. Moreover, Energy Northwest's counsel, representing two other utility plaintiffs, have been involved in 51 days of depositions of Government witnesses. Given the common representation between the plaintiffs in these cases and Energy Northwest, the depositions conducted in these cases should be considered taken in Energy Northwest's case. Pesterfield, 2005 WL 1076293, at *2 (common defense counsel in all prior cases satisfied the requirements of Rule 30(a)(4)). The depositions taken by counsel for the other SNF plaintiffs should also qualify because counsel for the other utility plaintiffs had "the same motive and opportunity to cross examine the deponent" as Energy Northwest's counsel because the plaintiffs' claims in all those cases are for the same types of damages arising from DOE's delay in performing the Standard Contract. Bankers Trust Co., 108 B.R. at 430.

Only if the Court determines that the depositions previously conducted cannot be used "as if originally taken" in Energy Northwest's case would Energy Northwest be entitled to its

new Rule 30(b)(6) deposition. In that event, the existing record of depositions of Government witnesses should be held unavailable to Energy Northwest for any purpose. See Acme Printing, 812 F.Supp. at 1524-25 (denying motion to use depositions, upon finding that parties did not have the "same motive to cross-examine"); United States Fidelity & Guaranty Co. v. Braspetro Oil Services Co., No. 97 Civ. 6124, 2000 WL 1886593, at *2 (S.D.N.Y. Dec. 29 2000) (finding that parties did not share a "common motivation" in conducting prior depositions).

If the Court deems that the existing record of depositions may be used "as if originally taken" in Energy Northwest's case, Energy Northwest should be required to show what specific information has been provided since the prior conduct of these existing depositions that justifies re-opening them. Under this Court's rules, "[a] party must obtain leave of the court, which shall be granted to the extent consistent with the principles stated in RCFC 26(b)(2), . . . if, without written stipulation of the parties, . . . the person to be examined already has been deposed in the case." RCFC 30(a)(2); see Independence Park Apartments v. United States, 59 Fed. Cl. 765, 769 (2004) ("RCFC 30(a)(2)(B) expressly requires that a party seeking to depose an individual more than once must obtain leave from the Court to do so."). In Federal courts, "[t]he re-opening of depositions is disfavored as a general rule." Miller v. Federal Express Corp., 186 F.R.D. 376, 389 (W.D. Tenn. 1999). "Absent some showing of a need or good reason for doing so, the court will generally not require a deponent to appear for a second deposition.'" Dixon v. CertainTeed Corp., 164 F.R.D. 685, 690 (D. Kan. 1996) (citation omitted); see Melhorn v. New Jersey Transit Rail Operations, Inc., 203 F.R.D. 176, 180 (E.D. Pa. 2001) ("Absent some showing of need or good reason for doing so, a deponent should not be required to appear for a second deposition."); Lakewood Eng'g & Mfg. Co. v. Lasko Products, Inc., No. 01C7867, 2003 WL 1220254, at *8 (N.D. Ill. 2003) (burden is on the party requesting to re-depose a deponent to

make a "clear showing of substantial need" to justify re-opening).

Good cause is often the production of documents or other discovery after the conduct of the original deposition. See, e.g., Dixon, 164 F.R.D. at 692 (production after first deposition of document containing statement by witness warranted second depositions); Miller, 186 F.R.D. at 389 ("Although the re-opening of depositions is disfavored as a general rule, existing case law, as well as common sense, supports allowing redeposal where a party fails to disclose relevant information in its Rule 26(a) disclosure which it later reveals only after an intervening deposition has occurred."). The issue of whether to re-open a deposition is committed to the sound discretion of the Court. Jade Trading, LLC v. United States, 64 Fed. Cl. 84, 86 (2006) (citing Dixon, 164 F.R.D. at 690). Energy Northwest has failed to demonstrate what new information has been provided since the conduct of these depositions that necessitates the reopening of these depositions.

If Energy Northwest is not precluded from taking these depositions or these depositions are not limited in scope, the Court should order that Energy Northwest is not permitted to also rely upon the existing record of deposition in the spent fuel litigation. If not restricted in some manner, counsel in Energy Northwest will be able to engage in a fishing expedition to attempt to elicit responses that they will later argue are inconsistent with prior testimony. This is not discovery for the purpose of establishing the parties position; rather it is simply gamesmanship.

