4. Ronald Milner
Chief Operating Officer
Office of Civilian Radioactive Waste Management
United States Department of Energy
RW-2
1000 Independence Ave., SW
Washington, DC 20585

Mr. Milner is expected to testify concerning the implementation of the Standard Contract, including acceptance rates, the Annual Capacity Report ("ACR") issue resolution process conducted with industry representatives, the issuance and content of the ACRs, the issuance and content of the Acceptance Priority Ranking ("APR"), delivery commitment schedules, schedule negotiations, and other relevant matters.

5. Robert L. Morgan
P. O. Box 2584
Monument, Colorado 80132

Mr. Morgan, former Director of the Nuclear Waste Policy Act ("NWPA") Project Office, is expected to testify concerning the early implementation of the NWPA, the formation of the Standard Contract, and other relevant matters.

6. Thomas Pollog
Office of Civilian Radioactive Waste Management
United States Department of Energy
Room RW-20E
1000 Independence Ave., SW
Washington, DC 20585

Mr. Pollog is expected to testify concerning the implementation of the Standard Contract, including acceptance rates, the ACR issue resolution process conducted with industry representatives, the issuance and content of the ACRs, the issuance and content of the APR, delivery commitment schedules, schedule negotiations, and other relevant matters. Mr. Pollog is also expected to testify concerning the DOE database built upon the Form RW-859 data

submitted by the utilities and used to develop fuel acceptance allocations.

7. Francis Young
Nuclear Regulatory Commission
Senior Transportation Program Manager
Office of Nuclear Security and incident Response
Rockville, MD 20852

Mr. Young may be called to testify about the management of GTCC by nuclear utilities.

8. David Zabransky
Office of Civilian Radioactive Waste Management
United States Department of Energy
Room RW-20E
1000 Independence Ave., SW
Washington, DC 20585

Mr. Zabransky is expected to testify concerning the Government's implementation of the Standard Contract, including acceptance rates, the ACR issue resolution process conducted with industry representatives, the issuance and content of the ACRs, the issuance and content of the APRs, delivery commitment schedules, schedule negotiations, and other relevant matters. Mr. Zabransky is also expected to testify concerning his knowledge of issues concerning the Standard Contract based upon his experience in the nuclear utility industry prior to his employment with DOE.

**PG&E Employees (Present and Former)**

1. Lloyd Cluff
Pacific Gas & Electric Company
77 Beale Street
San Francisco, CA 94105

Mr. Cluff is expected to testify concerning work performed by PG&E's Geosciences Department related to the Humboldt Bay SAFSTOR, the Humboldt Bay and Diablo Canyon dry storage projects, and other relevant matters.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SYSTEM FUELS, INC., on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 03-2624C<br>(Judge Braden) |

**DEFENDANT'S FINAL WITNESS LIST**

Pursuant to the Court's pretrial scheduling order entered February 27, 2006, and paragraph 13(b) of Appendix A to the Rules of the Court of Federal Claims, defendant, the United States, provides the following list of trial witnesses. This list does not contain witnesses that the defendant may choose to use for impeachment. Defendant reserves the right to identify additional witnesses for authentication of documents based upon the objections ultimately asserted by plaintiff, System Fuels, Inc., on its own behalf and as agent for System Energy Resources, Inc. and South Mississippi Electric Power Association ("SFI Mississippi"), in response to the exhibit lists served in this case. Defendant also reserves the right to amend this list as described in the Court's rules or based upon the Court's rulings upon motions *in limine* filed by SFI Mississippi. Defendant reserves the right to call all witnesses listed on the witness list provided by SFI Mississippi.

**Witnesses That Defendant Expects to Present:**

**Government Employees**

**1. Thomas Pollog**

Mr. Pollog is expected to testify regarding the performance of the Standard Contract between TVA and DOE regarding the acceptance and disposal of spent nuclear fuel ("Standard Contract"); the DOE Spent Fuel Discharge Projections Model and the SNF acceptance allocations and schedule produced by that model; and other related matters.

Estimated Time For Direct: 1 hour

**2. David Zabransky**

Mr. Zabransky is expected to testify regarding the performance of the Standard Contract, fuel acceptance issues, and Yucca Mountain design and capabilities; his knowledge of issues concerning the Standard Contract discussed by the utility industry and DOE based upon his experience in the nuclear utility industry prior to his employment with DOE; and other related matters.

Estimated Time For Direct: 1-2 hours

**3. Christopher Kouts**

Mr. Kouts is expected to testify regarding DOE's plans to accept spent nuclear waste in a repository and a Monitored Retrievable Storage facility; plans for the anticipated Yucca Mountain design and capabilities; the reasons for delays in the Yucca Mountain project and the

Department's ability to accept utility spent nuclear fuel; budgetary issues; and other related matters.

Estimated Time For Direct: 1-2 hours

**4. Ronald Milner**

Mr. Milner, former Chief Operating Officer for DOE's Office of Civilian Radioactive Waste Management ("OCRWM"), is expected to testify concerning the implementation of the Standard Contract, including acceptance rates, the Annual Capacity Report ("ACR") issue resolution process conducted with industry representatives, the issuance and content of the ACRs, the issuance and content of the Acceptance Priority Ranking ("APR"), delivery commitment schedules, schedule negotiations, and other relevant matters.

Estimated Time for Direct: 1-2 hours

**5. Robert L. Morgan**

Mr. Morgan, former Director of the Nuclear Waste Policy Act Project Office, may testify regarding the formation and implementation of the NWPA, the Standard Contract, and fuel acceptance issues. He may also provide testimony necessary to authenticate certain documents.

Estimated Time For Direct: 1-2 hours

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NORTHERN STATES POWER COMPANY<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 098-484C<br>(Senior Judge Wiese) |

**DEFENDANT'S FINAL WITNESS LIST**

Pursuant to the Court's pretrial scheduling order entered September 14, 2005, and paragraph 13(b) of Appendix A to the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, provides the following final list of trial witnesses. This list does not list witnesses that the defendant may choose to use for impeachment. Defendant reserves the right to identify additional witnesses for authentication of documents based upon the objections ultimately asserted by plaintiff, Northern States Power Company ("NSP"), in response to the exhibit lists served in this case. Defendant also reserves the right to amend this list as described in the Court's rules. Defendant reserves the right to call all witnesses listed on the witness list provided by NSP.

