IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 04-0106C<br><br>(Chief Judge Damich) |

DAIRYLAND'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to RCFC 34, Dairyland Power Cooperative serves the following request for the production of documents:

I. DEFINITIONS

For the purposes of this request, the following definitions shall apply:

1. "CIVILIAN NUCLEAR POWER REACTOR" means a civilian nuclear power plant required to be licensed under section 103 or 104(b) of the Atomic Energy Act of 1954 [42 U.S.C. §§ 2133, 2134(b)].

2. "COMMUNICATIONS" shall mean and include any document containing transmission or exchange of information between two or more persons, whether orally or in writing, including, without limitation, any discussion or information carried on or transmitted by means of letter, note, memorandum, interoffice correspondence, telephone, telex, telecopy, cable, electronic mail, or some other electronic or other medium.

3. "DELIVERY COMMITMENT SCHEDULE" refers to the forms described in Article V, Paragraph B of the Standard Contract and includes schedules that have been proposed

SPENT FUEL.

10. DOCUMENTS RELATED TO any DOE or NRC meetings concerning the acceptance and/or disposal of DAIRYLAND'S SPENT FUEL or amending DAIRYLAND'S spent fuel disposal contract.

11. DOCUMENTS RELATED TO any Annual Capacity Reports or Acceptance Priority Reports prepared by DOE in connection with the SPENT FUEL disposal program, including but not limited to all DOCUMENTS used in the preparation of such reports.

12. DOCUMENTS RELATED TO research, plans or projections concerning the rate of DOE's acceptance of commercial SPENT FUEL in the civilian radioactive waste management system.

13. DOCUMENTS RELATED TO research, plans or projections concerning the order or sequence among utilities in which DOE will accept SPENT FUEL from utilities in the civilian radioactive waste management system, including but not limited to the order in which DOE will accept SPENT FUEL from utilities when DOE begins accepting SPENT FUEL from utilities, and any plans, projections or estimates by DOE of the order or sequence in which DOE would have accepted or will accept SPENT FUEL from utilities.

14. DOCUMENTS RELATED TO the development of an ISFSI at LACBWR.

15. DOCUMENTS RELATED TO the possible location of an ISFSI at LACBWR.

16. DOCUMENTS RELATED TO plans for the future removal of SPENT FUEL from LACBWR.

17. DOCUMENTS RELATED TO actual or potential past removals of SPENT FUEL from LACBWR.

18. DOCUMENTS RELATED TO the removal and disposal of LACBWR'S

Respectfully submitted,

October 10, 2006

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 (Telephone
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Dairyland's First Request for the Production of Documents to be served by hand this 10th day of October 2006 on:

Russell Shultis
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530

Kevin E. Stern

WDC 371347358v8 10/9/2006

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY, CONNECTICUT YANKEE ATOMIC POWER COMPANY, MAINE YANKEE ATOMIC POWER COMPANY, FLORIDA POWER & LIGHT COMPANY, NORTHERN STATES POWER COMPANY, DUKE POWER, a Division of DUKE ENERGY CORP, INDIANA MICHIGAN POWER COMPANY, SACRAMENTO MUNICIPAL UTILITY DISTRICT, SOUTHERN NUCLEAR OPERATING COMPANY, et al., COMMONWEALTH EDISON COMPANY, BOSTON EDISON COMPANY, GPU NUCLEAR, INCORPORATED, WISCONSIN ELECTRIC POWER COMPANY, POWER AUTHORITY OF THE STATE OF NEW YORK, OMAHA PUBLIC POWER DISTRICT, NEBRASKA PUBLIC POWER DISTRICT, TENNESSEE VALLEY AUTHORITY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Nos.: 98-126C, 98-154C, 98-474C, 98-483C, 98-484C, 98-485C, 98-486C, 98-488C, 98-614C, 98-621C, 99-447C, 00-440C, 00-697C, 00-703C, 01-115C, 01-116C, 01-249C |

**UTILITY PLAINTIFFS' JOINT FIRST SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims ("RCFC"), and the Joint Motion for an Order for Coordinated Discovery filed in the above-captioned cases, the Plaintiffs identified above ("Utility Plaintiffs"), by and through their undersigned counsel, hereby serve upon the Defendant, the United States of America, the following Joint First Set of Requests for Production of Documents. Utility Plaintiffs hereby request that Defendant answer the requests for production within the timeframe established by

5. All documents relating to the interpretation of Utility Plaintiffs' Contracts, insofar as such documents, or any portion thereof, relate to Schedule Issues.

6. All documents relating to the Acceptance Rate, including but not limited to:

a. the pace or rate at which DOE would have accepted SNF if it had started accepting such SNF on or before January, 1998;

b. the pace or rate at which DOE will accept SNF when DOE begins accepting SNF;

c. any and all plans, projections, or estimates by DOE for the pace or rate at which DOE would have accepted or will accept SNF; and

d. DOE's anticipated capacity for accepting SNF and any plans, projections or estimates of same.

