**No. 04-10C**
**(Chief Judge Damich)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**ENERGY NORTHWEST,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# RESPONSE TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

---

OF COUNSEL:

WILLIAM D. HEINZ
DAVID JIMÉNEZ-EKMAN
CHRISTOPHER TOMPKINS
Jenner & Block LLP
330 N. Wabash Ave
Chicago, IL 60611
(312) 222-9350

DAVID A. HANDZO
Jenner & Block LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 639-6000

NORMAN M. HIRSCH
Jenner & Block LLP
330 N. Wabash Ave
Chicago, IL 60611
(312) 923-2782 (tel.)
(312) 840-7782 (fax)

*Attorneys for Plaintiff*

October 1, 2007

# TABLE OF CONTENTS


Table Of Contents ..... ii

Table Of Contents To Appendix ..... iii

Table of Authorities ..... iv

Introduction ..... 1

Background ..... 2

Argument ..... 5

I. Energy Northwest's Request Places No Undue Burden On The Government And Is Not Duplicative Of Prior Discovery In Other SNF Cases. ..... 5

A. The Government Misstates The Legal Standard That Applies To Its Motion For A Protective Order. ..... 5

B. The Government Fails To Establish That The Deposition Energy Northwest Requests Would Be An Undue Burden Or Be Duplicative of Prior Discovery. ..... 6

C. Prior Written Discovery Is Not A Bar To Oral Discovery. ..... 8

II. The Rule 30(b)(6) Topics In Energy Northwest's Motion Concern Relevant Issues In This Case. ..... 9

III. Obtaining One Additional Deposition In This Case Will Not Forfeit Energy Northwest's Rights To Use In This Case Prior Government Witness Testimony ..... 10

IV. There Is No Need For Coordinated Discovery To Accommodate A Single Deposition. ..... 12

Conclusion ..... 14

## TABLE OF CONTENTS TO APPENDIX

Letter from N. Hirsch to S. Snyder (July 3, 2007)........A.1

Energy Northwest Rule 30(b)(6) Notice of Deposition (July 3, 2007)........A.2

Plaintiff's First Set of Requests For Admission (July 3, 2007)........A.7

Letter from S. Orfield to N. Hirsch (July 19, 2007)........A.19

Letter from D. Jiménez-Ekman to S. Orfield (July 26, 2007)........A.23

Defendant's Response to Plaintiff's First Set of Requests To Admit (August 24, 2007)........A.25

*Energy Northwest v. United States*, No. 04-10C (Fed. Cl. May 12, 2004)........A.43

## TABLE OF AUTHORITIES

**Cases**

*Banks v. Office of the Senate Sergeant-At-Arms*, 222 F.R.D. 7 (D.D.C. 2004)............................. 9

*Boston Edison Co. v. United States*, 75 Fed. Cl. 557 (2007)................................................... 5, 6

*Dairyland Power Coop. v. United States*, No. 04-106 C (Fed. Cl. Jan. 29, 2007)........................ 8

*Dairyland Power Coop. v. United States*, No. 04-106C (Fed. Cl. Feb. 5, 2007) .......................... 4

*Exxon Research & Engineering Co. v. United States*, 44 Fed. Cl. 597 (1999) ............................. 9

*Globe Sav. Bank, FSB v. United States*, 61 Fed. Cl. 91 (2004) .................................................. 11

*In re Indep. Serv. Org. Antitrust Litig.*, 168 F.R.D. 651 (D. Kan. 1996)....................................... 9

*Indiana Michigan v. United States*, 422 F.3d 1369 (Fed. Cir. 2005)............................................ 9

*Long Island Sav. Bank, FSB v. United States*, 63 Fed. Cl. 157 (2004)........................................ 11

*McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275 (N.D. Cal. 1991) ................. 9

*Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318 (Fed. Cir. 1990) ....................................... 8

*Pacific Gas & Electric Co. v. United States*, 73 Fed. Cl. 333 (2006)......................................... 11

