# In the United States Court of Federal Claims

No. 04-10 C
(Filed: January 30, 2008)

****************************************
*
**ENERGY NORTHWEST**, *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
****************************************

## ORDER

Pursuant to the discussion in the status conference of January 29, 2008, Plaintiff's Motion to Compel Production of Documents Withheld Under Deliberative Process Privilege is GRANTED. The Court considered whether Plaintiff's evidentiary need is sufficient to outweigh the Government's interest in confidentiality. *Dairyland Power Cooperative v. United States*, 77 Fed. Cl. 330, 338 (2007). In reviewing the balancing in *Dairyland,* it seems that the evidentiary need demonstrated was not a particularized need, but rather an evidentiary need common among Spent Nuclear Fuel (SNF) plaintiffs; therefore, the Court ORDERS that all documents that were produced by Defendant in *Dairyland* in response to Dairyland's Motion to Compel Production of Documents Withheld on Deliberative Process and Attorney Client Privileges filed January 18, 2007, shall be produced to Plaintiff, Energy Northwest, by February 13, 2008.[1]

On September 14, 2007, Defendant filed a Motion for a Protective Order to Preclude Plaintiff's Noticed 30(b)(6) Deposition. Plaintiff filed a Response on October 1, 2007, and Defendant filed a Reply on October 16, 2007. As the Court has noted, Plaintiff failed to fully address the arguments made by Defendant that available testimony, through existing deposition

[1]The Court issued the following five Orders producing documents in response to Dairyland's Motion to Compel of January 18, 2007: Order of June 29, 2007; Order of November 19, 2007; Order of December 10, 2007; Order of December 18, 2007; and Order of December 21, 2007.

transcripts and trial testimony, is sufficient and has covered all ten topics in Plaintiff's Rule 30(b)(6) Notice of Deposition of July 19, 2007.[2] The Court, therefore, ORDERS Plaintiff to submit a brief on the following issues:

1. Plaintiff shall respond in detail to the arguments set forth in Defendant's Motion for a Protective Order and the Reply of October 16, 2007, and demonstrate the specific need for a Rule 30(b)(6) deposition.

2. In demonstrating the need for the deposition Plaintiff shall describe in detail all deposition transcripts reviewed, any material that Plaintiff has been unable to access and all due diligence performed to secure answers to the ten topics from existing material.

3. Once Plaintiff has described all due diligence performed, Plaintiff shall list with specificity the remaining topics for the Rule 30(b)(6) deposition and give a general idea of the amount time needed for each topic. If possible, Plaintiff shall streamline the ten topics into sub-parts or detail more specific topics that are of particularized interest to Plaintiff.

4. Plaintiff shall elaborate on the issues that have been uncovered after the submission of Defendant's expert reports on December 21, 2007. Plaintiff shall specifically describe to the Court how this impacts the need for a Rule 30(b)(6) deposition and what, if any, impact it will have on the current discovery and trial schedule.

Plaintiff's brief shall be filed on or before February 15, 2008. Defendant shall not be required to respond to Plaintiff's brief. Upon receiving Plaintiff's brief, if Defendant determines that a response is needed then both parties shall contact chambers to request a telephonic status conference where Defendant may request an opportunity to respond to Plaintiff's brief.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge

[2]Plaintiff's Rule 30(b)(6) Notice of Deposition originally listed eleven topics. On January 28, 2008, both parties called to notify the Court that Plaintiff was withdrawing topic 7, in light of a ruling in Dairyland v. United States, 04cv106.