IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-10C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT MOTION AND PROPOSAL FOR TRIAL PREPARATION SCHEDULE

Pursuant to the Court's requirement that a Trial Preparation Order be entered, the parties jointly propose that the Court enter the trial preparation order appended hereto as Exhibit 1.[1] As highlighted and explained below, the parties in their joint proposal, suggest some alterations from the procedures set out in the Court's draft trial preparation order posted on the Court's website. Based upon counsel's collective experience in spent fuel cases, counsel believe that the modified procedures and schedule proposed below will result in an orderly and cost-effective trial of this matter. The bases for the specific suggested alterations are set out below. To the extent that the Court is disinclined to fully adopt all of the parties' proposed procedures, the parties respectfully request that they have an opportunity to propose an alternative schedule that would align with the procedures specified by the Court.

Events Before Meeting of Counsel

Consistent with Appendix A of the Court's Rules, the parties' proposed pretrial procedure does not include pretrial proposed findings of fact. Appendix A contemplates that the

---

[1] The parties to another spent nuclear fuel case, Dairyland Power Cooperative v. United States, Case No. 04-0106C, filed a similar joint proposal for a trial preparation schedule, on October 3, 2007. On October 31, 2007, the Court issued its Trial Preparation Order in that case.

parties will submit to the Court *either* proposed findings of fact and conclusions of law or Memoranda of Contentions of Fact and Law. App. A, ¶ 14(d). In the experience of the parties' counsel, memoranda are likely to be more informative and more useful for disclosing the parties' positions before the trial because the memoranda address the factual and legal issues together. The parties contemplate that they will submit briefs after trial, which will cross-reference and cite to actual trial testimony and exhibits. In addition, the parties understand that one of the purposes of the exchange of proposed findings of fact before trial is to facilitate the development of stipulations of fact. The parties believe that this purpose would be best served by a simultaneous exchange of proposed stipulations of fact.

The parties also propose that demonstrative exhibits need not be included on the list of exhibits. The parties' counsel have substantial experience litigating spent fuel cases and other cases in which demonstrative exhibits have been exchanged two or three days before their intended use, and counsel have encountered no difficulty regarding objections to such exhibits. Indeed, the parties have found that issues regarding demonstrative exhibits are most efficiently and informatively addressed in the context of trial examinations and cross-examinations, rather than on the basis of written objections and responses before trial. Furthermore, permitting the parties to exchange demonstratives during the trial will allow the parties more readily to respond to issues at trial, as they arise. Thus, the parties have agreed to exchange planned demonstrative exhibits 48 hours in advance of their use at trial. See attached Proposed Trial Preparation Order at ¶ 2(c)(iv).

The parties propose that they exchange preliminary witness and exhibit lists, and proposed stipulations, simultaneously on May 9, 2008, before the meeting of counsel. The

parties believe that they are generally aware of each other's positions, and they have determined that they do not need to see the other party's "case-in-chief" before developing their own lists of witnesses and exhibits.

Meeting of Counsel

As required by the Court's May 4, 2007 scheduling order, the meeting of counsel will be held on May 23, 2008. The parties do not propose alterations to the requirements for the conference otherwise set out in the Court's draft posted Trial Preparation Order.

Filings After Meeting of Counsel

The parties propose that the first post-meeting filings, including the joint good faith statement regarding the meeting of counsel, proposed procedures for sequestration, motions in limine regarding proposed witnesses or exhibits, and disclosure of intended use of deposition testimony, which is to include disclosure of material offered pursuant to Fed. R. Evid. 801(d) (which is otherwise excluded from the disclosure and motion requirements of Appendix A, ¶15), including prior trial testimony, be made on May 30, 2008 – one week after the meeting of counsel.[2] That date is consistent with the date set out in the Court's draft trial preparation order.

The parties propose that the second set of post-meeting filings, including objections and counter designations to proposed prior deposition and trial testimony, joint stipulations, and final exhibit and witness lists be made on June 30, 2008. The posted draft pretrial order does not specify a time for responses to motions in limine, but the parties propose that the deadlines for

[2] The parties also propose adding language to make it clear that any written motion to bar testimony from a potential expert witness in whole or in part, under FRE 702 and/or Daubert v. Merrill Dow Pharmaceuticals, 509 U.S. 579 (1993), must be filed by the May 30, 2008 deadline.

responses and replies be calculated pursuant to the Rules of the Court applicable to such motions. Under the parties' proposed pretrial schedule, any objections to the final exhibit and witness lists of the parties are due to be filed on July 25, 2008.

