IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENERGY NORTHWEST, Plaintiff, | ) | No. 04-10C |
| v. | ) | (Chief Judge Damich) |
| THE UNITED STATES, Defendant. | ) | |

**DEFENDANT'S MOTION TO TAKE DEPOSITION OUTSIDE OF THE FACT DISCOVERY PERIOD**

Pursuant to RCFC 29, defendant, the United States, respectfully requests leave of Court to take one additional fact deposition outside of the fact discovery period. David Jimenez-Ekman, counsel for plaintiff has represented that plaintiff, Energy Northwest, does not oppose defendant's motion to take the deposition of John Swailes.

By order dated May 4, 2006 fact discovery concluded on August 3, 2007. After the close of discovery, on March 3, 2008, plaintiff supplemented its Initial Disclosures and identified an additional witness, John Swailes, with knowledge of the facts at issue in this litigation. See Ex. A, Correspondence from Norman Hirsch to Sharon Snyder, dated March 3, 2008. The deposition of Mr. Swailes has been scheduled for Friday, May 2, 2008, by agreement of counsel. Defendant was not able to conduct the deposition earlier because of, among other things, completion of expert discovery in this case, including expert depositions; the completion of post-trial briefing in another spent nuclear fuel ("SNF") case, Wisconsin Electric Power Company v. United States, No. 00-647 (Fed. Cl.); and the completion of supplemental briefing on pre-judgment interest issues in another SNF case, System Fuels, Inc. v. United States, No. 03-2624 (Fed. Cl.), as well as other pre-trial and discovery obligations in the Dairyland Power Cooperative v. United States, Case No. 04-106C (Fed. Cl.). Holding this deposition after the

close of discovery will not affect any other currently scheduled deadlines contained in the Court's scheduling order of May 4, 2007 or in the trial preparation schedule issued by the Court on April 21, 2008.[1]

For the reasons stated herein, defendant respectfully requests that the Court grant defendant's motion to take the deposition of Mr. Swailes outside of the fact discovery period.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

[1] While the Government cannot predict if any further discovery will be needed as a result of the deposition of Mr. Swailes, in the event that his testimony requires any supplementation of defendant's expert reports or if it requires any additional documentary or testamentary discovery, we will seek leave of the Court to pursue any such discovery. Because Mr. Swailes was not identified as a potential fact witness until after defendant's experts drafted their reports and until after they were deposed, it is possible that his testimony will, at the very least, provide additional support for their opinions.

s/Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT DAMELIN
SONIA ORFIELD
RUSSELL SHULTIS
Trial Attorneys
Department of Justice
Washington, D.C. 20530

April 25, 2008

Attorneys for Defendant

# EXHIBIT A

Lester H 11028

JENNER&BLOCK

March 3, 2008

Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel 312 222-9350
www.jenner.com

Chicago
Dallas
New York
Washington, DC

Norman M. Hirsch
Tel 312 923-2782
Fax 312 840-7782
nhirsch@jenner.com

**BY FACSIMILE AND U.S. MAIL**

Sharon A. Snyder
Attorney
U.S. Department of Justice
Commercial Litigation Section
1100 L Street, N.W.
Room 12068
Washington, D.C. 20005

**Re:** ***Energy Northwest v. United States***
Case No. 04-010C

Dear Ms. Snyder:

In accordance with Rules 26(a) and 26(e) of the Rules of the United States Court of Federal Claims ("RCFC"), Energy Northwest supplements its September 8, 2006 initial disclosures to include John Swailes on its RCFC 26(a)(1)(A) list of individuals likely to have discoverable information that Energy Northwest will use to support its claims. Enclosed please find a supplement to Exhibit A which identifies Mr. Swailes and the subjects on which he might have discoverable information.

As I mentioned during our January 29, 2008 status conference with Chief Judge Damich, we are willing to make Mr. Swailes available for a deposition on a mutually convenient date. Because we are representing Mr. Swailes in connection with this matter, please contact us if you would like to schedule a deposition.

Sincerely,

Norman M. Hirsch

Enclosure

cc: David Jiménez-Ekman
Christopher Tompkins

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
&B

## Supplemental Exhibit A[1]

| First Name | Last Name | Title | Address | Subject Matter(s) |
|---|---|---|---|---|
| Swailes | John | Former Plant Manager and Engineering Director | 2nd Floor NOF<br>Calvert Cliffs Nuclear Power Plant<br>1650 Calvert Cliffs Parkway<br>Lusby, MD 20657 | 1. Plaintiff's damages as a result of the DOE's breach of contract.<br>2. Plaintiff's analysis of spent fuel storage options as a result of the DOE's breach of contract, including, without limitation, the technical advantages and disadvantages of same.<br>3. Plaintiff's decision to construct dry spent fuel storage facilities (an ISFSI) as a result of the DOE's breach.<br>4. Plaintiff's procurement of casks and equipment, construction of an ISFSI, modifications made to the Columbia Generating Station to accommodate dry cask storage, including, without limitation, technical and engineering issues associated with same.<br>5. Plaintiff's expectations regarding the DOE's commencement of performance under the standard contract. |

[1] Plaintiff hereby states that the testimony of the witness identified on this chart may include matters involving scientific, technical or other highly specialized knowledge in the areas which are identified in this chart for the witness. While the testimony of the witness may involve areas requiring scientific, technical and other highly specialized knowledge, Plaintiff does not believe that this potential testimony is properly covered by Federal Rule of Evidence 702, because the witness will be offering fact and occurrence testimony, not expert testimony. However, out of an abundance of caution to obviate an unfounded objection that Plaintiff seeks to provide testimony from an "undisclosed expert," Plaintiff hereby also discloses this occurrence witness under RCFC 26(a)(2)(A).

CERTIFICATE OF FILING

I hereby certify that on April 25, 2008, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION TO TAKE DEPOSITION OUTSIDE OF FACT DISCOVERY PERIOD " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sharon A. Snyder