# EXHIBIT A

Case 1:04-cv-00010-EJD Document 193 Filed 04/21/2008 Page 1 of 6

# In the United States Court of Federal Claims

No. 04-10 C
(Filed: April 21, 2008)

| | |
|---|---|
| *************************************** | |
| | * |
| **ENERGY NORTHWEST**, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |
| *************************************** | |

## ORDER

This matter is one of several cases concerning a standardized contract ("the Standard Contract") between nuclear utilities and the United States Department of Energy ("DOE") for the disposal of spent nuclear fuel (SNF) and/or high-level radioactive waste (HLW). Plaintiff, Energy Northwest, a joint operating agency and municipal corporation which owns and operates a nuclear electricity generating facility, entered into the Standard Contract with DOE on June 13, 1983. In 2004, Energy Northwest filed suit for breach of the Standard Contract in this Court against Defendant, the United States ("the Government"). Following the Court's summary judgment in Energy Northwest's favor on the issue of contractual liability, the parties entered into discovery on the matter of damages. Before the Court is the Government's motion for a protective order to preclude Energy Northwest's deposition noticed under United States Court of Federal Claims Rule 30(b)(6) ("RCFC"). For the reasons discussed herein, the Government's motion for a protective order is DENIED.

## I. BACKGROUND

On September 14, 2007, the Government filed a Motion for a Protective Order to Preclude Plaintiff's Noticed 30(b)(6) Deposition ("Def.'s Mot. Protect. Order"). Plaintiff, Energy Northwest, filed a Response on October 1, 2007 ("Pl.'s Resp."), and the Government filed a Reply on October 16, 2007 ("Def.'s Reply"). Because the Court concluded that Energy Northwest had not fully addressed the arguments made by the Government–that available testimony through existing deposition transcripts and trial testimony was sufficient–supplemental briefing was ordered.

Case 1:04-cv-00010-EJD Document 103 Filed 05/02/2008 Page 2 of 6

On February 22, 2008, Energy Northwest filed a Supplemental Response to Defendant's Motion for a Protective Order ("Pl.'s Supp. Resp."). Energy Northwest responded in detail to each of the Government's assertions that testimony had already been provided on the topics found in their RCFC 30(b)(6) Notice of Deposition of July 19, 2007. Additionally, Energy Northwest detailed all due diligence performed to secure answers from existing material, detailed the amount of time required for the deposition, and limited the topics for the deposition.[1] On March 19, 2008, based on the agreement of the parties, Defendant's Response to Plaintiff's Supplemental Response was filed ("Def.'s Resp. to Pl.'s Supp.").

## II. DISCUSSION

The Government makes two arguments in support of its motion for a protective order. First, the Government contends that "[b]ecause Energy Northwest can use existing deposition testimony as if it had been taken by Energy Northwest, the Court should consider Energy Northwest's notice as seeking to re-open existing depositions." Def.'s Mot. Protect. Order at 5. Therefore, Energy Northwest must identify new information that has been produced since existing deposition testimony was taken or demonstrate good cause to "re-open" depositions. *Id*. The Government also advances the idea that if the single RCFC 30(b)(6) deposition that Energy Northwest seeks is allowed by the Court, then the existing record of SNF depositions for all Government witnesses should not be available to Energy Northwest for any purpose. *Id*. at 7-8.

The Government then asserts that Energy Northwest's RCFC 30(b)(6) deposition request is duplicative, unduly burdensome, and seeks discovery on topics irrelevant to the Court's damages consideration in this matter. *Id*. at 8. According to the Government, plaintiffs in the SNF cases "have conducted fact depositions of 58 different Government witnesses over the course of 148 days, [in] many of which Jenner & Block has participated."[2] *Id*. at 11. Additionally, the Government argues that several topics in Exhibit A of Energy Northwest's RCFC 30(b)(6) Notice of Deposition are duplicative of requests for production of documents that have been served by SNF plaintiffs. *Id*. at 11. And the Government contends that interrogatory responses provided by the Government have been sufficient to address the noticed deposition topics. Def.'s Resp. to Pl.'s Supp. at 3-5. The Government also requests that this Court re-institute coordinated discovery proceedings for all SNF litigation. Def.'s Mot. Protect. Order at 14-15; Def.'s Reply at 4-11.

---

[1] In the original Rule 30(b)(6) Notice of Deposition of July 19, 2007, Energy Northwest listed eleven topics. Only eight topics remain. Topic seven was withdrawn prior to the status conference of January 29, 2008. Topic six was withdrawn in light of prior testimony cited by the Government and topic eleven was withdrawn subsequent to the status conference. Pl.'s Supp. Resp. at 8-9.

[2] Norman M. Hirsch, Esquire, of Jenner & Block, LLP, is lead counsel for Energy Northwest in the instant matter.

