IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-0010C |
| v. | ) | Chief Judge Damich |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY

Pursuant to the Court's order, dated May 9, 2008, defendant respectfully submits this response to plaintiff's motion to extend discovery for the limited purpose of taking the deposition of a Rule 30(b)(6) witness, filed on May 8, 2008. The Court has requested that the Government explain, first, why its proposed Rule 30(b)(6) witness is not available until the week of June 9, 2008, and, second, why it suggested to plaintiff that it file a motion to extend the discovery for the purpose of deposing the Rule 30(b)(6) witness.

## I. THE NEED FOR THE ENLARGEMENT

Based upon the eight issues that will be the subject of plaintiff's Rule 30(b)(6) deposition, the Government has determined that the witness most qualified to provide relevant testimony about those eight issues is Christopher Kouts, the Principal Deputy Director of the Office of Civilian Radioactive Waste Management ("OCRWM") within the Department of Energy ("DOE"), a position that he assumed on March 30, 2008. As the Court is aware, OCRWM is the office within DOE that is responsible for developing and administering the program mandated by the Nuclear Waste Policy Act ("NWPA"), 42 U.S.C. §§ 10101-10270,

and, as Principal Deputy Director, Mr. Kouts holds the most senior non-political position within OCRWM. Unfortunately, in his capacity as Principal Deputy Director, Mr. Kouts' time is constrained in light of his responsibilities for the overall management of all programs within OCRWM, including DOE's continuing and time-intensive efforts to obtain a license for a repository at Yucca Mountain. Mr. Kouts has testified as a Rule 30(b)(6) witness in other spent nuclear fuel ("SNF") cases in four other instances, most recently in the Dairyland case, on April 25, 2008.[1] Government counsel was hopeful, in preparing for the Dairyland deposition of Mr. Kouts, that it might be possible to schedule the Energy Northwest deposition at the same time. However, because this Court's order denying the Government's motion for a protective order was not issued until April 21, 2008, we did not have ample time to schedule the Energy Northwest deposition at the same time as the Dairyland deposition.

Mr. Kouts has informed us that, because of previously scheduled travel and business meetings, he is not available for another deposition until the week of June 9, 2008, because of extensive and necessary activities relating to OCRWM's program, work that is already being interrupted by litigation activities in other spent fuel cases. Mr. Kouts is required to attend OCRWM program senior management meetings from May 11, 2008 through May 15, 2008, in Georgia; he is then scheduled to testify in the trial in Dominion Resources, Inc. and Virginia Electric & Power Co. v. United States, Case Nos. 04-0083 and 04-0084, before Senior Judge Bruggink, on Friday, May 16, 2008; he is then to attend OCRWM program management

[1] Because of his position with OCRWM, Mr. Kouts has also been deposed on four other occasions in his personal capacity, and has been called to testify in trial in each of the SNF cases that have been tried to date.

meetings in Nevada from May 19 through May 22, 2008. Mr. Kouts is scheduled to be in Washington, D.C. from May 26 though May 30, 2008, attending meetings relating to the license application of the Yucca Mountain repository, and on May 30, 2008, he is scheduled to attend a meeting with the Secretary of Energy. From June 2, 2008 through June 6, 2008, Mr. Kouts is scheduled to attend meetings relating to the license application of the Yucca Mountain repository, including meetings at the Senate and House of Representatives. With the prepatory work that is necessary to allow him to participate in and or oversee these activities, Mr. Kouts informed us that the first real opportunity that he would have to prepare and sit for another Rule 30(b)(6) deposition was the week of June 9, 2008.

We informed counsel for the plaintiff of Mr. Kouts' schedule issues and agreed that we would not oppose any request to take the deposition beyond the date indicated by the Court in its April 21, 2008 order. Plaintiff did not indicate to us then, and has not indicated since, that it will be prejudiced if the deposition is not taken until the week of June 9, 2008. Particularly in light of the importance of ensuring that OCRWM is able to devote appropriate attention to its efforts to open a Federal repository, the Government respectfully requests that the Court grant plaintiff's unopposed motion.

## II. <u>THE ISSUE OF WHICH PARTY WOULD FILE THE ENLARGEMENT MOTION</u>

The Court has also requested that the Government explain "its failure to file the appropriate motion to extend the discovery period." The issue of which party would file the enlargement request for this deposition was the subject of some discussion between the parties, which, unfortunately, may have been based in part upon a misunderstanding by counsel for the Government. Simply stated, counsel for the Government understood that, because it was

plaintiff's deposition, plaintiff should file the requisite motion, as it was counsel for the Government's practice to file such motions, regardless of the basis of the need for an enlargement, when it was the Government that would be taking the deposition beyond the scheduled discovery deadline. Just recently, on April 25, 2008, the Government filed an unopposed motion to take the deposition of John Swailes outside of the fact discovery period. That motion was necessitated by the fact that plaintiff had identified Mr. Swailes, an additional fact witness, after the close of fact discovery, and, indeed, after expert reports had been completed and expert depositions taken. Because plaintiff had indicated in its amended initial disclosures that Mr. Swailes had knowledge of facts relevant to this litigation, defendant concluded that it would be necessary to take his deposition. Because his deposition would by necessity have to be scheduled after the close of discovery here, we realized that we would need to seek leave from this Court to take the deposition. We did not ask plaintiff to seek that relief, even though it was due to the fact that plaintiff had named the deponent months after the close of fact discovery. Because it was the Government's deposition, counsel for the Government understood that it was our responsibility to seek leave of the Court. Similarly, in several other spent fuel cases, our office has filed enlargement requests to extend deadlines where it was the plaintiff that could not provide the necessary information or witness within the existing deadlines. In that regard, with respect to the Rule 30(b)(6) deposition, as counsel explained to plaintiff's counsel, counsel understood that because it was plaintiff's deposition, plaintiff should seek the enlargement. Following subsequent discussion of this issue with other attorneys in her office, it appears that the wiser course here would have been for the Government to seek the unopposed enlargement for the reasons previously set forth in this pleading, without regard to

past practices that might often be mere accommodations to other parties.

For the reasons stated herein, defendant respectfully requests that the Court grant plaintiff's unopposed motion to take the Rule 30(b)(6) deposition outside of the fact discovery period.

Respectfully submitted,

GREGORY D. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT DAMELIN
SONIA ORFIELD
RUSSELL SHULTIS
Trial Attorneys
Department of Justice
Washington, D.C. 20530

May 13, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on May 13, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sharon A. Snyder