**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-0010C |
| v. | ) | |
| | ) | Chief Judge Damich |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ENERGY NORTHWEST'S MEMORANDUM**
**REGARDING SEQUESTRATION PROCEDURES**

The Court's April 21, 2008 Trial Preparation Order directs counsel to discuss at their meeting of counsel issues regarding the sequestration of witnesses under Federal Rule of Evidence 615. (Dkt. No. 99.) Paragraph 2(b)(iii) of that order directs counsel to discuss the following questions:

> (1) Should witnesses who have testified be permitted to discuss their testimony with witnesses who have not yet testified?;
>
> (2) Should an attorney be permitted to relate, in any form, the substance of previous testimony to witnesses who have not yet testified?; and
>
> (3) Should an attorney be permitted to counsel a witness during breaks in the witness's testimony?

The Trial Preparation Order further directs the parties to file a Joint Notice of Proposed Procedures for Sequestration if sequestration is requested and the parties have agreed on appropriate procedures. As explained below, at their May 23, 2008 meeting of counsel, counsel for the parties discussed sequestration procedures in good faith. The Government stated that it would invoke sequestration under Rule 615 except with regard to expert witnesses. Counsel for the parties then reached agreement that with respect to lay witnesses other than those properly excluded under Rule 615, the answers to the first two of the above questions should be "no."

However, with respect to the third question – whether the attorneys should be able to counsel lay witnesses during breaks – the parties were unable to reach agreement. Specifically, the Government believes attorneys should not be permitted to counsel lay witnesses during breaks, while Energy Northwest contends such discussions are appropriate so long as the attorneys do not disclose to the witness the substance of other witnesses' testimony.[1]

Accordingly, Energy Northwest submits this memorandum to address the areas of disagreement and to propose sequestration procedures pursuant to Rule 615.

Allowing counsel to communicate with witnesses during breaks, without disclosing other witnesses' testimony, does not violate Rule 615. The rule by its terms allows for entry of an order to exclude witnesses "*so that they cannot hear the testimony of other witnesses*," and there is no mention of a prohibition on consultations between witnesses and attorneys during breaks. FED. R. EVID. 615 (emphasis added); *United States v. Sepulveda*, 15 F.3d 1161, 1175-77 (1st Cir. 1993) (explaining that "the Rule 615 minimum" involves only an order that witnesses be excluded "from the courtroom proper"). Nor would allowing such consultation implicate the purposes underlying Rule 615, which are to provide "a means of discouraging and exposing fabrication, inaccuracy, and collusion." FED. R. EVID. 615 advisory committee's note. As the First Circuit has explained, "[t]he sequestration rule is concerned primarily with falsification: for example, that the second witness might testify to things he did not see but instead learned from the testimony of the first witness, or that he might alter his testimony to conform to that of the

[1] Energy Northwest does not seek the kind of broad ability to communicate with witnesses that was found problematic in *Reynolds v. Ala. Dep't of Transp.*, 4 F. Supp. 2d 1055, 1066 (M.D. Ala. 1998) (cited in Trial Preparation Order). There, "the defendants sought an unqualified right to consult with *all their witnesses* at *any time* about *any matter*, both testimonial and non-testimonial." *Id.* Here, Energy Northwest requests only that it be allowed to consult with witnesses during breaks and does not ask to disclose the substance of other witnesses' testimony during such consultations.

first, thereby strengthening it instead of undercutting it." *Capeway Roofing Sys., Inc. v. Chao*, 391 F.3d 56, 59 (1st Cir. 2004) (holding that trial court properly refused to disqualify witness because, even assuming the witness violated the sequestration order, there was no suggestion that he tailored his testimony accordingly).

Thus, Rule 615 "does not by its terms forbid an attorney from conferring with witnesses during trial. Nor is it inherently unethical for a lawyer to speak to a witness once the witness has begun to testify." *United States v. Calderin-Rodriguez*, 244 F.3d 977, 984 (8th Cir. 2001) (citations omitted). Trial courts properly can enter sequestration orders that bar disclosure of other witnesses' testimony but allow witnesses to consult with counsel during breaks. *See, e.g.*, *id.* at 985 (sequestration order "explicitly assumed that the attorneys would talk to witnesses" through course of trial); *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000) (en banc) (citing further cases) (sequestration order applied only to witnesses and did not bar consultation between witnesses and counsel); *United States v. Maliszewski*, 161 F.3d 992, 1012 (6th Cir. 1998) (sequestration order did not prohibit consultation between witness and case agent or counsel during breaks in witness's testimony). In this case, although this Court has discretion to prohibit discussion between counsel and non-client witnesses during breaks, *e.g.*, *Calderin-Rodriguez*, 244 F.3d at 984-85, the Government has no argument that such a restrictive order is necessary.

Indeed, "lawyers are not like witnesses," and the concerns that often justify barring communications between witnesses about their testimony do not apply to consultations between witnesses and counsel. *Rhynes*, 218 F.3d at 318. Specifically, an attorney, as an officer of the court, owes a duty of candor that "both forbids an attorney from knowingly presenting perjured testimony and permits the attorney to refuse to offer evidence he or she reasonably believes is

false. Similarly, an attorney may not 'counsel or assist a witness to testify falsely.'" *Id.* (quoting MODEL RULES OF PROF'L CONDUCT R. 3.4(b) (1995)). Moreover, it is well-recognized that "[t]horough preparation demands that an attorney interview and prepare witnesses before they testify." *Id.* at 319. Here, barring contact between the parties' witnesses and attorneys during breaks would assume – with no justification whatsoever – that something other than proper trial preparation will occur. Instead, allowing the parties' attorneys to counsel witnesses during breaks simply would foster a normal part of the trial preparation process and in no way implicate the concerns of Rule 615.[2]

Therefore, the Government's invocation of sequestration procedures under Rule 615 does not automatically prevent the parties' attorneys from counseling witnesses during breaks, and there is no reason this Court should enter such a restrictive order here. Energy Northwest respectfully requests that the Court enter a sequestration order that: (1) excludes the parties' expert witnesses from its coverage; (2) provides that lay witnesses, other than those properly excluded under Rule 615, shall not discuss their testimony with other witnesses who have yet to testify; (3) provides that attorneys shall not disclose the substance of others' testimony to lay witnesses, other than those properly excluded, who have yet to testify; and (4) allows the parties' attorneys to consult with witnesses during breaks, so long as they do not divulge the substance of other witnesses' testimony.

---

[2] *Perry v. Leeke*, 488 U.S. 272 (1989), cited in the Trial Preparation Order, does not alter this analysis. *Perry* recognized simply that it was *permissible* for a court to order a defense attorney to refrain from consulting with the accused during a short break in the defendant's testimony. *Id.* at 284-85. *Perry* "did not approve the practice [of] generally prohibiting lawyer-witness contact as part of a sequestration order." *Rhynes*, 218 F.3d at 317 n.7.

Dated: May 30, 2008

Respectfully submitted,

s/ Norman M. Hirsch
NORMAN M. HIRSCH
Jenner & Block LLP
330 N. Wabash Ave.
Chicago, IL 60611
(312) 923-2782 telephone
(312) 840-7782 facsimile

OF COUNSEL:

David A. Handzo
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
(202) 639-6000

William D. Heinz
David Jiménez-Ekman
Christopher Tompkins
April A. Otterberg
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611
(312) 222-9350

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of May 2008, a copy of the foregoing *Energy Northwest's Memorandum Regarding Sequestration Procedures* was filed electronically with the Court's CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Norman M. Hirsch