IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-0010C |
| v. | ) | Chief Judge Damich |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S NOTICE OF PROPOSED PROCEDURES FOR SEQUESTRATION

Pursuant to this Court's trial preparation order of April 21, 2008, defendant, the United States, submits this notice of proposed procedures for sequestration, pursuant to Rule 615 of the Federal Rules of Evidence ("Fed. R. Evid.").

In the Court's April 21, 2008 trial preparation order, the parties were directed to discuss, at the meeting of counsel, sequestration of the witnesses pursuant to Fed. R. Evid. 615. Specifically, the parties were directed to answer three questions:

1) Should witnesses who have testified be permitted to discuss their testimony with witnesses who have not yet testified.

2) Should an attorney be permitted to relate, in any form, the substance of previous testimony to witnesses who have not yet testified.

3) Should an attorney be permitted to counsel a witness during breaks in the witness's testimony. Citing Perry v. Leeke, 488 U.S. 272, 280 (1989) and Reynolds v. Ala. Dep't of Transp., 4 F. Supp. 2d 1055, 1064-65 (M.D. Ala. 1988) (applying Perry to civil case).

Counsel for the Government informed counsel for plaintiff, Energy Northwest ("ENW"), of the Government's intention to invoke Fed. R. Evid. 615 at the trial in this matter, except with regard to expert witnesses, who will need to be able to respond to evidence developed at trial. Thus, the Government's response to the three questions in the Court's April 21, 2008 trial preparation order is in the negative. Counsel for ENW indicated their intention to respond negatively to the first two questions posed by the Court. However, with regard to the third question, counsel for ENW indicated that the Court's application of Fed. R. Evid. 615 in this case should not preclude an attorney from counseling a witness during breaks in the witness's testimony.

The Government disagrees with ENW's interpretation of Fed. R. Evid. 615, which states that, at the request of a party, the court "shall order witnesses excluded so that they cannot hear the testimony of other witnesses." Fed. R. Evid. 615. The language of the rule clearly provides that the Court may prohibit witnesses from hearing about the testimony of other witnesses. In addition, the Supreme Court has ruled that sequestration can be extended to preclude counsel from talking to his or her witness during a break. Perry v. Leeke, 488 U.S. 272, 280-81 (1989). The Perry Court noted that neither a defendant nor his lawyer has a right to have the testimony interrupted in order to give him the benefit of counsel's advice:

> Permitting a witness, including a criminal defendant, to consult with counsel after direct examination grants the witness an opportunity to regroup and regain a poise and sense of strategy that the unaided witness would not possess . . . [I]t is simply an empirical predicate of adversary rather than inquisitorial justice that cross-examination of a witness who is uncounseled between direct examination and cross-examination is more likely to lead to the discovery of truth than is cross-examination of a witness who is given time to pause and consult with his attorney.

Id. at 280-81; see also Reynolds v. Ala. Dep't of Transp., 4 F. Supp. 2d 1055, 1065-1066 (M.D. Ala. 1998) (adopting rule set forth in Perry).

For the reasons discussed above, the Government respectfully requests that the Court find in this case that Fed. R. Evid. 615 (1) precludes witnesses from discussing their testimony with fact witnesses who have not yet testified; (2) prevents an attorney from relating the substance of the testimony of any previous fact witnesses to fact witnesses who have not yet testified; and (3) precludes an attorney from counseling a witness during breaks in the witness's testimony.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT DAMELIN
SONIA ORFIELD
RUSSELL SHULTIS
Trial Attorneys
Department of Justice
Washington, D.C. 20530

May 30, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 30th day of May 2008, a copy of foregoing "DEFENDANT'S NOTICE OF PROPOSED PROCEDURES FOR SEQUESTRATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Sharon A. Snyder