## II. ENERGY NORTHWEST'S RULE 30(b)(6) DEPOSITION NOTICE IS DUPLICATIVE, UNDULY BURDENSOME, AND SEEKS DISCOVERY ON TOPICS IRRELEVANT TO THE COURT'S CONSIDERATION OF THE CASE

With its list of proposed topics, Energy Northwest seeks to conduct another RCFC 30(b)(6) deposition that will duplicate RCFC 30(b)(6) and fact depositions that have already been taken. In addition, Energy Northwest seeks to conduct a RCFC 30(b)(6) deposition on subjects

that are also the subject of other discovery requests or are irrelevant to the issues to be decided by the Court. For these reasons, the Government requests that the Court enter a protective order to preclude the conduct of the RCFC 30(b)(6) deposition that Energy Northwest seeks.

The United States Court of Appeals for the Federal Circuit has held that, "[e]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where the harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1323 (Fed. Cir. 1990) (emphasis in original). Courts also have quashed wide-ranging Rule 30(b)(6) notices because such discovery is duplicative of existing discovery or could be obtained more efficiently through the review of documents and the depositions of individual witnesses. E.g., Banks v. Office of the Senate Sergeant-At-Arms, 222 F.R.D. 7, 19 (D.D.C. 2004) (quashing Rule 30(b)(6) notice and ordering plaintiff, with new notice, to certify that it would not "ask questions that duplicate questions previously asked of other witnesses or seek information that [it already had] by virtue of responses to other discovery devices."); In re Independent Serv. Org. Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (plaintiff failed to convince court that "the factual information it seeks [through 30(b)(6) deposition could not] be discovered by other less problematic means, or that it is not already available in the voluminous discovery already conducted" in the case and another case); Exxon Research & Engineering Co. v. United States, 44 Fed. Cl. 597, 602 (1999) (holding that the party seeking a Rule 30(b)(6) deposition should first pursue contention interrogatories before the Court would consider the possibility of a Rule 30(b)(6) deposition.); McCormick-Morgan, Inc. v. Teledyne Indus., Inc., 134 F.R.D. 275, 285-87 (N.D. Cal.), rev'd in other part, 765 F. Supp. 611 (N.D. Cal. 1991) (ordering party to pursue discovery through use of contention interrogatories rather than Rule 30(b)(6) deposition); see

also United States v. District Council of New York City, 90 Civ. 5722, 1992 WL 208284, at *15 (S.D.N.Y. 1992) (quashing Rule 30(b)(6) notice because, "[w]hile the District Court certainly has the right to discover factual information . . . those facts have not been concealed by the Government. They are available in the documents provided and through depositions of fact witnesses who were named as having relevant information.").

The Court should enter a protective order to preclude the conduct of a RCFC 30(b)(6) deposition by Energy Northwest because Energy Northwest plainly seeks to obtain information that is easily obtained elsewhere in the existing record of deposition and documents produced in the SNF cases pending before the Court. Energy Northwest has already taken its own deposition of Mr. Kouts, who would likely be called upon to be the Government's RCFC 30(b)(6) witness, should its proposed deposition proceed. This deposition covered much of the same scope proposed by Energy Northwest's notice. See A. 117. For instance, in the RCFC 30(b)(6) portion of that deposition taken by Dairyland Power Cooperative, Mr. Kouts was questioned extensively on the issues involved in topics 1 and 2, Tr. 116:19-222:18; topic 4, Tr. 222:19-224:10; and topic 11 of plaintiff's notice.[3] Tr. 263:6-266:13; see also A.73. In addition, at that same deposition, Mr. Tompkins, one of Energy Northwest's attorneys, generally followed up on these matters and questioned Mr. Kouts on issues related to topic 3, Tr. 361:1-373:10; topic 4, Tr. 423:11-425:1; topics 5 and 6, Tr. 345:5-349, 405:22-408:9, 410:17-416:7; topic 7, Tr. 409:12-410:16; and topics 8 through 10 of Energy Northwest's notice. Tr. 315:8-341:21, 349:13-360:20, 376:6-408:9. Moreover, all of the spent nuclear fuel ("SNF") cases concern the same subject matter – partial breach of the Standard Contract – and extensive depositions of

---

[3]The topics in plaintiff's notice are detailed. Rather than reiterate them here in full we have included them in the appendix. See A. 117.