**Witnesses That Defendant Expects to Present:**

**Government Employees**

**1. Thomas Pollog**

Mr. Pollog is expected to testify concerning the implementation of the Standard Contract, including acceptance rates, the Annual Capacity Report ("ACR") issue resolution process conducted with industry representatives, the issuance and content of the ACRs, the issuance and content of the Acceptance Priority Ranking ("APR"), delivery commitment schedules, schedule negotiations, and other relevant matters. Mr. Pollog is also expected to testify concerning the Department of Energy ("DOE") database built upon the Form RW-859 data submitted by the utilities and used to develop fuel acceptance allocations.

Estimated Time For Direct: 1-2 hours

**2. David Zabransky**

Mr. Zabransky is expected to testify concerning the Government's implementation of the Standard Contract, including acceptance rates, the ACR issue resolution process conducted with industry representatives, the issuance and content of the ACRs, the issuance and content of the APRs, delivery commitment schedules, schedule negotiations, and other relevant matters. Mr. Zabransky is also expected to testify concerning his knowledge of issues concerning the Standard Contract based upon his experience in the nuclear utility industry prior to his employment with DOE.

Estimated Time For Direct: 1-2 hours

3. **Christopher Kouts**

Mr. Kouts is expected to testify concerning the plans by DOE to accept spent nuclear fuel at a geological repository and a Monitored Retrievable Storage facility, the reasons for the delays in the Yucca Mountain project, DOE's ability to accept utility spent nuclear fuel ("SNF"), budgetary issues, and other relevant matters.

Estimated Time For Direct: 1-2 hours

4. **Ronald Milner**

Mr. Milner, former Chief Operating Officer for DOE's Office of Civilian Radioactive Waste Management, is expected to testify concerning the implementation of the Standard Contract, including acceptance rates, the ACR issue resolution process conducted with industry representatives, the issuance and content of the ACRs, the issuance and content of the APR, delivery commitment schedules, schedule negotiations, and other relevant matters.

Estimated Time for Direct: 1-2 hours

5. **Robert L. Morgan**

Mr. Morgan, former Director of DOE's Nuclear Waste Policy Act ("NWPA") Project Office, is expected to testify concerning the early implementation of the NWPA, the formation of the Standard Contract, and other relevant matters.

Estimated Time For Direct: 1-2 hours

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BOSTON EDISON COMPANY,<br><br>Plaintiff,<br><br>v.<br>UNITED STATES,<br><br>Defendant. | ) | |
| ENTERGY NUCLEAR GENERATION CO.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 99-447C<br>No. 03-2626C<br>(Judge Lettow) |

**DEFENDANT'S FINAL WITNESS LIST**

Pursuant to the Court's pretrial scheduling order entered February 26, 2007, and paragraph 15(a) of Appendix A to the Rules of the Court of Federal Claims, defendant, the United States, provides the following list of trial witnesses. This list does not identify those witnesses whom the defendant may choose to use for impeachment. Defendant reserves the right to identify additional witnesses for authentication of documents based upon the objections that plaintiffs, Boston Edison Company ("BECO") and Entergy Nuclear Generation Company ("ENGC"), ultimately assert in response to the exhibit lists served in this case. Defendant also reserves the right to amend this list as described in the Court's rules or based upon the Court's rulings upon motions *in limine* filed by plaintiffs. Defendant reserves the right to call all witnesses listed on the witness lists that BECO and ENGC provide.

**Witnesses That Defendant Expects to Present:**

**Present and Former Government Employees**[1]

1. **Christopher Kouts**
**Director, Office of Systems Analysis and Strategy Development**
**Office of Civilian Radioactive Waste Management**
**United States Department of Energy**
**1000 Independence Ave., SW**
**Washington, DC 20585**

Mr. Kouts is expected to testify concerning the plans of the Department of Energy ("DOE") to accept spent nuclear fuel at a geological repository and a Monitored Retrievable Storage ("MRS") facility, the reasons for the delays in the Yucca Mountain project, DOE's ability to accept utility spent nuclear fuel, budgetary issues, and other relevant matters.

Estimated Time For Direct: 1-2 hours

2. **Robert L. Morgan**
**P. O. Box 2584**
**Monument, Colorado 80132**

Mr. Morgan, former Director of DOE's Nuclear Waste Policy Act ("NWPA") Project Office, is expected to testify concerning the early implementation of the NWPA, the formation of the Standard Contract, and other relevant matters.

Estimated Time For Direct: 1-2 hours

---

[1] The parties are currently in discussions concerning the possibility of designating testimony from at least some of the Government's witnesses rather than presenting live testimony from these witnesses. We expect to resolve this issue by the May 4, 2007 meeting of counsel.

3. **David Zabransky**
**Office of Civilian Radioactive Waste Management**
**United States Department of Energy**
**1000 Independence Ave., SW**
**Washington, DC 20585**

Mr. Zabransky is expected to testify concerning the Government's implementation of the Standard Contract, including acceptance rates, the ACR issue resolution process conducted with industry representatives, the issuance and content of the ACRs, the issuance and content of the APRs, delivery commitment schedules, schedule negotiations, and other relevant matters. Mr. Zabransky is also expected to testify concerning the Department of Energy's implementation of and, to the extent that parol evidence upon the point is appropriate, understanding of the assignment provision of the Standard Contract. Mr. Zabransky is also expected to testify concerning his knowledge of issues concerning the Standard Contract based upon his experience in the nuclear utility industry prior to his employment with DOE, as well as in his role as the Standard Contract contracting officer, and other relevant matters.

Estimated Time For Direct: 1-2 hours

**Boston Edison Company Personnel And Agents**

1. **Henry V. Oheim, Jr.**
**NSTAR Electric and Gas Corp.**
**One NSTAR Way**
**Westwood, MA 02090**

Mr. Oheim is expected to testify as to the condition of Pilgrim at the time of the sale, the Nuclear Regulatory Commission's oversight of nuclear power plants at the time of the sale of Pilgrim, and Boston Edison's preparation of delivery commitment schedules, decommissioning cost studies, and related documents.

Estimate Time For Direct: 1-2 hours

**Witnesses That Defendant May Present:**

**Present and Former Government Employees**

1. **John W. Bartlett**
**1300 Crystal Drive**
**Arlington, VA 22202**

Mr. Bartlett, a former Director of DOE's Office of Civilian Radioactive Waste Management, may testify concerning the alleged objectives, planning, and operation of DOE's civilian radioactive waste management program, and other relevant matters.