7. All documents relating to the order among utilities in which DOE will accept SNF from utilities, including but not limited to:

a. the order in which DOE would have accepted SNF if it had started accepting such SNF on or before January, 1998;

b. the order in which DOE will accept SNF when DOE begins accepting SNF;

c. any and all plans, projections, or estimates by DOE for the order in which DOE would have accepted or will accept SNF; and

8. All documents relating to the Waste Acceptance Schedule identified in Table 2-2 of the Mission Plan for the Civilian Radioactive Waste Management Program issued

44. All documents relating to DOE's decision to suspend the submittal of Delivery Commitment Schedules by Purchasers.

Dated: September 4, 2001

Respectfully submitted,

RICHARD C. JOHNSON
Jenner & Block
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005
Tel.: (202) 639-6075
Counsel of Record for Plaintiff:
Commonwealth Edison Company

M. STANFORD BLANTON RCJ
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Tel.: (205) 251-8100
Counsel of Record for Plaintiff:
Southern Nuclear Operating Company

ALEX D. TOMASZCZUK RCJ
Shaw Pittman
1650 Tysons Boulevard
McLean, VA 22102
Tel.: (703) 770-7940
Counsel of Record for Plaintiffs:
Boston Edison Company
Duke Power Company
Florida Power and Light Company
GPU Nuclear, Inc.
Indiana Michigan Power Company
Northern States Power Company
Power Authority of the State of New York

JERRY STOUCK RCJ
Spriggs & Hollingsworth
1350 I Street, N.W., 9th floor
Washington, D.C. 20005-3305
Tel.: (202) 898-5839
Counsel of Record for Plaintiffs:
Yankee Atomic Electric Company
Connecticut Yankee Atomic Power Company
Maine Yankee Atomic Power Company

RICHARD W. OEHLER RCJ
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101-3099
Tel.: (206) 583-8419
Counsel of Record for Plaintiff:
Wisconsin Electric Power Company

MELVIN C. GARBOW RCJ
Arnold & Porter
555 Twelfth Street, N.W.
Washington, DC 20004-1206
Tel.: (202) 942-5666
Counsel of Record for Plaintiff:
Sacramento Municipal Irrigation District

PETER K. SHEA
Office of General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, TN 37902-1401
Tel.: (865) 632-7319

Document Number : 645467v4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalty of perjury that on this 4th day of September 2001, I caused to be served by hand, a copy of the foregoing 'Utility Plaintiffs' Joint First Set of Requests for Production of Documents' upon:

Harold D. Lester, Jr.
Assistant Director
Franklin E. White, Jr.
Assistant Director
Marian E. Sullivan
William L. Olsen
Russell A. Shultis
Bryant Baynes
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-6289

Geoffrey A. Barrow
JENNER & BLOCK
601 Thirteenth Street, N.W.
Twelfth Floor
Washington, DC 20005
(202) 639-6000 (Telephone)
(202) 639-6066 (Facsimile)

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COMMONWEALTH EDISON COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 98-621C<br>(Judge Hewitt) |

## COMMONWEALTH EDISON'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff Commonwealth Edison Company ("ComEd"), by and through its undersigned counsel, hereby serves its First Request for Production of Documents. Pursuant to RCFC 34, ComEd hereby requests that you serve it with a written response within 30 days after the service hereof, and produce the documents identified below for inspection and copying at a mutually convenient time and place.

## I. DEFINITIONS

Each of the following definitions shall apply to this request for documents unless the context indicates otherwise:

1. "DOCUMENT(S)" shall be construed in the broadest sense permissible under RCFC 34 and shall include any and all writings as that term is defined in Federal Rule of Evidence 1001, (including e-mail) and all written, typed, printed, recorded, graphic, computer-generated, or other matter of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tape, film, electronic facsimile, computer storage devices, or any other medium IN THE POSSESSION, CUSTODY, OR CONTROL OF THE UNITED STATES. "DOCUMENT(S)" shall also include each copy that is not identical to the original or

8. All DOCUMENTS RELATING TO the rate or pace at which DOE may accept SPENT FUEL pursuant to NWPA, the STANDARD CONTRACT, or COMED's CONTRACT.

9. All DOCUMENTS RELATING TO any Acceptance Priority Rankings prepared by or on behalf of DOE pursuant to the NWPA and the preparation of those rankings.

10. All DOCUMENTS RELATING TO the review, approval or disapproval, or drafting or preparation of any mission plan, program plan, or program reassessment (including any amendments thereto) for DOE's activities pursuant to NWPA.