*Pesterfield v. Sunbeam Corp.*, No. 00 Civ. 104, 2005 WL 1076293 (E.D. Tenn. May 6, 2005) . 12

*Yankee Atomic Electric Co. v. United States*, No. 91-126, 2004 WL 2450874 (Fed. Cl. Sept. 17, 2004) ............................................................................................................................ 11

**Other Authorities**

Fed.R.Evid. 801 ........................................................................................................................ 11

Fed.R.Evid. 804 ........................................................................................................................ 11

RCFC 26 ................................................................................................................................ 6, 8

RCFC 30 ................................................................................................................................ 5, 6

RCFC 32 .................................................................................................................................. 11

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-0010C |
| v. | ) | |
| | ) | Chief Judge Damich |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

**INTRODUCTION**

Energy Northwest pursued extremely limited fact discovery from the Government in this case for the very reason described in the Government's motion – much discovery has already taken place in other SNF cases. Energy Northwest served a single set of document requests and interrogatories at the start of the discovery period, and subsequently served one set of requests to admit. Similarly, mindful of the depositions previously taken, Energy Northwest sought minimal deposition discovery. In particular, other than the Rule 30(b)(6) deposition that is the subject of this motion, Energy Northwest participated in a *single* deposition – of Christopher Kouts – that had already been noticed by the plaintiff in the *Dairyland* case. Energy Northwest asked just three to four hours of questions. The Rule 30(b)(6) deposition that the Government refused to produce a witness for, and at issue in this motion, is just our *second* and final deposition request in this case, as fact discovery closed on August 3, 2007. The Government refused to produce a witness on ***any*** of the topics in our Rule 30(b)(6) notice and, after letter correspondence and a telephone conference, filed a motion for a protective order on the ground of burdensomeness.

The Court should deny the Government's motion to quash Energy Northwest's second deposition notice in this $60 million case for three reasons. ***First***, the Government has not met its burden of showing that discovery sought by Energy Northwest is duplicative of prior

discovery or would place an undue burden on the Government. Energy Northwest's deposition notice is narrowly limited to topics that have either not been fully addressed in prior cases or as to which the Government's positions, or the facts, are subject to change over time.

***Second***, the Government's assertion that Energy Northwest should not be allowed to take discovery on certain matters because they involve future events that are not relevant also has no merit. As Your Honor recognized in *Dairyland*, the Government's likely future conduct is discoverable because, among other things, that conduct could be relevant to what mitigation measures are reasonable.

***Third***, regardless of whether the Government's Motion is granted, Energy Northwest is entitled to use the prior deposition testimony of Government witnesses and contractors as evidence in this case. The Government's argument to the contrary simply ignores Your Honor's May 12, 2004 order in this case, which provided that "[d]efendants shall deem Plaintiff's use of discovery obtained under the coordinated discovery in the earlier-filed SNF cases as it if were taken in this case" – an order that Energy Northwest has relied on in foregoing other deposition discovery in this case. In addition, such testimony is admissible evidence under the well-established evidentiary rules regarding admissions of a party-opponent. Energy Northwest is not required to choose between obtaining minimal additional deposition discovery in this case and foregoing the use of any prior depositions.

## BACKGROUND

As Your Honor knows, this case involves a claim for breach of the Standard Contract for the Removal of Spent Nuclear Fuel and High-Level Radioactive Waste between Energy Northwest and the Government. Energy Northwest operates a nuclear power plant in Richland, Washington. As a result of the Government's breach of the Standard Contract, Energy

Northwest has incurred damages of approximately $60 million studying the issue, constructing an Independent Spent Fuel Storage Facility, and purchasing and loading casks with spent fuel. Your Honor found in favor of Energy Northwest on liability on January 30, 2006, and the only issue in discovery and for trial is damages.