The parties propose that Energy Northwest file its Memorandum of Fact and Law on July 11, 2008, and that the Government file its memorandum by August 8, 2008. And while the parties will endeavor to make their memoranda as succinct as possible, the parties also propose to increase the maximum page limit for memoranda to 75 pages.

Miscellaneous

The parties propose making a change to the manner in which the current pretrial order requires that the exhibits be paginated. See Court's Trial Preparation Order, revised January 28, 2008, at ¶ 3(a)(ii). The vast majority of the exhibits that the parties will use already have a Bates-number stamped onto them. Those Bates-numbers can be used by the Court, the parties, and the court reporter for easy reference when referring to each exhibit. Thus, under the circumstances, the parties believe that it is not necessary to re-number each page of each exhibit.

The parties do not propose alterations to the procedures or time frames set out in the remainder of the posted draft Trial Preparation Order.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

Attorneys for Defendant

Norman M. Hirsch by Sharon Snyder
NORMAN M. HIRSCH
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tele: (312) 222-9350

OF COUNSEL:
David A. Handzo
Jenner & Block LLP
601 Thirteenth Street N.W.
Washington, D.C. 20005
(202) 639-6000

William D. Heinz
David Jimenez-Ekman
Christopher Tompkins
Jenner & Block LLP
330 Wabash Avenue
Chicago, IL 60611-7603
(312) 222-9350

Attorneys for Plaintiff

April 11, 2008

# **Exhibit 1**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ENERGY NORTHWEST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 04-0010C** |
| **v.** | ) | |
| | ) | **Chief Judge Damich** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**[PROPOSED] TRIAL PREPARATION ORDER**

1. Definition of Terms

a. "Serve" means to provide to all counsel, but *not* to file with the Court.

b. "File" means to serve on all counsel and to file with the Court.

c. "Provide to chambers" means to submit to chambers by fax (202/357-6490), by email in Adobe PDF (damich_chambers@ao.uscourts.gov), or by postal or private delivery.

2. Trial Preparation

a. Events before the meeting of counsel.[1]

i. The parties shall serve the following information on or before May 9, 2008:

(1) Proposed Stipulations. The parties shall serve proposed factual stipulations.

(2) The Proposed Stipulations of Fact shall be sequentially numbered.

ii. The parties shall serve their witness lists (which should include the witnesses who will be called in rebuttal, to the extent that they are known) on the same date as they serve their Proposed Stipulations of Fact.

(1) For each witness, the parties shall indicate the specific topics to be addressed in the expected testimony.

[1] The exchange of information before the meeting of counsel, especially the exchange of objections, should facilitate resolving issues at the meeting of counsel without Court involvement. Counsel, therefore, should act in good faith to list all witnesses, exhibits, and objections in these "preliminary" exchanges. Although counsel will eventually file final lists with the Court, the opportunity for another filing should not be used as a method of circumventing the requirement of providing preliminary information. In addition, counsel should note the requirement, included in the initial special procedures order in this case (¶ 8 c. ii.), to report an expert witness's qualifications, compensation, and recent testimonial history.

(2) For each witness, the parties shall indicate the time needed for direct examination.

iii. The parties shall serve their list of exhibits on the same date as they serve their Proposed Stipulations of Fact. Within one week of that date the parties shall serve a set of such exhibits.

b. Meeting of Counsel

i. The meeting of counsel shall be held on or before Friday, May 23, 2008.

ii. Counsel shall follow the requirements set forth in Appendix A, ¶ 13, to the extent not otherwise addressed in this Order.

iii. At the meeting, counsel shall also discuss the sequestration of witnesses under Fed. R. Evid. 615, including such questions as:

(1) Should witnesses who have testified be permitted to discuss their testimony with witnesses who have not yet testified?;

(2) Should an attorney be permitted to relate, in any form, the substance of previous testimony to witnesses who have not yet testified?;

(3) Should an attorney be permitted to counsel a witness during breaks in the witness's testimony? *See Perry v. Leeke*, 488 U.S. 272, 280 (1989); *Reynolds v. Ala. Dep't of Transp.*, 4 F.Supp.2d 1055, 1064-65 (M.D. Ala. 1988) (applying *Perry* to civil case).

c. Filings After Meeting of Counsel

i. No later than May 30, 2008, counsel shall file the following:

(1) A Joint Statement of Good Faith Conduct, stating that all objections to witnesses and exhibits were discussed in good faith and that settlement was explored at the meeting of counsel (this Joint Statement shall be filed as a "Notice" under Electronic Case Filing (ECF) and linked to this Pre-Trial Order).