Energy Northwest contends that they have purposely pursued limited discovery in this matter for the very reasons enumerated by the Government above–extensive discovery has already taken place in other SNF cases which is available to Energy Northwest. Pl.'s Resp. at 1. Energy Northwest served a single set of document requests, interrogatories, and requests to admit and has participated in one other deposition other than the RCFC 30(b)(6) deposition that is the subject of the Government's current request for a protective order. *Id*. Energy Northwest contends that the Government in filing for a protective order bears the burden of demonstrating that the discovery request is considered likely to oppress or impose an undue burden. *Id*. at 5 (citing RCFC 26(c); *Boston Edison Co. v. United States*, 75 Fed. Cl. 557, 561 (2007)). And the Government has "turn[ed] this standard on its head, suggesting that Energy Northwest must 'establish the need to re-open the depositions of any Government witness.'" *Id*. (quoting Def.'s Mot. Protect. Order at 5-8). Energy Northwest claims to have reviewed the notices in other RCFC 30(b)(6) SNF depositions and found that its eight topics do not significantly overlap prior deposition topics. *Id*. at 7.

At the request of this Court, Energy Northwest further justified its need for a RCFC 30(b)(6) deposition in their supplemental brief. According to Energy Northwest, "the testimony of an individual fact witness is not a substitute for Rule 30(b)(6) testimony–even if the fact witnesses have testified regarding the same general issues as the Rule 30(b)(6) deposition notice issues." Pl.'s Supp. Resp. at 1 (citing *Hilton Hotels Corp. v. Dunnet*, No. 00-2852GV, 2002 WL 1482543, at *2 (W.D. Tenn. Mar. 15, 2002) ("A Rule 30(b)(6) deponent testifies as to the knowledge of the corporation . . . . A fact witness . . . testifies as to his knowledge and gives his personal opinions.")). Therefore, Energy Northwest contends that while the Government notes that 58 people have been deposed, many of the depositions were individual depositions not RCFC 30(b)(6) depositions, and only RCFC 30(b)(6) testimony satisfies Energy Northwest's need. Pl.'s Supp. Resp. at 2. Energy Northwest reviewed each deposition topic, the Government's position on the topic and then clarified its specific need for a RCFC 30(b)(6) deposition on this topic. *Id*. at 3-9. Energy Northwest also described the due diligence performed to secure answers to its deposition topics from existing deposition and trial transcripts, narrowed the number of topics, *see supra* Note 1, and gave an approximate time for each topic. *Id*. at 10-12.

## III. ANALYSIS

In general "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant material need not be admissible at the trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." RCFC 26(b)(1). That is not to say that a party may conduct discovery without limitation. The very same rule regarding the breadth of discovery goes on to support the limitation of discovery by the court if there is a determination that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less

> expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

RCFC 26(b)(2)(C).[3] Discovery can also be limited with a protective order, which is the method the Government seeks to prevent the RCFC 30(b)(6) deposition requested by Energy Northwest. Pursuant to RCFC 26(c):

> Upon a motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action,[4] and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance,

---

[3]The Government urges the Court to consider Energy Northwest's RCFC 30(b)(6) deposition notice as a request to re-open depositions that have already been conducted in other SNF cases. Def.'s Reply at 4. It is unnecessary for the Court to make this determination. Under the direction of Judge Diane G. Sypolt, formerly of the Court of Federal Claims, the SNF plaintiffs participated in coordinated discovery proceedings which concerned "the order, pace, and rate of acceptance of spent nuclear fuel and high-level radioactive waste pursuant to the Standard Contract . . . ." *Id*. at 5 (quoting Judge Sypolt's Order of September 26, 2001). As the Government notes, the coordinated discovery included depositions regarding "the Government's pending motions for partial summary judgment regarding the rate of acceptance and whether the Standard Contract obligated DOE to accept GTCC [Greater-Than-Class-C] radioactive waste pursuant to the Standard Contract." Def.'s Reply at 6. According to RCFC 30(a)(2)(B), "[a] party must obtain leave of the court, which shall be granted to the extent consistent with the principles stated in RCFC 26(b)(2), if . . . the person to be examined already has been deposed in the case." RCFC 30(a)(2)(B). Regardless of how the Court views Energy Northwest's RCFC 30(b)(6) deposition–as a request governed by RCFC 30(a)(2)(B) or a request for a new deposition–RCFC 26(b)(2) must be satisfied. Additionally, the Court notes once the requirements of RCFC 30(a)(2)(B) are satisfied, the deposition "shall" be granted. RCFC 30(a)(2)(B); *see also Boston Edison Co.*, 75 Fed. Cl. at 566 (Containing a review of cases that indicate that it is unusual, and could be error, for a court to prohibit the re-opening of a deposition after leave of the court is sought and the standards of RCFC 26(b)(2) are satisfied.)

[4]The Court notes that the Government failed to provide a certification of good faith as required by the rules of this court. Normally, the Court would not waive this procedural defect, but to maintain the current trial schedule the Court will not ask the parties to further confer in an attempt to resolve this dispute or seek the certificate at this time. The Government is advised to adhere to the rules regarding good faith conference in all future discovery related filings.