DOE personnel have been taken in other cases. RCFC 30(b)(6) depositions taken in other cases have also addressed topics 1 and 2, see A. 56, 73; topic 4, see A. 42, 44, 49, 56, 68, 70; topics 5 and 6, see A. 63, 70, 77; topic 7, see A. 58; topic 9, see A. 59; and topic 11 of plaintiff's notice. See Exhibits A. 63, 70. With regard to the majority of these depositions, Jenner & Block noticed the deposition, either on its own or in conjunction with counsel on other spent fuel matters. Likewise, SNF plaintiffs have conducted fact depositions of 58 different Government witnesses over the course of 148 days, in many of which Jenner & Block has participated. As discussed above, pursuant to RCFC 30(a)(4), these depositions should be deemed as if originally taken by Energy Northwest. Government witnesses have also addressed these topics in extensive trial testimony.

Energy Northwest should also not be permitted to use the first, second, fourth, fifth and sixth requests because they duplicate requests for production of documents that have been served by the SNF plaintiffs. See Exxon Research & Engineering Co., 44 Fed. Cl. at 602; McCormick-Morgan, 134 F.R.D. at 286. Specifically, topics 1 and 2 are duplicative of six different requests for production of documents, in three of which counsel for Energy Northwest was involved. See A. 80, 84, 89, 93, 97, 101. Topic 4 is duplicative of five different requests for production of documents issued in a single set of document requests. See A. 101. And topics 5 and 6 are duplicative of three different document requests, in one of which counsel for Energy Northwest was involved. A. 105, 109 113-114. Even to the extent that counsel for Energy Northwest has not been involved in these document requests, Energy Northwest still has access to all of the documents that have been produced in other SNF cases. Thus, the discovery that Energy Northwest seeks is unreasonably cumulative or duplicative. See RCFC 26(b)(2)(i).

Energy Northwest's list of proposed topics is also improper to the extent that it seeks

discovery into matters that are irrelevant to the Court's consideration of damages. Specifically, topics 2, 4, 6, and 11 concern DOE's plans for activities in the future. This information is not relevant to the determination of damages arising from DOE's delay in accepting spent nuclear fuel beginning in 1998. In accordance with the United States Court of Appeals for the Federal Circuit's decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case. See Pacific Gas & Electric Co. v. United States, 70 Fed. Cl. 758, 763 (2006) (interpreting Indiana Michigan's preclusion on future damages). Information regarding the "date on which DOE will commence acceptance of SNF under the Standard Contract" and the "type of casks and other ancillary equipment that DOE will use to accept SNF" in the future, "whether DOE will accept SNF loaded into multi-purpose cannisters" in the future, and the acceptance rate at which DOE would accept fuel starting in the future (2008) "had it commenced waste acceptance under the Standard Contract on January 31, 1998," is irrelevant to the determination of damages that were incurred prior to the filing of Energy Northwest's complaint. Moreover, any information regarding DOE's plans for the future does not aid in the Court's determination regarding what DOE was obligated to do beginning in 1998. Finally, DOE's current expectation regarding the "earliest date" that it will begin accepting spent fuel can be obtained from statements of DOE officials to Congress and others. Until that date is closer, any information regarding schedules for acceptance and the date by which DOE will start and complete acceptance of SNF from Energy Northwest remains only in the planning stage and is speculative.

Likewise, the Government objects to topic 7 of Energy Northwest's notice, which seeks the Government's position regarding the reasonableness or unreasonableness of Energy Northwest's decision to adopt and implement dry storage for its spent fuel. This topic is

objectionable, first, because it seeks to have the Government make certain legal conclusions regarding the "reasonableness" of these activities, which ultimately is a decision for the Court. Moreover, as Mr. Kouts testified in his recent deposition, DOE is not able to answer these questions because "the Department does not collect spent fuel storage cost information from utilities." Tr. 250:14-18. While the Government may eventually reach conclusions on these issues after it has completed its discovery and has received Energy Northwest's expert reports explaining its claimed damages, it will do so through its expert witnesses for purposes of defending this litigation. When the Government's expert witnesses have submitted their reports, Energy Northwest will have an opportunity to depose those witnesses. There is simply no fact witness that will be able to testify to these matters, and the Government does not have any obligation to reach conclusions on plaintiff's damages prior to that time, particularly before it has seen an actual damages claim.