Estimated Time For Direct: 1 hour

2. **Thomas Pollog**
**Office of Civilian Radioactive Waste Management**
**United States Department of Energy**
**1000 Independence Ave., SW**
**Washington, DC 20585**

Mr. Pollog may testify concerning the implementation of the Standard Contract, including acceptance rates, the ACR issue resolution process conducted with industry representatives, the issuance and content of the ACRs, the issuance and content of the APR, delivery commitment schedules, schedule negotiations, and other relevant matters. Mr. Pollog may also testify concerning the DOE database built upon the Form RW-859 data submitted by the utilities and used to develop fuel acceptance allocations, and other relevant matters.

Estimated Time For Direct: 1 hour

EXHIBIT
KLEIN #1
DV 4-24-02

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

YANKEE ATOMIC ELECTRIC COMPANY )
(98-126C) (Merow, S.J.) )
CONNECTICUT YANKEE ATOMIC POWER COMPANY )
(98-154C) (Merow, S.J.) )
MAINE YANKEE ATOMIC POWER COMPANY )
(98-474C) (Merow, S.J.) )
FLORIDA POWER & LIGHT COMPANY )
(98-483C) (Wilson, J.) )
NORTHERN STATES POWER COMPANY )
(98-484C) (Wiese, J.) )
DUKE POWER, A Division of DUKE ENERGY CORP. )
(98-485C) (Sypolt, J.) )
INDIANA MICHIGAN POWER COMPANY )
(98-486C) (Hodges, J.) )
SACRAMENTO MUNICIPAL UTILITY DISTRICT )
(98-488C) (Yock, S.J.) )
SOUTHERN NUCLEAR OPERATING COMPANY, et al. )
(98-614C) (Merow, S.J.) )
COMMONWEALTH EDISON COMPANY )
(98-621C) (Hewitt, J.) )
BOSTON EDISON COMPANY )
(99-447C) (Allegra, J.) )
GPU NUCLEAR, INCORPORATED )
(00-440C) (Bush, J.) )
WISCONSIN ELECTRIC POWER COMPANY )
(00-697C) (Merow, S.J.) )
POWER AUTHORITY OF THE STATE OF NEW YORK )
(00-703C) (Damich, J.) )
OMAHA PUBLIC POWER DISTRICT )
(01-115C) (Bush, J.) )
NEBRASKA PUBLIC POWER DISTRICT )
(01-116C) (Sypolt, J.) )
TENNESSEE VALLEY AUTHORITY )
(01-249C) (Bruggink, J.) )

Plaintiffs, )

v. )

THE UNITED STATES, ) Discovery Judge:
) (Judge Sypolt)

Defendant. )

DEFENDANT'S EXHIBIT 2

PENGAD-Bayonne, N.J.

NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims and the Order of the Discovery Judge dated March 25, 2002, counsel for the above-referenced Utility Plaintiffs will take the deposition of Defendant's designated representative at 9:30 a.m. on Wednesday, April 24, 2002, at the law offices of Jenner & Block, 601 Thirteenth St., NW, Suite 1200 South, Washington, DC 20005. The deposition will be recorded by stenographic means and will continue day to day until completed.

Defendant's designated representative will be examined with respect to the matters set forth in the attached exhibit.

Dated: April 18, 2002

Respectfully submitted,

Alex D. Tomaszczuk by Daniel Herzfeld

Alex D. Tomaszczuk
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
Telephone: 703.770.7940
Fax: 703.770.7901

Counsel of Record for Plaintiffs
Florida Power & Light Company, Northern States Power Company, Duke Power, Indiana Michigan Power Company, Boston Edison Company, GPU Nuclear, Inc., Power Authority of the State of New York, Omaha Public Power District, and Nebraska Public Power District

**OF COUNSEL:**
Jay E. Silberg
Devon E. Hewitt
Daniel S. Herzfeld
Jack Y. Chu
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, DC 20037-1128

M. Stanford Blanton
Balch & Bingham, LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Tel: (205) 251-8100
Counsel of Record for Plaintiff:
Southern Nuclear Operating Company, et al.

Richard C. Johnson
Jenner & Block
601 13th Street, N.W.
Suite 1200 South
Washington, D.C. 20005
Tel: (202) 639-6075
Counsel of Record for Plaintiff:
Commonwealth Edison Company

Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101-3099
Tel: (206) 583-8419
Counsel of Record for Plaintiff:
Wisconsin Electric Power Company

Melvin C. Garbow
Arnold & Porter
555 12th Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5666
Counsel of Record for Plaintiff:
Sacramento Municipal Utility District

Peter Shea by Daniel [signature]

Peter K. Shea
Office of General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, TN 37902-1401
Tel: (865) 632-7319
Counsel of Record for Plaintiff:
Tennessee Valley Authority

EXHIBIT

3. DOE's responses to DCS forms submitted by the utility plaintiffs, including DOE's decision to stop approving such DCS forms.

5. DOE's consideration of its obligation to accept Greater-Than-Class-C waste.

7. The date that DOE currently believes that it will begin accepting fuel under the Standard Contract and the acceptance rate that DOE is planning to use once acceptance begins.

9. The role and purpose of the provision on priority for shutdown reactors in the performance of the Standard Contract.

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April 2002, I caused a copy of the foregoing NOTICE OF DEPOSITION to be served by facsimile and by U.S. mail, postage prepaid, on:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530

Attention: Classification Unit
8th Floor, 1100 L Street, N.W.

Document #: 1180086 v.2

Rule 30(b)(6)

1. The rate of acceptance in estimates made by DOE from 1982 to 1987 in the areas of program cost, waste acceptance, transportation planning, and receiving capacity of the program and the basis for those estimates, as set forth in the following documents: (list to be provided).

2. The role and purpose of the Delivery Commitment Schedules ("DCS") and Final Delivery Schedules in the performance of the Standard Contract.

3. DOE's responses to DCS forms submitted by the utility plaintiffs, including DOE's decision to stop approving such DCS forms.

4. The purpose of Annual Capacity Reports and Acceptance Priority Rankings developed pursuant to the Standard Contracts and the basis for the acceptance rates contained therein.

5. DOE's consideration of its obligation to accept Greater-Than-Class-C waste.

6. The rate(s) of acceptance that DOE planned to use under the Standard Contract before DOE determined that it would not begin accepting SNF in a permanent repository in 1998.

7. The date that DOE currently believes that it will begin accepting fuel under the Standard Contract and the acceptance rate that DOE is planning to use once acceptance begins.