11. All DOCUMENTS RELATING TO the needs or requirements (whether current, estimated, or projected) for storage or disposal of SPENT FUEL from commercial nuclear reactors at sites other than commercial nuclear reactors.

12. All DOCUMENTS RELATING TO the development, design, review, procurement, or approval or disapproval of any casks or similar devices in which SPENT FUEL from nuclear reactors has been or could be stored, transported, or disposed of.

13. All DOCUMENTS RELATING TO consideration by or on behalf of DOE of whether DOE is obligated under the NWPA, the STANDARD CONTRACT, or COMED'S CONTRACT to dispose of Greater-than-Class-C waste.

14. All DOCUMENTS RELATING TO the calculation of fees assessed under the NWPA, the STANDARD CONTRACT and/or COMED'S CONTRACT.

15. All DOCUMENTS RELATING TO whether the fees collected and expected to be collected pursuant to the STANDARD CONTRACT from utilities are adequate to fund the repository for SPENT FUEL, including but not limited to, the impact of any future downward adjustments on the adequacy of fees.

16. All DOCUMENTS RELATING TO the drafting or preparation of the December 1998 Report, "Nuclear Waste Fund Fee Adequacy, An Assessment."

17. All DOCUMENTS RELATING TO the consideration by or on behalf of DOE of any adjustment in the fees assessed under the NWPA, the STANDARD CONTRACT and/or COMED'S CONTRACT.

18. All DOCUMENTS RELATING TO DOE's communications with COMED relating to SPENT FUEL.

Respectfully submitted,

Richard C. Johnson
JENNER & BLOCK
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005
(202) 639-6000
COUNSEL FOR PLAINTIFF
COMMONWEALTH EDISON
COMPANY, on its own behalf and on
behalf of MidAmerican Energy Company,
successor-in-interest to Iowa-Illinois Gas
and Electric Company

Of Counsel:
Leslie H. Lepow
JENNER & BLOCK
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005
(202) 639-6000

Donald R. Cassling
Norman M. Hirsch
JENNER & BLOCK
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

Glenn D. Newman
Commonwealth Edison Company
125 S. Clark Street
Chicago, IL 60690
(312) 394-5400

Dated: September 7, 1999

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 7th day of September, 1999, I caused to be delivered by hand the original of Commonwealth Edison's First Request for Production of Documents addressed as follows:

Franklin E. White, Jr., Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

Attn: Classification Unit
8th Floor
1100 L Street, N.W.

Richard C. Johnson

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-74C<br>(Judge Hewitt)<br>into which has been consolidated<br>No. 04-075C |

PG&E'S FIRST REQUEST FOR THE PRODCUTION OF DOCUMENTS

Pursuant to RCFC 34, PG&E serves the following request for the production of documents:

I. DEFINITIONS

For purposes of this request, the following definitions shall apply:

1. "COMMUNICATIONS" shall mean and include any DOCUMENT containing transmission or exchange of information between two or more PERSONs, whether orally or in writing, including, without limitation, any discussion or information carried on or transmitted by means of letter, note, memorandum, interoffice correspondence, telephone, telegraph, telex, telecopy, cable, or some other electronic or other medium.

2. "DELIVERY COMMITMENT SCHEDULE" refers to the forms described in Article V, Paragraph B of the Standard Contract and includes schedules that have been proposed by the utility, schedules proposed by DOE if the utility's schedule is rejected, and any schedules developed pursuant to subsequent attempts to negotiate mutually acceptable schedules.

3. "DOCUMENT" shall be construed in the broadest sense permissible under RCFC 34 and shall include the original and any copy of any and all writings as that term is defined in

7. DOCUMENTS RELATED TO any interpretation of the STANDARD CONTRACT FOR THE DISPOSAL OF SPENT FUEL.

8. DOCUMENTS RELATED TO any delivery commitment schedules submitted to DOE by PG&E.

9. DOCUMENTS RELATED TO any request(s) by PG&E that priority be accorded to SPENT FUEL removed from PG&E's Humboldt Bay Power Plant Unit 3 because the reactor was shut down permanently.

10. DOCUMENTS RELATED TO the according of priority to SPENT FUEL removed from a civilian nuclear power reactor that has reached the end of its useful life or has been shut down permanently.

11. DOCUMENTS RELATED TO the exchange of approved any delivery commitment schedule among parties with contracts with DOE for the disposal of SPENT FUEL.

12. DOCUMENTS RELATED TO any Annual Capacity Reports prepared by DOE in connection with the SPENT FUEL disposal program, including but not limited to all DOCUMENTS used in the preparation of such reports.

13. DOCUMENTS RELATED TO the rate or pace at which DOE may accept SPENT FUEL pursuant to either the STANDARD CONTRACT FOR THE DISPOSAL OF SPENT FUEL or PG&E'S SPENT FUEL DISPOSAL CONTRACT.