Energy Northwest's discovery strategy in this case has been designed from the outset to obtain only essential information from the Government in the least burdensome way possible. As the Court knows, Counsel for Energy Northwest previously represented two utilities in SNF cases that settled, Exelon Corporation and South Carolina Electric & Gas Company. As a result of this prior representation, as the Government points out, Energy Northwest's counsel is familiar with the discovery taken in the coordinated discovery proceedings and in some other SNF cases. Mindful of this prior discovery, at the first status conference held in this case before Your Honor, we represented that Energy Northwest would need only limited deposition discovery. (Tr. of 3/30/05 Proceedings in *Energy Northwest v. United States*, No. 04-10C at 16-17.) Consistent with that representation and to minimize unnecessary expenses to Energy Northwest and the burden on the Government, we have embarked on a very limited, targeted discovery plan. Specifically, we have served one set of document requests and interrogatories, and one set of requests to admit. And, while Energy Northwest was complying with *Government* discovery demands – including the production of more than 900,000 pages of documents and making 13 witnesses available for deposition by the Government – Energy Northwest only participated in one prior deposition. That was the deposition of Christopher Kouts that the plaintiff in *Dairyland* was already taking, and we took jointly, using no more than twelve hours for both cases to ask questions, specifically to minimize the burden on the Government and its witness.

The discovery at issue in the Government's motion is the only other means by which Energy Northwest is seeking to obtain information from the Government. On July 3, 2007, Energy Northwest served a notice of deposition on the United States pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), asking the Government to designate its representative to testify on eleven key issues in the current dispute between the parties. (A copy of that deposition notice and transmittal letter is included in the Appendix at A.1-A.6.) By design, those topics either (1) were not the subject of prior RCFC 30(b)(6) depositions, (2) are specific to Energy Northwest and its damages, or (3) relate to topics on which DOE's position, or the facts, have changed or could change over time. In the cover letter accompanying the notice, counsel for Energy Northwest indicated that it hoped that it might be able to further limit the topics on which testimony was requested if the Government provided complete responses to requests to admit Energy Northwest served on the same day. (A.1.)

On July 19, 2007, counsel for the Government indicated that it would not comply with the notice, citing concerns about the burden it would place on the witness it anticipated it would provide in response to the motion, Christopher Kouts. (S. Orfield 7/19/06 ltr. to N. Hirsch, A.19-A.22.) In addition, and contrary to a prior ruling of Your Honor in *Dairyland*, the Government also insisted that certain topics were improper because they related to future events, which the Government claims are not relevant. (*Dairyland Power Coop. v. United States*, No. 04-106C, Order on Motion to Compel at 1 (Feb. 5, 2007).) In our letter response, Energy Northwest again stressed that it was seeking only limited, non-duplicative discovery on topics which were

particularly relevant to Energy Northwest's case. (D. Jiménez-Ekman 7/26/07 ltr. to S. Orfield, A.23-A.24.)[1]

## ARGUMENT

### I. Energy Northwest's Request Places No Undue Burden On The Government And Is Not Duplicative Of Prior Discovery In Other SNF Cases.

#### A. The Government Misstates The Legal Standard That Applies To Its Motion For A Protective Order.

RCFC 30(a) "grants parties significant latitude to depose individuals during the course of discovery . . ." *Boston Edison Co. v. United States*, 75 Fed. Cl. 557, 560 (2007). RCFC 26(c) provides that a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." To meet the standard of Rule 26(c) "so as to preclude a deposition, the party seeking a protective order must show that the discovery request is considered likely to oppress an adversary or might otherwise impose an undue burden." *Boston Edison*, 75 Fed. Cl. at 561 (internal citations omitted). The party seeking a protective order bears the burden of persuasion. *Id.*

The Government turns this standard on its head, suggesting that Energy Northwest must "establish the need to re-open the depositions of any Government witness." (*See* Motion at 5-8.) Energy Northwest is *not* re-opening any depositions. Energy Northwest has only taken one prior deposition (as the Government concedes). The Government attempts to shield itself behind the wholly inapplicable standard for re-opening depositions because it has no credible argument that Energy Northwest has placed an undue burden on the Government by asking for a single deposition, particularly in a case where $60 million is at stake.