(2) A Joint Notice of Proposed Procedures for Sequestration, if sequestration is requested by either party. If the parties have not been able to agree on such procedures, they shall separately file memoranda on sequestration by this date (this Joint Notice shall be filed as a "Notice" under ECF and linked to this Pre-Trial Order).

(3) Any motions, pursuant to Appendix A, ¶ 15(b), or designation pursuant to Fed. R. Evid. 801(d) to present substantive evidence by way of deposition testimony or prior trial testimony. Such motions shall list the pages of such transcripts and include copies of the listed pages.

(4) Any motions in limine to the opposing party's proposed witnesses or exhibits, including any written motions to bar testimony from a potential expert witness, in whole or in part, under Federal Rule of Evidence 702 and/or *Daubert v. Merill Dow Pharmaceuticals*, 509 U.S. 579 (1993) and its progeny. Responses to motions in limine shall be filed on or before

June 30, 2008. A hearing on the motions in limine shall be held on ____, July __, 2008, at 10:00 a.m.

ii. No later than June 30, 2008, the parties shall file:

(1) Any objections, including the grounds therefor, to the opposing party's motions regarding deposition testimony and any proposed cross-designation of transcript pages. In cross-designating, the party may not simply designate the entire transcript.

(2) Responses to any motions in limine.

(3) A Joint Stipulation of Facts, Witnesses, and Exhibits as follows:

(a) a statement of the facts on which the parties agree, separately numbered;

(b) a listing of all witnesses to which neither party objects, with a brief description of each such witness;

(c) a descriptive listing of all exhibits to which neither party objects on the grounds of authenticity or admissibility (two sets of such exhibits shall concurrently be provided to chambers).

(4) Each party's Final Witness List, including a brief description of each witness and denoting stipulated witnesses, in the same format as prescribed in paragraph 2.a.ii.

(b) Any party wishing to supplement its Final Witness List after June 30, 2008 must demonstrate good cause for such supplementation.

(5) Each party's Final Exhibit List, and a set of such exhibits, excluding joint exhibits (two sets of such exhibits shall concurrently be provided to chambers).

(a) Each party's Final Exhibit List need not list demonstrative exhibits, which shall be disclosed as provided in Paragraph 2.c.v below.

(b) Any party wishing to supplement its Final Exhibit Lists after June 30, 2008, except to include demonstrative exhibits, must demonstrate good cause for such supplementation.

iii. No later than July 25, 2008, the parties shall file:

(1) Any objections to the opposing party's proposed witnesses or exhibits. For each objection, the objecting party shall identify the witness or exhibit as proposed and the grounds for the objection.

iv. Memorandum of Fact and Law

(1) No later than July 11, 2008, Plaintiff shall file a Memorandum of Fact and Law.

(a) The Memorandum of Fact and Law shall set forth Plaintiff's conclusions of law with a complete exposition of the legal theory that supports each legal claim.

(b) Plaintiff shall explain the factual basis upon which it relies to support its claims.

(c) Absent good cause, the memorandum shall not exceed 75 pages.

(2) No later than August 8, 2008, Defendant shall file a Responsive Memorandum of Fact and Law.

(a) The Memorandum of Fact and Law shall set forth Defendant's conclusions of law with a complete exposition of the legal theory that supports each legal claim.

(b) Defendant shall explain the factual basis upon which it relies to support its claims.

(c) Absent good cause, the memorandum shall not exceed 75 pages.

v. Demonstrative Exhibits.

(1) Demonstrative exhibits shall be served by the party that wishes to use such exhibits at trial no later than 48 hours before the demonstrative exhibit(s) are to be used at trial.