Case 1:04-cv-00001-EJD Document 93 Filed 03/18/2008 Page 5 of 6

embarrassment, oppression, or undue burden or expense . . . .

RCFC 26(c). For this Court to issue a protective order to prevent the RCFC 30(b)(6) deposition, the Government must make a "good cause show[ing]" which allows the Court to protect from "annoyance, embarrassment, oppression, or undue burden or expense." RCFC 26(c). A good cause showing "requires a showing that the discovery request is considered likely to oppress an adversary or might otherwise impose an undue burden." *Forest Products Northwest, Inc. v. United States*, 453 F.3d 1355, 1362 (Fed. Cir. 2006) (citing *Capital Props., Inc. v. United States*, 49 Fed. Cl. 607, 611 (2007)).

In this case, Energy Northwest seeks a single RCFC 30(b)(6) deposition. RCFC 30(b)(6) requires that when a party seeking to depose a government agency announces the subject matter of the proposed deposition, the agency must produce someone familiar with that subject.[5] To satisfy RCFC 30(b)(6), or the corresponding Rule 30(b)(6) of the Federal Rules of Civil Procedure,[6] the Government has an affirmative duty to make available persons who will be able to "give complete, knowledgeable and binding answers" on its behalf. *Dairyland Power Coop. v. United* States, 79 Fed. Cl. 709, 714 (2007) (Damich, CJ) (citing *Reilly v. NatWest Mkts. Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (quoting *Sec. & Exch. Comm'n v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992))).

The Court recognizes the cumulative burden of the RCFC 30(b)(6) depositions on the government's witnesses and specifically DOE.[7] And the Court sympathizes with the

---

[5]RCFC 30(b)(6) specifically states:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization.

[6]RCFC 30(b)(6) is identical to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Because of this similarity, case law and Advisory Committee Notes accompanying the Federal Rules of Civil Procedure guides the interpretation of the Rules of the Court of Federal Claims. *Dairyland Power Coop.*, 79 Fed. Cl. at 714 n.6.

[7]According to a chart provided by the Government, there have been twenty-two RCFC 30(b)(6) depositions, three took place during coordinated discovery and nineteen since that time. Def.'s Reply at 9 (The Court notes that the Government claims that there have been twenty-four RCFC 30(b)(6) depositions in its chart, but assumes that this is the result of a mathematical error

Government as to the "annoyance . . . undue burden and [] expense" that has resulted from all of the SNF depositions to date. RCFC 26(c). However, the instant motion for a protective order is specifically about Energy Northwest's RCFC 30(b)(6) deposition. Energy Northwest has winnowed its topics from eleven to eight for which it seeks testimony. Pl.'s Supp. Resp. at 8-9. It has further refined and specified the topics on which it seeks testimony. Pl.'s Supp. Resp. at 3. And Energy Northwest has detailed its due diligence performed and the amount of time needed to depose the designee. Pl.'s Supp. Resp. at 10-2. Based on the information that Energy Northwest has provided, the Court concludes that this four-hour deposition will not result in result in "annoyance, embarrassment, oppression, or undue burden or expense" to the Government. RCFC 26(c).

In addition to all the steps outlined above, Energy Northwest has also reviewed existing deposition and trial transcripts in an attempt to locate testimony on the topics in its RCFC 30(b)(6) Notice. Pl.'s Supp. Resp. at 11. Through its efforts, Energy Northwest has satisfied the Court that: (i) the deposition will not be "unreasonably cumulative or duplicative" (ii) that Energy Northwest has not had "ample opportunity by discovery in the action to obtain the information sought" and (iii) that "the burden or expense of the proposed discovery [does not] outweigh[] its likely benefit." RCFC 26(b)(2)(C)(i)-(iii). In light of Energy Northwest's demonstrated specific need for testimony on the remaining eight topics, the limited discovery taken in this specific matter and the complexity of the case, the Government must designate a proper deponent to complete the RCFC 30(b)(6) deposition.

**IV. Conclusion**

For the reasons set forth previously, the Government's Motion for a Protective Order to Preclude Plaintiff's Noticed RCFC 30(b)(6) Deposition or, in the Alternative, to Re-institute the Coordinated Discovery Proceedings in the Pending Spent Nuclear Fuel Cases is DENIED. Discovery shall be reopened until May 23, 2008, solely to allow Energy Northwest to proceed with the RCFC 30(b)(6) deposition at a date and time mutually agreeable to the parties.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge

---

since three plus nineteen equals twenty-two, not twenty-four). The total number of RCFC 30(b)(6) depositions does make a case for re-instituting coordinated discovery. This requires the cooperation of all SNF plaintiffs and judges on the Court of Federal Claims. Discovery in Energy Northwest closed in August 2007, and trial in this matter is scheduled to begin on October 20, 2008. The Court agrees with the position of Energy Northwest–to force Energy Northwest to participate in coordinated discovery at this late date would needlessly delay trial for a single RCFC 30(b)(6) deposition. Pl.'s Resp. at 12.