Further, it is quite clear that the burden of any additional depositions to the individual involved far outweighs the likely benefits to plaintiff. See RCFC 26(b)(2)(ii). For example, to date, the Government's likely deponent, Mr. Kouts, has provided eight days of deposition testimony. In addition, in the Court of Federal Claims, Mr. Kouts has testified in spent nuclear fuel cases in excess of nine days. In fact, in his recent deposition, Mr. Kouts testified that between 10 and 20 percent of his time is spent on spent nuclear fuel litigation. Tr. 26:18-27:22. Given the amount of testimony that he has already provided, it is difficult to imagine a relevant question that Energy Northwest could ask Mr. Kouts that he has not already answered. Similarly, Messrs. Pollog and Zabransky have collectively sat for more than 30 days of deposition. Again, Energy Northwest has not identified any basis for again deposing these, or any other, individuals from the Department of Energy.

III. TO THE EXTENT THAT THE COURT GRANTS ENERGY NORTHWEST'S REQUEST TO ALLOW ADDITIONAL RCFC 30(b)(6) TESTIMONY, THE COURT SHOULD RE-INSTITUTE COORDINATED DISCOVERY PROCEEDINGS FOR ANY FURTHER DISCOVERY THAT ANY SNF PLAINTIFFS REQUIRE FROM THE GOVERNMENT

The Court's rules of procedure give it "broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation." Vivid Technologies, Inc. v. American Science & Engineering, Inc., 200 F.3d 795, 803-04 (Fed. Cir. 1999) (citing Fed. R. Civ. P. 16(b), (c); 26(b); 42(b)); see Olivieri v. Rodriguez, 122 F.3d 406, 409 (7th Cir. 1997) ("[a] district judge's discretion in supervising pretrial discovery is broad"), cert. denied, 522 U.S. 1110 (1998). "Pretrial discovery is timeconsuming and expensive; it protracts and complicates litigation and judges are to be commended rather than criticized for keeping tight reins on it." Olivieri, 122 F.3d at 409. Public officials "should not have to spent their time giving depositions in cases . . . unless there is some reason to believe that the deposition will produce or lead to admissible evidence." Id. at 409-10. Rule 26(b)(2) of the Federal Rules of Civil Procedure, which the Court has adopted, "empowers district courts to limit the scope of discovery if 'the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002) (quoting Fed. R. Civ. P. 26(b)(2)); see Manual for Complex Litigation §§ 21.422 & 21.451 (1995) (encouraging parties and courts to devise methods "to facilitate the orderly and cost effective acquisition of relevant information and materials," with a balancing of "efficiency and economy against the parties' need to develop an adequate record for summary judgment or trial" and avoidance of cumulative depositions).

To the extent that the Court grants Energy Northwest's request for additional depositions,

the Court should order that the coordinated discovery proceedings be re-instituted so that the Government will not have to make the same witnesses available over and over again for repetitive depositions upon the same topics. Without coordination, which would limit the number of hours that any potential deponent would have to sit for deposition and the number of times that the deponent would have to appear, the Government's witnesses will continue to be subject to repetitive and time-consuming depositions in numerous cases over a course of the next several years as the remaining 49 pending cases proceed through discovery and to trial. The coordinated proceedings would require that the plaintiffs join together to take only one deposition of any Government witness, particularly as they relate to basic contract formation and performance issues that are common to all of the SNF cases. The Government and the utility plaintiffs in the previous coordinated discovery operated under a set of procedures governing these depositions that the Government respectfully seeks to have implemented again.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court deny Energy Northwest's motion to compel depositions and enter a protective order to preclude these depositions.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

s/Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

September 14, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on September 14, 2007, a copy of the foregoing "Defendant's Motion for a Protective Order to Preclude Plaintiff's Noticed 30(b)(6) Deposition Or, in the Alternative, to Re-institute The Coordinated Discovery Proceedings in the Pending Spent Nuclear Fuel Cases" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sonia M. Orfield