8. The role and purpose of the exchange provision in the performance of the Standard Contract.

9. The role and purpose of the provision on priority for shutdown reactors in the performance of the Standard Contract.

10. DOE's criteria for approving, and any use of, the exchange provision in the performance of the Standard Contract.

Document #: 1172972 v.2

PENGAD-Bayonne, N.J. DEFENDANT'S EXHIBIT 3

EXHIBIT Zabransky 72 4/26/02 JVC

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

YANKEE ATOMIC ELECTRIC COMPANY )
(98-126C) (Merow, S.J.) )
CONNECTICUT YANKEE ATOMIC POWER COMPANY )
(98-154C) (Merow, S.J.) )
MAINE YANKEE ATOMIC POWER COMPANY )
(98-474C) (Merow, S.J.) )
FLORIDA POWER & LIGHT COMPANY )
(98-483C) (Wilson, J.) )
NORTHERN STATES POWER COMPANY )
(98-484C) (Wiese, J.) )
DUKE POWER, A Division of DUKE ENERGY CORP. )
(98-485C) (Sypolt, J.) )
INDIANA MICHIGAN POWER COMPANY )
(98-486C) (Hodges, J.) )
SACRAMENTO MUNICIPAL UTILITY DISTRICT )
(98-488C) (Yock, S.J.) )
SOUTHERN NUCLEAR OPERATING COMPANY, et al. )
(98-614C) (Merow, S.J.) )
COMMONWEALTH EDISON COMPANY )
(98-621C) (Hewitt, J.) )
BOSTON EDISON COMPANY )
(99-447C) (Allegra, J.) )
GPU NUCLEAR, INCORPORATED )
(00-440C) (Bush, J.) )
WISCONSIN ELECTRIC POWER COMPANY )
(00-697C) (Merow, S.J.) )
POWER AUTHORITY OF THE STATE OF NEW YORK )
(00-703C) (Damich, J.) )
OMAHA PUBLIC POWER DISTRICT )
(01-115C) (Bush, J.) )
NEBRASKA PUBLIC POWER DISTRICT )
(01-116C) (Sypolt, J.) )
TENNESSEE VALLEY AUTHORITY )
(01-249C) (Bruggink, J.) )
)
Plaintiffs, )
)
v. )
)
THE UNITED STATES, ) Discovery Judge:
) (Judge Sypolt)
Defendant. )
)

PENGAD-Bayonne, N.J. DEFENDANT'S EXHIBIT 4

EXHIBIT
Pollog no 1
Aub 5/14/02

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims and the Order of the Discovery Judge dated March 25, 2002, counsel for the above-referenced Utility Plaintiffs will take the deposition of Defendant's designated representative at 9:30 a.m. on Wednesday, April 24, 2002, at the law offices of Jenner & Block, 601 Thirteenth St., NW, Suite 1200 South, Washington, DC 20005. The deposition will be recorded by stenographic means and will continue day to day until completed.

Defendant's designated representative will be examined with respect to the matters set forth in the attached exhibit.

Dated: April 18, 2002

Respectfully submitted,

Alex D. Tomaszczuk by Daniel Herzfeld

Alex D. Tomaszczuk
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
Telephone: 703.770.7940
Fax: 703.770.7901

Counsel of Record for Plaintiffs
Florida Power & Light Company, Northern States Power Company, Duke Power, Indiana Michigan Power Company, Boston Edison Company, GPU Nuclear, Inc., Power Authority of the State of New York, Omaha Public Power District, and Nebraska Public Power District

**OF COUNSEL:**

Jay E. Silberg
Devon E. Hewitt
Daniel S. Herzfeld
Jack Y. Chu
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, DC 20037-1128

M. Stanford Blanton
Balch & Bingham, LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Tel: (205) 251-8100
Counsel of Record for Plaintiff:
Southern Nuclear Operating Company, et al.

Richard C. Johnson
Jenner & Block
601 13th Street, N.W.
Suite 1200 South
Washington, D.C. 20005
Tel: (202) 639-6075
Counsel of Record for Plaintiff:
Commonwealth Edison Company

Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101-3099
Tel: (206) 583-8419
Counsel of Record for Plaintiff:
Wisconsin Electric Power Company

Melvin C. Garbow
Arnold & Porter
555 12th Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5666
Counsel of Record for Plaintiff:
Sacramento Municipal Utility District

Peter Shea by Daniel Hayden

Peter K. Shea
Office of General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, TN 37902-1401
Tel: (865) 632-7319
Counsel of Record for Plaintiff:
Tennessee Valley Authority

**EXHIBIT**

3. DOE's responses to DCS forms submitted by the utility plaintiffs, including DOE's decision to stop approving such DCS forms.

5. DOE's consideration of its obligation to accept Greater-Than-Class-C waste.

7. The date that DOE currently believes that it will begin accepting fuel under the Standard Contract and the acceptance rate that DOE is planning to use once acceptance begins.

9. The role and purpose of the provision on priority for shutdown reactors in the performance of the Standard Contract.

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April 2002, I caused a copy of the foregoing NOTICE OF DEPOSITION to be served by facsimile and by U.S. mail, postage prepaid, on:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530

Attention: Classification Unit
8th Floor, 1100 L Street, N.W.

[signature]

Document #: 1180086 v.2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

YANKEE ATOMIC ELECTRIC COMPANY,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 98-126 C
(Senior Judge Merow)

NOTICE OF DEPOSITION

Plaintiff[1] hereby gives notice pursuant to RCFC 30(b)(1) and 30(b)(6) of its intent to take the deposition upon oral examination of one or more designees of the defendant to testify on the matters set out in exhibit 1 hereto. The deposition shall commence on Thursday, April 22, 1999

PENGAD-Bayonne, N.J.
DEFENDANT'S
EXHIBIT
5

[1] Although this deposition is being noticed under Case No. 98-126 C, consistent with the admonition in the Court's Pretrial Order of November 4, 1998 that duplicative discovery be avoided, this deposition is also intended for use in *Connecticut Yankee v. United States*, No. 98-154C, and *Maine Yankee v. United States*, No. 98-474C.

FROM SPRIGGS & HOLLINGSWORTH (TUE) 3. 30' 99 17:01/ST. 16:58/NO. 4861852609 P 16

at 10:00 a.m. and shall continue day to day until completed. The deposition shall be conducted at the offices of Spriggs & Hollingsworth, 1350 I Street, N.W., Ninth Floor, Washington, D.C. 20005.