14. DOCUMENTS RELATED TO any Acceptance Priority Rankings prepared by DOE in connection with the NWPA, including all DOCUMENTS used in the preparation of the ranking.

15. DOCUMENTS RELATED TO the order or sequence among utilities in which DOE will accept spent fuel from utilities, including but not limited to the order in which DOE would

Dated: June 3, 2005

Respectfully submitted,

Jerry Stouck
Spriggs & Hollingsworth
1350 I Street, N.W.
Ninth Floor
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (fax)
Counsel for Plaintiff
Pacific Gas & Electric Company

Of Counsel:

Robert L. Shapiro
Spriggs & Hollingsworth

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing PG&E's First Request for Production of Documents was served by hand this 3rd day of June, 2005, upon the following:

John C. Ekman
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Eighth Floor
1100 L. Street, N.W.
Washington, D.C. 20530

Robert L. Shapiro

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SOUTH CAROLINA ELECTRIC & GAS COMPANY and SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, | ) |
| Plaintiffs, | ) |
| v. | ) No. 04-0101C |
| THE UNITED STATES OF AMERICA, | ) Judge Charles F. Lettow |
| Defendant. | ) |

**PLAINTIFFS' FIRST SET OF REQUESTS**
**FOR PRODUCTION OF DOCUMENTS**

Plaintiffs South Carolina Electric & Gas Company and South Carolina Public Service Authority (collectively "SCE&G" or "Plaintiffs"), by their attorneys, pursuant to RCFC 34, hereby request that you serve them with a written response within 30 days after the service hereof, and produce the documents identified below for inspection and copying at a mutually convenient time and place.

**DEFINITIONS AND INSTRUCTIONS**

**A. Definitions**

1. "Acceptance Rate" means the pace or rate at which DOE takes delivery of spent nuclear fuel and/or High Level Radioactive Waste from Purchasers pursuant to the Standard Contract.

2. "Document" or "Documents" shall be construed in the broadest sense possible under RCFC 34 and shall include all writings as that term is defined in Federal Rule of Evidence 1001, and all written, typed, printed, recorded, graphic, computer-generated, or other matter of any kind from which information can be derived, whether produced, reproduced, or stored, on

9. Any and all documents relating to the time when DOE would have removed SCE&G's SNF, HLW, and/or greater-than-Class-C waste from SCE&G had DOE performed its obligations under SCE&G's Standard Contract beginning on January 31, 1998.

10. Any and all documents relating to storage of SNF at SCE&G.

11. Any and all documents relating to the rerack of the SCE&G spent fuel pool completed in 2003.

12. Any and all documents relating to the Acceptance Rate, including but not limited to:

a. the pace or rate at which DOE would have accepted SNF if it had started accepting such SNF on or before January 31, 1998;

b. Purchaser expectations as to the pace or rate at which DOE would accept SNF;

c. the pace or rate at which DOE will accept SNF when DOE begins accepting SNF;

d. any and all plans, projections, or estimates by DOE relating to the pace or rate at which DOE would have accepted or will accept SNF; and

e. DOE's anticipated capacity for accepting SNF and any plans, projections or estimates of same.

13. Any and all documents relating to the order among Purchasers in which DOE will accept SNF from Purchasers, including but not limited to:

a. the order in which DOE would have accepted SNF if it had started accepting such SNF on or before January 31,1998;

Dated: October 15, 2004

Respectfully submitted,

[signature]

NORMAN M. HIRSCH
Jenner & Block LLP
One IBM Plaza
330 N. Wabash
Chicago, IL 60611
(312) 923-2782 telephone
(312) 840-7782 facsimile
COUNSEL FOR PLAINTIFFS

Of Counsel:

David A. Handzo
Jenner & Block LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 639-6000

William D. Heinz
David Jiménez-Ekman
Lisa M. Eddington
Christopher Tompkins
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

Thomas G. Eppink
SCANA Services, Inc.
Legal Dept. MC-130
Columbia, SC 29218
(803) 217-9448

Stephen R. Pelcher
Santee Cooper
Post Office Box 2946101
Moncks Corner, SC 29461-2901
(843) 761-4016

**CERTIFICATE OF SERVICE**

I certify under penalty that, on this 15th day of October, 2004, I caused to be served by facsimile and U.S. Mail a copy of "Plaintiffs' First Set of Requests for Production of Documents" addressed as follows:

Stephen Finn, Trial Attorney
U.S. Department of Justice
Commercial Litigation Section
Civil Division
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Room 12068
Washington, D.C. 20005

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DAIRYLAND'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to RCFC 34, Dairyland Power Cooperative serves the following request for the production of documents:

I. DEFINITIONS

For the purposes of this request, the following definitions shall apply:

1. "CIVILIAN NUCLEAR POWER REACTOR" means a civilian nuclear power plant required to be licensed under section 103 or 104(b) of the Atomic Energy Act of 1954 [42 U.S.C. §§ 2133, 2134(b)].