[1] After indicating that it would file a motion for a protective order rather than produce a witness on any topics, the Government waited until September 14, 2007, nearly a month and a half after date for which the deposition was noticed, July 31, 2007, to file its motion for a protective order.

**B. The Government Fails To Establish That The Deposition Energy Northwest Requests Would Be An Undue Burden Or Be Duplicative of Prior Discovery.**

The Government has failed to establish that it will suffer from "annoyance, embarrassment, oppression, or undue burden or expense" by providing a single witness for a day of deposition. *See* RCFC 26(c); *Boston Edison*, 75 Fed. Cl. at 561. The Government offers no meaningful rationale for why seven hours of one person's day would be an undue burden. Indeed, the Government devotes *one paragraph* of its motion to explaining its so-called "burden" in complying with the discovery request, claiming its witnesses have testified for many days in the past – in other cases – and cannot possibly be asked to sit for an additional deposition. (Motion at 13.) The Government does not (and cannot) claim that any suitable Rule 30(b)(6) witness is too busy to provide one day for Energy Northwest to develop facts central to its case.

Instead, the Government's burden claim appears to rest entirely on the fact that some of its witnesses have been deposed in *other* SNF cases. While Energy Northwest does not dispute that many Government witnesses have been deposed previously, the Government's suggestion that the topics contained in Energy Northwest's Rule 30(b)(6) notice are wholly duplicated by prior testimony is incorrect.[2]

Energy Northwest identified a narrow list of topics to cover with the designated deponent. Among the topics of testimony are: (1) various issues relating to the acceptance rate

[2] We also note that the Government's complaints about burdens on particular witnesses in responding to Energy Northwest's Rule 30(b)(6) notice, and in particular Mr. Kouts, are of the Government's own making. The Government is not required to produce any particular individual in response to our notice and, in fact, is not even required to produce the individual "most knowledgeable" about a topic. RCFC 30(b)(6). Rather, the Government need only produce a witness who is capable of providing the Government's position on each topic, even if that witness lacks personal knowledge. The Government cannot avoid its discovery obligations by saying it intends to produce Mr. Kouts – rather than another individual that has fewer deposition obligations – and then complaining that Mr. Kouts is too busy and overburdened.

of SNF, particularly with respect to the rate that the Government claims would have applied following the first ten years of the program, and the Government's apparent claims that legislative proposals have affected the acceptance rate (Topics 1-3, 8-9); (2) timing of actual future performance under the Standard Contract (Topic 4); (3) details regarding the casks to be used for storage of SNF once performance begins (Topics 5-6, 11); (4) DOE's position on Energy Northwest's use of dry storage (Topic 7); and (5) efforts to establish a Monitored Retrievable Storage facility (Topic 10). (*See* A.4-A.5.) Contrary to the Government's assertion, the noticed topics do not significantly overlap prior Rule 30(b)(6) depositions:

- Upon review of the appendix to the Government's motion, Energy Northwest could not identify any prior RCFC 30(b)(6) notice attached by the Government containing topics 2, 3, and 7 through 10.

- Topic 7 relates specifically to the damages being claimed by Energy Northwest and, by definition, could not have been covered in a prior Rule 30(b)(6) deposition in a different case. In addition, Energy Northwest included topic 11 so that it could ask about the Government's position with respect to the specific cask system purchased by Energy Northwest.

- Topic 4, which requests testimony on the earliest date on which DOE performance will actually begin, has been subject to change over the course of time. In prior cases, DOE took the position that it would commence in 2010. However, more recent DOE announcements have stated that the earliest DOE will begin performing is 2017. Statement of Edward F. Sproat III to the House Appropriations Subcommittee of Energy and Water, March 28, 2007, *available at*, http://www.ocrwm.doe.gov/welcome/index.shtml. In addition, the Government's position on topics 6 and 11 has changed over time. Accordingly, Energy Northwest is entitled to seek updated testimony on these topics.