3. <u>Miscellaneous</u>

a. Matters of Style for Exhibits

i. Joint exhibits shall be prefaced with a "J"; Plaintiff's with a "P"; and Defendant's with a "D." There shall be no duplication of exhibits.

ii. Documentary exhibits shall be contained in binders and shall be numbered and paginated, with tabs demarcating each exhibit. The pagination may make use of the existing Bates-stamped numbers.

iii. The exhibits shall be accompanied by a table of contents listing and describing all exhibits in numerical order.

iv. All officially admitted exhibits shall be submitted to the court reporter at trial at the time they are admitted for incorporation into the trial record (it may be appropriate to move the admission of joint exhibits at the onset of trial). A copy of each such exhibit shall concurrently be submitted to the judge's law clerk.

v. In the unusual circumstance of any exhibits admitted at trial that were not previously listed and provided to chambers, the offering party shall submit such exhibit along with three copies (one each for the judge, the law clerk, and opposing counsel; the original of the exhibit shall be submitted to the court reporter).

b. Objections

i. Each objection shall provide the appropriate Federal Rule of Evidence number(s) and provide a short, narrative explanation of the basis for the objection. Informative cases may be cited in support of the objection.

ii. Motions in limine shall be utilized to present significant objections, including objections to the testimony and/or qualifications of expert witnesses.

iii. Objections to witnesses and exhibits shall be submitted in the time set forth in this order. Objections not so raised may be deemed waived. Motions in limine regarding other matters (excluding any written motions to bar testimony from a potential expert witness, in whole or in part, under Federal Rule of Evidence 702 and/or *Daubert v. Merill Dow Pharmaceuticals*, 509 U.S. 579 (1993) and its progeny) shall be filed at least two weeks before the pretrial conference.

c. Matters of Style for Amendment of Filings

i. Whenever a party submits an amended or revised filing, the party shall indicate in the caption how many previous amendments have been filed (e.g., "Third Amended Witness List").

ii. Although this order sets out the style for captioning amended filings, the parties should not infer that leave is necessarily granted for amended filings. Appropriate objections will be entertained.

d. Stipulations

i. In General

(1) The parties are expected and required to stipulate to the full extent to which complete or qualified agreement can or fairly should be reached regarding all matters not privileged which are relevant to the pending case, regardless of whether such matters involve fact or opinion or the application of law to fact. Included should be all facts, all documents and papers or contents or aspects thereof, and all evidence which fairly should not be in dispute.

(2) When the truth or authenticity of facts or evidence claimed to be relevant by one party is not disputed, an objection on the ground of materiality or relevance may be noted by any other party but is not to be regarded as just cause for refusal to stipulate.

(3) The requirement of stipulation applies without regard to where the burden of proof may lie with respect to the matters involved.

ii. Binding Effect

(1) A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the Court or agreed upon by the parties.

(2) The Court will not permit a party to a stipulation to qualify, to change, or to contradict a stipulation, in whole or in part, except where justice so requires.

(3) A stipulation and the admissions therein shall be binding and have effect only in the pending case and not for any other purpose, and cannot be used against any of the parties thereto in any other case or proceeding.

e. Trial Methods. The Court is committed to cost-effective methods of resolving and trying cases. The parties should consider whether direct testimony submitted in written form may be preferable. Under this procedure, parties submit their witnesses'

affirmative testimony in writing in advance. The witnesses are then subject to cross-examination in open court.

4. Pre-trial conference. The pretrial conference will be held in person at the U.S. Court of Federal Claims at 10:00 a.m. on Wednesday, September 24, 2008. If, however, it should appear to the Court that the matters to be raised at the pretrial conference may be addressed satisfactorily via telephone, the Court shall notify counsel that the pretrial conference will be held instead by telephone. In such event, at least one business day before the conference, counsel shall notify the Court's chambers of the telephone number where they can be reached for the conference.

5. Trial dates and location. Trial shall commence on October 20, 2008 and shall continue for 10 trial days, or such time as agreed to at the pretrial conference, from 10:00 a.m. to 4:00 p.m. each day. It will be held in Washington, D.C. The Court expects to notify the parties of the precise location at or before the pretrial conference.

6. Ambiguity or confusion in this order. The parties should work together to resolve any ambiguities or uncertainties that they perceive in this order. The Court encourages the parties to raise any issues as soon as possible after a good faith attempt to resolve them. Even if the parties are able to resolve the issues, the Court would appreciate hearing the concerns of the parties so that the order can be clarified.

EDWARD J. DAMICH
Chief Judge

## CERTIFICATE OF FILING

I hereby certify that on April 11, 2008, a copy of the foregoing "Joint Motion and Proposal for Trial Preparation Schedule" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sharon A. Snyder