Respectfully submitted,

Date: March 30, 1999

JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
(202) 898-5800

COUNSEL FOR PLAINTIFF
YANKEE ATOMIC ELECTRIC COMPANY

Of Counsel:

David J. Taylor
Robert L. Shapiro
Glenn S. Greene
Peter J. Skalaban, Jr.
Michael R. Miner
Spriggs & Hollingsworth



(TUE) 3. 30' 99 17:01/ST. 16:58/NO. 4861852609 P 17
FROM SPRIGGS & HOLLINGSWORTH

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Notice of Deposition was served by hand on the following on March 30, 1999:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530

Robert L. Shapiro

FROM SPRIGGS & HOLLINGSWORTH (TUE) 3. 30' 99 17:02/ST. 16:58/NO. 4861852609 P 18

Exhibit 1

DEFINITIONS[2]

Each of the following definitions shall apply to the matters described herein:

1. "DOE" shall mean the United States Department of Energy as well as its predecessors, including but not limited to the United States Atomic Energy Commission, the Office of Civilian Radioactive Waste Management, the Office of Nuclear Waste Storage Investigations, and the Office of Nuclear Energy, as well as all agencies, offices, divisions or departments, OFFICIALS, DIRECTORS, OFFICERS, EMPLOYEES, AGENTS, attorneys and other REPRESENTATIVES, and contractors, past or present, thereof.

2. "NWPA" shall mean the Nuclear Waste Policy Act of 1982 (codified at 42 U.S.C. 10008 et seq.), as well as any and all Amendment(s) thereto.

3. "PERSON" shall include any natural person, corporation (private or governmental), syndicate, trust, partnership, proprietorship, firm, group, association, joint venture, governmental or other public entity or agency, or any other form of organization or legal entity, including the United States, and all their respective OFFICIALS, DIRECTORS, OFFICERS, EMPLOYEES, REPRESENTATIVES, or AGENTS, whether or not still alive or in existence.

4. "SPENT FUEL" shall mean spent nuclear fuel and/or high-level radioactive waste.

5. The term "STANDARD CONTRACT FOR THE DISPOSAL OF SPENT FUEL" shall mean the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level

---

[2] In order to make these interrogatories as clear as possible, terms defined for the purposes of these interrogatories are capitalized.

Radioactive Waste set forth in Part 961 of the Code of Federal Regulations, pursuant to which DOE is to take title to, transport, and dispose of spent nuclear fuel and/or high-level radioactive waste delivered to DOE by those owners or generators of such fuel or waste who execute the contract.

6. "YANKEE ATOMIC'S SPENT FUEL DISPOSAL CONTRACT" shall mean, collectively, the separate Contracts for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste, entered into by DOE with Yankee Atomic, Connecticut Yankee and/or Maine Yankee.

<u>MATTERS</u>

1. The development, proposal, and/or promulgation of the terms of YANKEE'S SPENT FUEL DISPOSAL CONTRACT.

2. The development, proposal, and/or promulgation of the terms of the STANDARD CONTRACT FOR THE DISPOSAL OF SPENT FUEL.

3. The government's past and present interpretations of YANKEE'S SPENT FUEL DISPOSAL CONTRACT.

4. The government's past and present interpretations of the STANDARD CONTRACT FOR THE DISPOSAL OF SPENT FUEL.

5. Delivery commitment schedules submitted to DOE by Yankee Atomic, Connecticut Yankee and Maine Yankee, including DOE's responses thereto.

6. Request(s) by Yankee Atomic, Connecticut Yankee and/or Maine Yankee that priority be accorded to SPENT FUEL removed from their nuclear power reactors after each reactor was shut down permanently.



FROM SPRIGGS & HOLLINGSWORTH (TUE) 3. 30' 99 17:02/ST. 16:58/NO. 4861852609 P 20

7. The possibility of according of priority to SPENT FUEL removed from a civilian nuclear power reactor that has reached the end of its useful life or has been shut down permanently.

8. The exchange of approved delivery commitment schedules among parties with contracts with DOE for the disposal of SPENT FUEL, including the government's role in approving such exchanges.

9. The development and implementation of Annual Capacity Reports prepared by DOE in connection with the SPENT FUEL disposal program.

10. The rate or pace at which DOE may accept SPENT FUEL pursuant to either the STANDARD CONTRACT FOR THE DISPOSAL OF SPENT FUEL and/or YANKEE'S SPENT FUEL DISPOSAL CONTRACT.

11. The schedule (measured in terms of metric tons of uranium or assemblies per year or by some other measure) on which the defendant contends that DOE is obligated to remove SPENT FUEL from the site of Yankee Atomic's, Connecticut Yankee's and/or Maine Yankee's reactors pursuant to the STANDARD CONTRACT FOR THE DISPOSAL OF SPENT FUEL and/or YANKEE ATOMIC'S SPENT FUEL DISPOSAL CONTRACT.

12. The timing of DOE's actual, future commencement of acceptance of SPENT FUEL from Yankee Atomic, Connecticut Yankee and/or Maine Yankee.

13. The development and implementation of Acceptance Priority Rankings prepared by DOE in connection with the NWPA.

14. The costs or expenses of DOE's activities pursuant to NWPA, including but not limited to any budgets (whether final, interim, or proposed).



FROM SPRIGGS & HOLLINGSWORTH (TUE) 3. 30. 99 17:02/ST. 16:58/NO. 4861852609 P 21

15. The development and implementation of Mission Plans, program plans, and/or program reassessments (including any amendments thereto) for DOE's activities pursuant to the NWPA.

16. Contractual relationships between DOE and any party who has played any role in the exploration, design, or study of facilities and/or processes for picking up and/or transporting SPENT FUEL from civilian nuclear reactors for storage and/or disposal by DOE, including the processes for the development of such contracts and the selection of contractors for such contracts.

17. Facilities and/or processes for picking up or transporting SPENT FUEL from civilian nuclear reactors for storage and/or disposal by DOE.

18. The storage and/or disposal of SPENT FUEL at sites other than civilian nuclear reactors since January 1, 1983, including for each such storage site, whether such storage has complied with the requirements of the U.S. Nuclear Regulatory Commission, the legal authority for such storage, the manner in which the SPENT FUEL is stored, the source of the SPENT FUEL stored, and the government agency, company or other entity that has stored the SPENT FUEL.

19. Movements of SPENT FUEL into or within the United States by or on behalf of the United States since January 1, 1990, including for each such movement, the source of the SPENT FUEL (i.e., commercial reactor or otherwise), whether it complied with the requirements of the U.S. Nuclear Regulatory Commission, the legal authority for such movement, the manner in which the SPENT FUEL was moved, and the company or other entity that moved the SPENT FUEL.