2. "COMMUNICATIONS" shall mean and include any document containing transmission or exchange of information between two or more persons, whether orally or in writing, including, without limitation, any discussion or information carried on or transmitted by means of letter, note, memorandum, interoffice correspondence, telephone, telex, telecopy, cable, electronic mail, or some other electronic or other medium.

3. "DELIVERY COMMITMENT SCHEDULE" refers to the forms described in Article V, Paragraph B of the Standard Contract and includes schedules that have been proposed

WDC 371347358v8 10/9/2006

Reactor Pressure Vessel.

19. DOCUMENTS RELATED TO DOE's projection that it will begin accepting SPENT FUEL from utilities starting in 2017.

20. DOCUMENTS RELATING TO the planned rate of acceptance based upon a 2017 start date for DOE's acceptance of SPENT FUEL from utilities.

21. DOCUMENTS RELATED TO analysis supporting or contradicting a 2017 start date for DOE's acceptance of SPENT FUEL from utilities.

22. COMMUNICATIONS between DOE and NRC concerning a 2017 start date for DOE's acceptance of SPENT FUEL from utilities.

23. COMMUNICATIONS between DOE and Congress concerning a 2017 start date for DOE's acceptance of SPENT FUEL from utilities.

24. DOCUMENTS RELATING TO any Mission Plan, program plan, or program reassessment (including any amendments thereto) for DOE's activities pursuant to the NWPA, including but not limited to all DOCUMENTS used to prepare such plans or reassessments.

25. DOCUMENTS RELATED TO facilities and/or processes for picking up or transporting SPENT FUEL from CIVILIAN NUCLEAR POWER REACTORS for storage or disposal by DOE.

26. COMMUNICATIONS between DAIRYLAND and DOE or NRC RELATED TO SPENT FUEL.

27. DOCUMENTS RELATED TO DOE's acceptance, ownership, storage or plans for disposal of HIGH LEVEL WASTE from CIVILIAN NUCLEAR POWER REACTORS other than those obligations arising under the STANDARD CONTRACTS.

28. DOCUMENTS RELATED TO the storage or disposal of commercial utility

Respectfully submitted,

October 10, 2006

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 (Telephone
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Dairyland's First Request for the Production of Documents to be served by hand this 10th day of October 2006 on:

Russell Shultis
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530

Kevin E. Stern

WDC 371347358v8 10/9/2006

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| COMMONWEALTH EDISON COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 98-621 C<br>(Judge Hewitt) |

**PLAINTIFF'S SECOND SET OF REQUESTS**
**FOR PRODUCTION OF DOCUMENTS**

Plaintiff Commonwealth Edison Company ("ComEd" or "Plaintiff"), by its attorneys, pursuant to RCFC 34, hereby requests that you serve it with a written response within 30 days after the service hereof, and produce the documents identified below for inspection and copying at a mutually convenient time and place.

**DEFINITIONS AND INSTRUCTIONS**

ComEd hereby incorporates as if fully set out herein the definitions and instructions contained in (1) ComEd's First Requests for Production of Documents served on or about September 7, 1999, and (2) Utility Plaintiffs' Joint First Set of Requests for Production of Documents served on or about September 26, 2001. ComEd does not intend that these requests for production call for the production of any document previously produced to ComEd in this action. Unless otherwise defined, capitalized terms in these requests shall have the same meaning given to them under the Standard Contract.

pool, and/or (c) the manner in which a utility should provide storage for SNF in light of DOE's breach of the Standard Contract, and/or (d) the storage of SNF for the time after January 1998, and/or (e) the acceptability to DOE for transportation and/or permanent disposal of any cask, canister, package, multi-element sealed canister or other container for storage of SNF.

7. All documents relating or referring to the DOE's consideration of a multi-purpose cask or canister system or MPC system for the acceptance, storage, transportation and/or permanent disposal of spent SNF that have not been previously produced to ComEd, including without limitation all DOE communications with parties to the Standard Contract concerning DOE's plans to accept such casks or canisters for disposal under the Standard Contract and the NWPA.

8. Any and all documents relating or referring to DOE's plans to furnish multi-purpose casks or canisters to any party to a Standard Contract in partial fulfillment of its obligations under such Standard Contract not previously produced to ComEd.