The Government's arguments are also contrary to Your Honor's rulings in *Dairyland.* Under similar circumstances in the *Dairyland* matter, Your Honor allowed Dairyland to take four depositions of Government witnesses over objections from the Government, virtually identical to those made here, that the discovery was unnecessary and burdensome. *Dairyland Power Coop. v. United States*, No. 04-106 C, Order on Motion to Compel Depositions at 1 (Fed. Cl. Jan. 29,

2007). (In fact, portions of the Government's motion in this case recite verbatim the arguments made by the Government – and rejected by Your Honor – in *Dairyland.*) Here, Energy Northwest's request for a single deposition is far less onerous than the deposition requests that Your Honor found appropriate in *Dairyland.*

**C. Prior Written Discovery Is Not A Bar To Oral Discovery.**

The Government's suggestion that Energy Northwest should be prohibited from deposing a witness on topics covered, however tangentially, in any prior written discovery requests (*see* Motion at 8-13) is also erroneous. Nothing in the RCFC suggests that a party uses one discovery device to the exclusion of any other, and a broad scope of discovery is contemplated by RCFC 26(b). Parties to civil litigation routinely conduct oral discovery to follow up on issues raised in written discovery. If, as the Government suggests, depositions could not cover any issues that were part of written discovery, parties would almost never be permitted to take a deposition.[3]

The cases cited by the Government in support of its novel concept are inapposite. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990) involved a case in which a request for extensive trade secret information from a *nonparty* was determined to be unduly burdensome. Furthermore, in *Banks v. Office of the Senate Sergeant-At-Arms*, 222 F.R.D. 7, 19

[3] Indeed, the Government's argument regarding prior discovery is particularly misplaced given its failure to provide meaningful responses to written discovery. For example, at the same time that it served the Rule 30(b)(6) notice, Energy Northwest served requests to admit on the Government. As Energy Northwest stated in its cover letter to the deposition notice, it hoped that the Government's response to certain requests to admit would moot the need to have a deposition on certain of the topics in the notice. For example, Energy Northwest asked the Government to admit that the DOE never identified the type of casks it would use to remove SNF from Columbia if the DOE had performed in 1998, or that DOE will use when it commences performance under the Contract sometime after 2017. (Defendant's Response to Plaintiff's First Set of Requests to Admit, A.25, A.28-A.29, A.39-40.) If the Government had admitted those requests, which were based on previous Government discovery responses, Energy Northwest would have removed topics 5 and 6 from the Rule 30(b)(6) notice. Instead, the Government objected to those requests and provided meaningless responses, making it necessary to briefly depose Government witnesses on those topics. (*Id.*)

(D.D.C. 2004) the court permitted the deposition to proceed if the parties agreed to narrow an exceedingly broad set of topics. Similarly, *In re Indep. Serv. Org. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996), dealt with an unusually broad set of topics including all facts for denials in a party's Answer and Counterclaims. Also, in *Exxon Research & Engineering Co. v. United States*, 44 Fed. Cl. 597, 601-02 (1999) and *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287-88 (N.D. Cal. 1991), the courts directed the parties to serve contention interrogatories in lieu of deposing *an attorney* for the other party regarding patent contentions. As discussed above, Energy Northwest's list of topics is narrowly targeted and does not present any of the concerns discussed in these cases.

## II. The Rule 30(b)(6) Topics In Energy Northwest's Motion Concern Relevant Issues In This Case.

The Government does not dispute that the majority of the topics Energy Northwest identified in its deposition notice are relevant. However, the Government continues to argue, as it has in the past, that Energy Northwest should not be allowed to inquire about the Government's potential future performance because of the limitation in the damages period imposed by the Federal Circuit in *Indiana Michigan v. United States*, 422 F.3d 1369 (Fed. Cir. 2005). This argument is wrong for two reasons.