20. The casks or similar devices in which SPENT FUEL from civilian nuclear reactors has been or could be stored and/or transported.

21. The extent and timing of DOE's obligation pursuant to YANKEE ATOMIC'S SPENT FUEL DISPOSAL CONTRACT to provide casks necessary for the removal of SPENT FUEL from the site of Yankee Atomic's, Connecticut Yankee's and/or Maine Yankee's nuclear power reactors.

22. The government's interpretation of Article IV.A.2.(a) of YANKEE ATOMIC'S SPENT FUEL DISPOSAL CONTRACT with respect to placing SPENT FUEL from Yankee Atomic's, Connecticut Yankee's and Maine Yankee's nuclear power reactor into casks approved for transportation and storage by the U.S. Nuclear Regulatory Commission.

23. The reasonable, typical and/or actual costs and/or expenses that have been (since June 30, 1983) or may be incurred by plaintiffs to store SPENT FUEL resulting from the operation of their nuclear power reactors.

24. The decommissioning of Yankee Atomic's nuclear power plant in Rowe, Massachusetts.

25. The decommissioning of Connecticut Yankee's nuclear power plant in Haddam Neck, Connecticut.

26. The decommissioning of Maine Yankee's nuclear power plant in Wiscasset, Maine.

27. The status of Greater Than Class C Waste arising from the decommissioning of Yankee Atomic's, Connecticut Yankee's and/or Maine Yankee's nuclear power reactors as SPENT FUEL pursuant to YANKEE ATOMIC'S SPENT FUEL DISPOSAL CONTRACT.



FROM SPRIGGS & HOLLINGSWORTH (TUE) 3. 30' 99 17:03/ST. 16:58/NO. 4861852609 P 23

28. The manner in which Greater Than Class C Waste arising from the decommissioning of commercial nuclear power reactors would be or will be disposed of.

29. Efforts undertaken by or on behalf of DOE since June 30, 1983 to examine the manner in which DOE would remove SPENT FUEL from the site of Yankee Atomic's nuclear power reactor.

30. Efforts undertaken by or on behalf of DOE since June 30, 1983to examine the manner in which DOE would remove SPENT FUEL from the site of Connecticut Yankee's nuclear power reactor.

31. Efforts undertaken by or on behalf of DOE since June 30, 1983 to examine the manner in which DOE would remove SPENT FUEL from the site of Maine Yankee's nuclear power reactor.

32. Legislative proposals that culminated in the enactment of NWPA in 1982, including but not limited to proposed legislative language or testimony provided to any committee or sub-committee of Congress.

33. Federal legislative proposals initiated since January 1, 1977 for federal storage or disposal of SPENT FUEL from civilian nuclear reactors.

34. Efforts or proposals to amend the NWPA.



FROM SPRIGGS & HOLLINGSWORTH (TUE) 3. 30' 99 17:03/ST. 16:58/NO. 4861852609 P 24

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

EXHIBIT 4E
PENGAD 800-631-6989
ComEd 30-B6
2/25/04 LGR

COMMONWEALTH EDISON COMPANY, Plaintiff,

v.

THE UNITED STATES, Defendant.

No. 98-621 C
(Judge Hewitt)

## AMENDED RULE 30(B)(6) NOTICE OF DEPOSITION

Please take notice that pursuant to RCFC 30(b)(6), the plaintiff, Commonwealth Edison Company, will take the deposition of the United States, or the person or persons designated by the United States, upon oral examination before an officer authorized by law to administer oaths commencing on February 16, 2004 or at a time and place agreed upon by counsel for the parties; and continued from day to day until completed. The deposition will be recorded by stenographic means. Pursuant to RCFC 30(b)(6), the United States shall designate the person or persons to testify upon its behalf as to the subject matters identified in Attachment A.

Dated: February 17, 2004

Respectfully submitted,

David A. Handzo (By Donald R. Canling)

DAVID A. HANDZO
Jenner & Block, LLC
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005
(202) 639-6000
(202) 639-6066 fax
COUNSEL FOR PLAINTIFF
COMMONWEALTH EDISON
COMPANY, on its own behalf and on behalf of
MidAmerican Energy Company, successor-in-interest
to Iowa-Illinois Gas and Electric Company

PENGAD-Bayonne, N.J.
DEFENDANT'S EXHIBIT 6

158322-EX00010563

Of Counsel:

Donald R. Cassling
Norman M. Hirsch
David Jiménez-Ekman
Christopher Tompkins
Jenner & Block, LLC
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

Thomas S. O'Neill
Exelon Nuclear
Cornerstone II
5th Floor
4300 Winfield Road
Warrenville, IL 60555
(630) 657-3770

## CERTIFICATE OF SERVICE

I, Nada Djordjevic, hereby certify that, on this 17th day of February, 2004, I caused to be served by facsimile and U.S. Mail a copy of "**AMENDED RULE 30(B)(6) NOTICE OF DEPOSITION**" addressed as follows:

HAROLD D. LESTER
U.S. Department of Justice
Commercial Litigation Section
Civil Division
1100 L Street, N.W.
Room 12068
Washington, D.C. 20005

MARIAN E. SULLIVAN
U.S. Department of Justice
Commercial Litigation Section
Civil Division
1100 L Street, N.W.
Room 12068
Washington, D.C. 20005

[signature]

Attachment A

1. The date on which DOE will begin accepting spent nuclear fuel and/or high-level radioactive waste (collectively "SNF") under its Standard Contract with ComEd and/or other nuclear utilities, including, but not limited to, the schedule for obtaining all required regulatory approvals or other licenses, the time required to construct a facility for storage and disposal of SNF, and the time required to develop a system to transport SNF from utilities to DOE.

2. The likelihood that DOE will begin accepting SNF from nuclear utilities by 2010, including without limitation any and all analyses thereof performed by DOE, any DOE contractors, the Nuclear Regulatory Commission, the General Accounting Office, or any other U.S. governmental agency, any and all potential barriers thereto.

3. The timing and priority of DOE's acceptance from parties to its Standard Contract of SNF purportedly falling into the SNF classifications under Appendix E of the Standard Contract for "Nonstandard Fuel," "Failed Fuel," and "Nonfuel Components" and all subcategories of such classifications, and any and all contemplated or actual criteria used by DOE to determine how SNF is classified under Appendix E and/or addressing the timing and priority of acceptance for those classifications.