9. Any and all documents relating to or referring to the casks and/or canisters which DOE is to provide under Article IV.B.2. of the Standard Contract, including without limitation, (a) what casks or canisters are suitable for use at the site of any party to the Standard Contract, (b) the written procedures for cask loading and handling to be provided pursuant to Article IV.B.2.a. of the Standard Contract, (c) the training which has or will be provided to personnel of any Standard Contract holder pursuant to Article IV.B.2.b. of the Standard Contract, and (d) the technical information, special tools, equipment, lifting trunnions, spare parts, and consumables needed to use and perform incidental maintenance on the cask(s) pursuant to Article IV.B.2.c. of the Standard Contract.

10. Any and all documents relating or referring to DOE's willingness to include dual purpose storage and transportation systems as acceptable waste forms under the Standard Contract.

Dated: November 18, 2003

Respectfully submitted,

David A. Handzo (by Norman M. Hirsch)

DAVID A. HANDZO
Jenner & Block, LLC
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005
(202) 639-6000
(202) 639-6066 fax
COUNSEL FOR PLAINTIFF
COMMONWEALTH EDISON
COMPANY, on its own behalf and on behalf of
MidAmerican Energy Company, successor-in-interest
to Iowa-Illinois Gas and Electric Company

Of Counsel:

Donald R. Cassling
Norman M. Hirsch
David Jiménez-Ekman
Christopher Tompkins
Jenner & Block, LLC
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

Thomas S. O'Neill
Exelon Nuclear
Cornerstone II
5th Floor
4300 Winfield Road
Warrenville, IL 60555
(630) 657-3770

**CERTIFICATE OF SERVICE**

I certify that, on this 18th day of November, 2003, I caused to be served by facsimile and Federal Express a copy of " Plaintiff's Second Set of Requests for Production of Documents" addressed as follows:

HAROLD D. LESTER
U.S. Department of Justice
Commercial Litigation Section
Civil Division
1100 L Street, N.W.
Room 12068
Washington, D.C. 20005

SHARON A. SNYDER
U.S. Department of Justice
Commercial Litigation Section
Civil Division
1100 L Street, N.W.
Room 12068
Washington, D.C. 20005

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 98-488 C<br>(Judge Braden) |

**SACRAMENTO MUNICIPAL UTILITY DISTRICT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS RELATED TO DAMAGES**

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims ("RCFC), Plaintiff, Sacramento Municipal Utility District ("SMUD"), hereby serves its First Set of Requests for Production of Documents Related to Damages. SMUD requests that you provide written responses and make responsive documents available within 30 days after service hereof.

**Definitions and Instructions**

A. <u>Definitions</u>

1. "DOE/SMUD Cooperative Agreement" shall mean that certain cooperative agreement and/or demonstration project between the Department of Energy and SMUD by which DOE was to make certain payments to SMUD for an MP-187 transportation cask to carry SNF and which resulted from the government's Solicitation for Cooperative Agreement Proposal number DE-SC06-93RL12449.

2. "Document" or "documents" shall be construed in the broadest sense possible under RCFC 34 and shall include all writings as that term is defined in Federal Rules of Evidence No. 1001, and all written, typed, printed, recorded, graphic, computer-generated, or other matter of any kind from which information can be derived, whether produced, reproduced,

15. All documents relating to the acceptability to DOE for transportation, storage, and/or permanent disposal of any cask, canister, package, multi-element sealed canister or other container for storage of SNF.

16. All documents relating to DOE's plans to furnish dual-purpose or multi-purpose casks or canisters under the Standard Contract.

17. All documents relating to the casks and/or canisters which DOE is to provide under Article IV.B.2 of the Standard Contract, including without limitation, (a) what casks or canisters are suitable for use at the site of any party to the Standard Contract, (b) the written procedures for cask loading and handling to be provided pursuant to Article IV.B.2.a of the Standard Contract, (c) the training which has or will be provided to personnel of any Standard Contract holder pursuant to Article IV.B.2.b of the Standard Contract, and (d) the technical information, special tools, equipment, lifting trunnions, spare parts, and consumables needed to use and perform incidental maintenance on the cask(s) pursuant to Article IV.B.2.c of the Standard Contract.

18. All documents relating to any estimates or announcements regarding the date by which the DOE will have an operational permanent SNF repository, including without limitation documents relating to the timeline or changes to that timeline.

19. All documents relating to any estimates, announcements or pronouncements by the DOE or the Nuclear Regulatory Commission relating to the date by which the DOE will begin accepting SNF under the Standard Contract.

20. All documents relating to the acceptance of, or procedures for handling, multi-element sealed canisters, "Standard Fuel," "Nonstandard Fuel," "Failed Fuel," and "Nonfuel

35. All documents relating to DOE's contention, if any, that DOE advised, informed, or otherwise communicated to SMUD or any other party to a Standard Contract that multi-element sealed canisters would not be accepted by DOE under the Standard Contract on the same schedule as Standard Fuel.

36. All documents relating to the contention by DOE, if any, that SMUD should have left its SNF in the spent fuel pool until DOE's eventual performance.