***First***, the Government's position is contrary to Your Honor's prior rulings. Indeed, this Court found that information regarding DOE's future projections, plans, activities or actions is discoverable. *Dairyland Power Coop. v. United States*, No. 04-106 C, Order on Motion to Compel Discovery Responses at 1 (Fed. Cl. Feb. 5, 2007). As such, there is no question that all of the topics identified by Energy Northwest pertain to highly relevant and discoverable issues in this matter.

***Second***, as Energy Northwest observed in its reply in support of its motion to compel production of documents withheld on the basis of deliberative process privilege, the Government's future performance is relevant to Energy Northwest's case. Specifically, how DOE is planning on performing may be probative of how it would have performed had it commenced waste acceptance on time. Furthermore, the Government has put its future performance directly at issue in other ways, such as by (1) arguing in its Motion for Summary Judgment in this case that DOE may begin acceptance of SNF sometime in the future and "catch up" to the level of acceptance that would have existed without a breach (*see* Defendant's Response to the Court's Order to Show Cause and Defendant's Motion for Summary Judgment, No. 04-010C, filed June 17, 2005, at 17), and (2) taking discovery from Energy Northwest regarding costs the Government claims would have been incurred delivering SNF had DOE performed.

## III. Obtaining One Additional Deposition In This Case Will Not Forfeit Energy Northwest's Rights To Use In This Case Prior Government Witness Testimony.

The Government asserts that if Energy Northwest is allowed to proceed with the Rule 30(b)(6) deposition at issue, Energy Northwest should no longer be allowed to use in this case depositions of Government witnesses taken previously in other cases. (Motion at 6.) While this has a nice "tit for tat" ring, it is directly contrary to the order Your Honor entered in this case on May 12, 2004 and legally baseless.[4] On May 12, 2004, Your Honor specifically ordered that "Defendant shall deem Plaintiff's use of discovery obtained under the coordinated discovery in the earlier-filed SNF cases as if it were taken in this case." (May 12, 2004 Order, A.43.)

[4] The unreasonableness of the Government's position is easily demonstrated by the practical consequences that would follow: then Energy Northwest (and any other SNF plaintiff who believed it needed limited additional discovery) would be forced to re-take *all* of the prior depositions it needed to use at trial in its own case just to obtain that limited additional discovery. That would obviously serve no purpose, especially given the Government's professed interest in minimizing the burden on its witnesses.

Apart from Your Honor's ruling, both the Federal Rules of Evidence and the RCFC entitle Energy Northwest is entitled to use prior testimony of Government witnesses at trial regardless of the discovery taken in this case.

Prior testimony of a party-opponent is admissible evidence under Federal Rule of Evidence ("FRE") 801(d)(2)(D). *See Globe Sav. Bank, FSB v. United States,* 61 Fed. Cl. 91, 94-96 (2004); *Long Island Sav. Bank, FSB v. United States*, 63 Fed. Cl. 157, 162-65 (2004). As the *Globe* court explained, admissions of a party-opponent are not considered hearsay. *Globe*, 61 Fed. Cl. at 94-95. Under the FRE, the "admission" need not be a statement made against the parties' interest; it includes any statement offered against a party. *Id.* at 97. Nor does the witness need to be unavailable for a party to use his or her deposition testimony in lieu of live testimony. *See id.* at 94. The only limitation on use of admissions of a party-opponent is that such statements must concern the scope of the witness's agency. *Id.* at 96-97. Any prior testimony by the Government's witnesses would therefore be admissible under FRE 801(d)(2)(D) as all such statements would be offered against the Government and each of the witnesses have testified regarding facts within the scope of their agency.[5] Furthermore, FRE 804 provides that the prior testimony of Government witnesses may be admissible if the witness is unavailable at the time of trial, and RCFC 32(a) provides a number of circumstances when prior deposition testimony would be admissible.