4. The anticipated minimum cooling time required for acceptance, transport, and disposal of SNF under DOE's current design or specification of a repository, including, without limitation, the basis for any DOE contention that DOE is entitled to wait longer than the five-year cooling period provided in the Standard Contract to accept SNF.

5. The types and characteristics of casks and/or canisters that DOE is planning to provide to ComEd and/or other parties to a Standard Contract under Article IV.B.2 of the Standard Contract when DOE begins accepting SNF, the anticipated procedures for loading those casks and/or canisters, and the date on which DOE expects to inform ComEd and/or other parties to a Standard Contract of the foregoing information.

6. DOE's plans or intentions with respect to transporting from utility sites to a DOE repository multi-element welded canisters, such as the Holtec MPC 68, currently being used by Exelon Generation, LLC and other nuclear utilities to provide dry cask storage at utility sites.

7. DOE's plans, preparations, designs and/or intentions with respect to transporting from utility sites to a DOE repository and unloading at a repository any dry cask storage container, canister, and/or cask.

8. Any advice instructions, guidance, direction, or other information provided by DOE to ComEd or any other party to a Standard Contract to date relating or

referring to (a) the type of cask, canister and/or other container that a utility should use to provide dry cask storage for SNF that would be, in the DOE's view, appropriate for acceptance by the DOE under the Standard Contract, and/or (b) the manner in which a utility should provide storage for SNF in the event that the utility no longer had the requisite space for storage in its spent fuel pool, and/or (c) the manner in which a utility should provide storage for SNF in light of DOE's breach of the Standard Contract.

9. The SNF which any utility which has multiple reactors covered under one Standard Contract may select to deliver to DOE against an oldest fuel first allocation under the Standard Contract and any limitation thereon.

10. The anticipated effect , if any, on DOE's performance under the Standard Contract and its operation of the SNF program of a utility obtaining an extension of its current operating license period for one or more nuclear power plants owned by that utility.

11. The SNF discharge and burn up projections contained in Bechtel SAIC Company, LLC Report Number TDR-WAT-NU-000002 Rev 01 titled "Calculation Method for the Projection of Future Spent Nuclear Fuel Discharges" and the associated spreadsheets produced Plaintiff on January 7, 2004 including, without limitation, the purpose of the report and the underlying data, assumptions and methodology used by OCRWM for projecting future SNF discharges.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

EXHIBIT 1
30-B-6
Kouts
3/11/04 Lam

| | | |
|---|---|---|
| COMMONWEALTH EDISON COMPANY, Plaintiff, | ) | No. 98-621 C |
| v. | ) | (Judge Hewitt) |
| THE UNITED STATES, Defendant. | ) | |

## THIRD AMENDED RULE 30(B)(6) NOTICE OF DEPOSITION

Please take notice that pursuant to RCFC 30(b)(6), the plaintiff, Commonwealth Edison Company, will take the deposition of the United States, or the person or persons designated by the United States, upon oral examination before an officer authorized by law to administer oaths commencing at 8:30 a.m. on Friday, March 12, 2004 at the law offices of Jenner & Block LLP, 601 Thirteenth Street NW, Washington, DC 20005, or at a time and place agreed upon by counsel for the parties. The deposition will be recorded by stenographic means and continued from day to day until completed. Pursuant to RCFC 30(b)(6), the United States shall designate the person or persons to testify upon its behalf as to the subject matters identified in Attachment A.

Dated: March 3, 2004

Respectfully submitted,

DAVID A. HANDZO
Jenner & Block LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005
(202) 639-6000
(202) 639-6066 fax
COUNSEL FOR PLAINTIFF
COMMONWEALTH EDISON
COMPANY, on its own behalf and on behalf of MidAmerican Energy Company, successor-in-interest to Iowa-Illinois Gas and Electric Company

DEFENDANT'S EXHIBIT 7

Of Counsel:

Donald R. Cassling
Norman M. Hirsch
David Jiménez-Ekman
Christopher Tompkins
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

Thomas S. O'Neill
Exelon Nuclear
Cornerstone II
5th Floor
4300 Winfield Road
Warrenville, IL 60555
(630) 657-3770

## CERTIFICATE OF SERVICE

I, David Jiménez-Ekman, hereby certify that, on this 3rd day of March, 2004, I caused to be served by facsimile and U.S. Mail a copy of **"THIRD AMENDED RULE 30(B)(6) NOTICE OF DEPOSITION"** addressed as follows:

HAROLD D. LESTER
U.S. Department of Justice
Commercial Litigation Section
Civil Division
1100 L Street, N.W.
Room 12068
Washington, D.C. 20005

MARIAN E. SULLIVAN
SHARON SNYNDER
U.S. Department of Justice
Commercial Litigation Section
Civil Division
1100 L Street, N.W.
Room 12068
Washington, D.C. 20005

**Attachment A**

1. The date on which DOE will begin accepting spent nuclear fuel and/or high-level radioactive waste (collectively "SNF") under its Standard Contract with ComEd and/or other nuclear utilities, including, but not limited to, the schedule for obtaining all required regulatory approvals or other licenses, the time required to construct a facility for storage and disposal of SNF, and the time required to develop a system to transport SNF from utilities to DOE.

2. The likelihood that DOE will begin accepting SNF from nuclear utilities by 2010, including without limitation any and all analyses thereof performed by DOE, any DOE contractors, the Nuclear Regulatory Commission, the General Accounting Office, or any other U.S. governmental agency, any and all potential barriers thereto.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHERN NUCLEAR OPERATING CO. INC., ALABAMA POWER COMPANY, AND GEORGIA POWER COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 98-614C<br>(Senior Judge Merow) |

PLAINTIFFS' RULE 30(B)(6) NOTICE OF DEPOSITION

Please take notice that, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims, plaintiffs, Southern Nuclear Operating Co. Inc., Alabama Power Company, and Georgia Power Company (collectively "Southern"), will take the deposition of the Department of Energy ("DOE" or "Government"), or a person or persons designated by the Government upon oral examination before an officer authorized by law to administer oaths, commencing December 2, 2004, at Arnold & Porter, 555 Twelfth Street, N.W., Washington, D.C. 20004-1202, commencing at 9:00 a.m. until 6:00 p.m., or at a time and place agreed upon between counsel for the parties, and continuing from day to day until completed.

Pursuant to Rule 30(b)(6), the Government shall designate the most knowledgeable person or persons to testify upon its behalf as to the following subject matter.