37. All documents relating to the contention by DOE, if any, that SMUD should have put its SNF in dry storage regardless of DOE's eventual performance.

DATED this 8th day of April, 2004.

Melvin Garbow /by/ T.R. Macdonald

Melvin C. Garbow
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5899
Counsel of Record for
Plaintiff Sacramento Municipal Utility District

Of Counsel:
Howard N. Cayne
ARNOLD & PORTER LLP
David S. Neslin
Timothy R. Macdonald
370 Seventeenth Street, Suite 4500
Denver, CO 80202
(303) 863-1000

CERTIFICATE OF SERVICE

This is to certify that on this 8th day of April, 2004, I caused a true and correct copy of the foregoing Sacramento Municipal Utility District's First Set of Requests for Production of Documents Related to Damages, to be served via facsimile and Hand Delivery, on the following:

Harold D. Lester, Jr.
Russell A. Shultis
Commercial Litigation Branch, Civil Division
Attention: Classification Unit, 8th Floor
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
FAX: 202-307-2503

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WISCONSIN ELECTRIC POWER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 00-697C<br><br>Senior Judge Merow |

**PLAINTIFF'S SECOND SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff Wisconsin Electric Power Company ("WE"), by the undersigned counsel, hereby serves upon the Defendant the following Second Set of Requests for Production of Documents. WE hereby requests that Defendant answer the requests for production in writing and under oath within the time required under the RCFC.

**DEFINITIONS AND INSTRUCTIONS**

A. Plaintiff renews, and incorporates by reference into each of WE's Requests for Production of Documents set forth below, the Definitions and Instructions included in the Utility Plaintiffs' Joint First Set of Requests for Production of Documents.

58. All communications between DOE and WE related to the Standard Contract.

59. All documents between ACORD and the DOE related to the Standard Contract or SNF.

60. All documents relating to DOE's willingness to include dual purpose storage and transportation systems or casks or canisters as acceptable waste forms under the Standard Contract, including without limitation documents relating to DOE's willingness to include WE's storage system as an acceptable waste form.

61. All documents relating to any information provided by DOE to WE or any other party to a Standard Contract relating to the manner in which a utility should provide storage for SNF in light of DOE's breach of the Standard Contract.

62. All documents relating to any information provided by DOE to WE or any other party to a Standard Contract relating to the type of cask, canister and/or other container that a utility should use to provide dry storage for SNF.

63. All documents relating to the acceptability to DOE for transportation, storage and/or permanent disposal of any cask, canister, package, multi-element sealed canister or other container for storage of SNF.

64. All documents relating to DOE's plans to furnish dual-purpose or multi-purpose casks or canisters under the Standard Contract.

65. All documents relating to casks and/or canisters which DOE is to provide under Article IV.B.2 of the Standard Contract, including, without limitation,

(a) what casks or canisters are suitable for use at the site of any party to the Standard Contract, (b) the written procedures for cask loading and handling to be provided pursuant to Article IV.B.2.a of the Standard Contract, (c) the training which has or will be provided to personnel of any Standard Contract holder pursuant to Article IV.B.2.b of the Standard Contract, and (d) the technical information, special tools, equipment, lifting trunnions, spare parts, and consumables needed to use and perform incidental maintenance on the cask(s) pursuant to Article IV.B.2.c of the Standard Contract.

66. All documents relating to any estimates or announcements regarding the date by which the DOE will have an operational permanent SNF repository, including without limitation documents relating to the timeline or changes to that timeline.

67. All documents relating to any estimates, announcements or pronouncements by the DOE or Nuclear Regulatory Commission relating to the date by which DOE will begin accepting SNF under the Standard Contract.

68. All documents relating to acceptance of, or procedures for handling, multi-element sealed containers, "Standard Fuel," "Nonstandard Fuel," "Failed Fuel," and "Nonfuel Components," as those terms are used and/or defined by Appendix E of the Standard Contract, including but not limited to, all subcategories of such fuel classifications.

69. All documents relating to DOE's obligations, duties, or plans with respect to multi-element sealed canisters, "Nonstandard Fuel," "Failed Fuel," and

76. All documents relating to any studies or analyses conducted by the Government relating to the costs of at-reactor storage.

77. All documents relating to DOE's planned movement of SNF from Contract Holders' reactors to the Contract Holders' site perimeter.