Given Your Honor's May 12, 2004 order, the unambiguous rulings in *Globe* and *Long Island* and FRE 801, and the other relevant RCFC provisions permitting use of such depositions, there is no merit to the Government's contention that if the Court denies the Government's

[5] This also includes testimony of contractors hired by DOE to carry out its work on the program. *Pacific Gas & Electric Co. v. United States*, 73 Fed. Cl. 333, 439-40 (2006); *see also Yankee Atomic Electric Co. v. United States*, No. 98-126, 2004 WL 2450874 (Fed. Cl. Sept. 17, 2004) at *8-11.

motion and allows the Rule 30(b)(6) deposition to proceed, Energy Northwest should be prohibited from using any prior deposition testimony as evidence. (Motion at 6.) The Government has no authority that, in order to exercise its rights under the rules to obtain very limited discovery in this case, Energy Northwest must make the Hobson's choice of foregoing the use of the discovery taken in prior matters.[6] The Government's position is legally baseless and unfair.

## IV. There Is No Need For Coordinated Discovery To Accommodate A Single Deposition.

The Government also suggests that rather than allowing Energy Northwest to conduct *one deposition*, all SNF plaintiffs should be required to join in coordinated discovery. (Motion at 14-15.) There are 49 pending SNF cases (*See* Motion at 15) in a wide range of procedural postures at this time. Some cases are in a discovery phase; others have been stayed and are nowhere near ready for discovery; others are well past fact discovery and preparing for trial. Energy Northwest's case is already past the close of fact discovery. The trial in this matter is scheduled for next year. The parties have been proceeding diligently on a schedule to ensure the trial need not be delayed. However, if Energy Northwest had to stall the entire case in order for discovery to be coordinated among the 49 pending SNF cases, there is no question that this case,

---

[6] The Government cites to a single, unpublished decision from a district court in Tennessee, *Pesterfield v. Sunbeam Corp.*, No. 00 Civ. 104, 2005 WL 1076293, at *3 (E.D. Tenn. May 6, 2005), to support its view that Energy Northwest cannot conduct a new deposition and also rely on witnesses' prior deposition testimony. In fact, that decision found (1) that the plaintiff *could* take new depositions despite the fact that defendant's witnesses had been deposed in other related cases, and (2) that the plaintiff did not need to re-depose any witness in order to use the witness' prior testimony as evidence. *Id.* The court also acknowledged that the plaintiff should not have "two bites at the apple" and could be required choose whether it prefers the witnesses prior testimony or wished to take a new deposition. *Id.* While we disagree that this is the law, Energy Northwest is not seeking "two bites at the apple" here. As explained above, the topics covered by Energy Northwest's Rule 30(b)(6) notice are largely new issues or issues subject to change with time.

which was brought in 2004, could be significantly delayed. Given the very limited nature of Energy Northwest's request here, the Government's 11th hour demand for coordinated discovery has no merit.

## CONCLUSION

For the reasons described above, Energy Northwest respectfully requests that the Court deny the Defendant's Motion for a Protective Order and compel the United States to produce a Rule 30(b)(6) representative for deposition. In addition, given that the Government's delay in filing its Motion has caused the fact discovery window to close, to the extent necessary, Energy Northwest requests that the Court grant an extension of the discovery schedule for the limited purpose of conducting the noticed Rule 30(b)(6) deposition.

Dated: October 1, 2007

Respectfully submitted,

s/ Norman M. Hirsch
NORMAN M. HIRSCH
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 923-2782 telephone
(312) 840-7782 facsimile

OF COUNSEL:

David A. Handzo
Jenner & Block LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 639-6000

William D. Heinz
David Jiménez-Ekman
Christopher Tompkins
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2007, a copy of the foregoing *Response to Defendant's Motion for a Protective Order* was filed electronically with the Court's CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Norman M. Hirsch