1. The Government's plans for accepting delivery of spent nuclear fuel stored in dry casks on Southern's reactor sites, including but not limited to:

   a. The Government's plans, if any, regarding potential interim storage option(s) prior to the availability of Yucca Mountain (*e.g.*, alternative sites

PENGAD-Bayonne, N.J. DEFENDANT'S EXHIBIT 8

near Yucca Mountain, elsewhere, the Government taking title to spent fuel at onsite (at reactor), ISFSIs, etc.).

b. The physical characteristics of the equipment and facilities, including but not limited to and to the extent applicable, canisters, casks, and overpacks, the Government plans to use to accept spent nuclear fuel from Southern's reactor sites and transport the spent fuel to the Yucca Mountain repository.

c. The existence of any contracts with cask and/or container vendors, as well as any other vendors, related to the acceptance and disposal of commercial spent nuclear fuel; and

d. The Government's plans relative to the acceptance of spent nuclear fuel in canisters and/or casks purchased by Southern Nuclear for storage purposes.

e. The Government's projections of spent nuclear fuel discharges for Southern (factoring in the Government's assumptions, if any regarding capacity factors, burn-up rates, etc.).

f. The Government's plan for accommodating Yucca Mountain's capacity limitations.

2. The Government's plans for accepting delivery of spent nuclear fuel stored in dry casks on away from reactor independent spent fuel storage installations.

3. The Government's plan for the commencement of operations at the Yucca Mountain repository, including but not limited to schedule milestones, actual and projected performance against such milestones, prior and current budget requests, and funding requirements.

4. The basis for the spent nuclear fuel acceptance rate utilized in the DOE's 2004 Annual Priority Ranking and Annual Capacity Report.

5. The physical characteristics of equipment, including canisters, casks and overpacks, that would-have-been used, had the Government begun performance in 1998.

Dated: November 12, 2004

M. Stanford Blanton

Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 226-3417
Facsimile: (205) 226-8798

COUNSEL OF RECORD FOR PLAINTIFFS

**Of Counsel:**

Ed R. Haden
K. C. Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

Ronald A. Schechter
Jeffrey L. Handwerker
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
Telephone: (202) 942-5777
Facsimile: (202) 942-5999

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury, that on this 12 day of November, 2004, I caused to be served by United States mail and facsimile a copy of the foregoing Plaintiffs' Rule 30(b)(6) Notice of Deposition addressed as follows:

Marian E. Sullivan, Esq.
Department of Justice
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

M. Stanford Blanton

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, | ) | No. 04-106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, Defendant. | ) | |

NOTICE OF DEPOSITION

Please take notice that, pursuant to Rules 30(a)(1) and 30(b)(6) of the Rules of the Court of Federal Claims, plaintiff Dairyland Power Cooperative will take the deposition of Christopher Kouts upon oral examination before an officer authorized by law to administer oaths, commencing May 1, 2007, at Greenberg Traurig, LLP, 800 Connecticut Avenue, NW, Suite 500, Washington, DC 20006, commencing at 9:00 a.m., or at a time and place agreed upon between counsel for the parties, and continuing from day to day until completed.

Pursuant to RCFC 30(b)(6), defendant United States has designated Mr. Kouts to testify upon its behalf as to the following subjects:

1. The rate(s) of acceptance that DOE planned to use under the Standard Contracts (a) before DOE determined that it would not begin accepting spent fuel in a permanent repository in 1998, and (b) after that time.

2. A reasonable annual rate of acceptance for spent fuel under the Standard Contracts, and the factors to consider in determining a reasonable rate.

3. The earliest date that DOE currently believes that it will begin accepting spent fuel under the Standard Contracts.

DEFENDANT'S EXHIBIT 9

DC 371419420v1 4/19/2007

4. The acceptance rate that DOE is planning to use once spent fuel acceptance begins pursuant to the Standard Contracts.

5. The date on which DOE currently plans to complete picking up spent fuel from Dairyland's site.

6. The reasonableness or unreasonableness of Dairyland's expenditures on private fuel storage initiatives.

7. The reasonableness or unreasonableness of Dairyland's storage of its spent fuel in its spent fuel pool during the period subsequent to January 31, 1998.

8. The reasonableness or unreasonableness of Dairyland's study, analysis investigation and implementation of dry storage for its spent fuel during the period subsequent to January 31, 1998.

April 19, 2007

Respectfully submitted,

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Notice of Deposition be served by facsimile and first class mail this 19th day of April 2007 on:

Russell A. Shultis
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530

Kevin E. Stern

WDC 371419420v1 4/19/2007

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DAIRYLAND POWER COOPERATIVE,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 04-106C<br>(Chief Judge Damich) |

NOTICE OF DEPOSITION

Please take notice that, pursuant to Rules 30(a)(1) and 30(b)(6) of the Rules of the Court of Federal Claims, plaintiff Dairyland Power Cooperative will take the deposition of Thomas Pollog upon oral examination before an officer authorized by law to administer oaths, commencing May 4, 2007, at Greenberg Traurig, LLP, 800 Connecticut Avenue, NW, Suite 500, Washington, DC 20006, commencing at 9:00 a.m., or at a time and place agreed upon between counsel for the parties, and continuing from day to day until completed.

Pursuant to RCFC 30(b)(6), defendant United States has designated Mr. Pollog to testify upon its behalf as to the following subjects:

1. The purpose and role of instructions the Department of Energy ("DOE") has issued for completing Delivery Commitment Schedules ("DCSs"), including the instructions issued in 1991 and in 2004.

2. The purpose and role of Annual Capacity Reports and Acceptance Priority Rankings under the Standard Contracts and the development of and basis for the acceptance rates contained therein.

DEFENDANT'S EXHIBIT 10
PENGAD-Bayonne, N.J.

DC 371419533v1 4/19/2007

3. How DOE's rate and schedule for acceptance of spent fuel is determined under the Standard Contracts.

4. All efforts undertaken by or on behalf of DOE to examine the manner or process by which DOE would remove spent fuel from Dairyland's site.

5. The role, purpose and development of DOE's Transportation, Aging and Disposal Canister System ("TAD") and DOE's plans, if any, consistent with use of TAD to accept spent fuel stored in other containers.

April 19, 2007

Respectfully submitted,

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Notice of Deposition be served by facsimile and first class mail this 19th day of April 2007 on:

Russell A. Shultis
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530

Kevin E. Stern

WDC 371419533v1 4/19/2007