78. All documents relating to DOE's plans to remove SNF from PBNP.

Dated: September 30, 2005

Respectfully submitted,

Richard W. Oehler by Donald J. Carney

Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Tel: 206-583-8888
Fax: 206-583-8500
roehler@perkinscoie.com

*Attorneys for Plaintiff*
*Wisconsin Electric Power Company*

Of Counsel:

Donald J. Carney
Perkins Coie LLP
607 Fourteenth St., N.W., Suite 800
Washington, D.C. 20005
Tel: 202-434-1635
Fax: 202-434-1690
dcarney@perkinscoie.com

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that, on September 30, 2005, the foregoing Plaintiff's Second Set of Requests for Production of Documents was served on counsel for the defendant by hand delivery to:

Kevin A. Crawford
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530

Donald J. Carney

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-0010C |
| | ) | |
| v. | ) | Chief Judge Damich |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**RULE 30(B)(6) NOTICE OF DEPOSITION**

Please take notice that pursuant to RCFC 30(b)(6), the plaintiff, Energy Northwest, will take the deposition of the United States, or the person or persons designated by the United States, upon oral examination before an officer authorized by law to administer oaths commencing on July 31, 2007 at the offices of Jenner & Block LLP, 601 Thirteenth Street, NW, Washington, D.C., 20005, or at a time and place agreed upon by counsel for the parties, and continuing from day to day until completed. Pursuant to RCFC 30(b)(6), Energy Northwest requests that the Government designate a representative to testify regarding the subjects listed on Exhibit A.

Dated: July 3, 2007

Respectfully submitted,

NORMAN M. HIRSCH
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 923-2782 telephone
(312) 840-7782 facsimile

OF COUNSEL:

David A. Handzo
Jenner & Block LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005

(202) 639-6000

William D. Heinz
David Jiménez-Ekman
Christopher Tompkins
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

*Attorneys for Plaintiff*

**Exhibit A**

1. The SNF acceptance rate at which DOE would have performed had it commenced waste acceptance under the Standard Contract on January 31, 1998, including without limitation, Energy Northwest's acceptance allocations under that rate.

2. The SNF acceptance rate at which DOE would have performed after the ten year period reflected in the 1991 Annual Capacity Report assuming that DOE commenced waste acceptance under the Standard Contract on January 31, 1998.

3. The basis for the acceptance rate contained in the "Preliminary Estimates of the Total-System Cost For The Restructured Program: An Addendum To The May 1989 Analysis Of The Total System Life Cycle Cost of the Civilian Radioactive Waste Management Program" (DOE/RW-0295P).

4. The earliest date on which DOE will commence acceptance of SNF under the Standard Contract, including without limitation, DOE announcements that the earliest possible date for waste acceptance is 2017.

5. The type of casks and any other ancillary equipment DOE would have used to accept SNF from Energy Northwest under the Standard Contract had it commenced performance on January 31, 1998, including without limitation: (a) the capacity of the cask in number of SNF assemblies; (b) the weight of the cask prior to loading; (c) the approximate weight of the cask when fully loaded with SNF assemblies; and (d) whether the cask closure would have been bolted or welded.

6. The type of casks and any other ancillary equipment DOE will use to accept SNF from Energy Northwest under the Standard Contract after it commences performance, including without limitation: (a) the capacity of the cask in number of SNF assemblies; (b) the weight of the cask prior to loading; (c) the approximate weight of the cask when fully loaded with SNF assemblies; and (d) whether the cask closure will be bolted or welded.

7. DOE's position regarding the reasonableness or unreasonableness of Energy Northwest's decision to adopt and implement dry storage for its spent fuel.

8. The 1987 Nuclear Waste Policy Amendments Act and its effect on the civilian radioactive waste management program, including without limitation the (a) effect on DOE's plans to site, license, construct a geologic repository, and (b) effect on DOE's plans to site, license, construct a monitored retrievable storage facility.

9. DOE's efforts to seek modification of any provision of the Nuclear Waste Policy Amendments Act of 1987 limiting the capacity of a Monitored Retrievable Storage facility or linking the schedule of such a facility to the schedule for a repository.

10. Efforts to site a Monitored Retrievable Storage facility between 1989 and 1995, including without limitation, the efforts of the Nuclear Waste Negotiator to site a Monitored Retrievable Storage facility.

11. DOE's position on whether DOE will accept SNF loaded into multi-purpose cannisters ("MPC"), including without limitation, the Holtec MPC utilized by Energy Northwest.

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that, on this 3rd day of July, 2007, I caused to be served by hand delivery a copy of the foregoing Rule 30(b)(6) Notice of Deposition addressed as follows:

Sharon A. Snyder
U.S. Department of Justice
Commercial Litigation Branch, Civil Division
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0347 (Tel.)
(202) 307-2503 (Fax)

CERTIFICATE OF FILING

I hereby certify that on September 14, 2007, a copy of the foregoing "Appendix to Defendant's Motion for a Protective Order to Preclude Plaintiff's Noticed 30(b)(6) Deposition Or, in the Alternative, to Re-institute The Coordinated Discovery Proceedings in the Pending Spent Nuclear Fuel Cases" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sonia M. Orfield