**No. 04-10C**
**(Chief Judge Damich)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**ENERGY NORTHWEST,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

**VOLUME I OF X**
**(Pages A 0001 to A 0046)**

---

**ENERGY NORTHWEST'S CORRECTED APPENDIX IN SUPPORT OF ITS CORRECTED NOTICE OF DESIGNATION OF DEPOSITION AND PRIOR TRIAL TESTIMONY OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO ADMIT PRIOR TESTIMONY INTO EVIDENCE**

---


NORMAN M. HIRSCH
Jenner & Block LLP
330 N. Wabash Ave
Chicago, IL 60611
(312) 923-2782 (tel.)
(312) 840-7782 (fax)

OF COUNSEL:

WILLIAM D. HEINZ
DAVID JIMÉNEZ-EKMAN
CHRISTOPHER TOMPKINS
APRIL A. OTTERBERG
Jenner & Block LLP
330 N. Wabash Ave
Chicago, IL 60611
(312) 222-9350

DAVID A. HANDZO
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412
202-639-6000


June 2, 2008

*Attorneys for Plaintiff*

# Table Of Contents To Appendix – Volumes I to X

## Volume I

Documents Cited

DOE's Responses to Utility Plaintiffs' First Set of Interrogatories.......................... A 0001

DOE's Responses to Utility Plaintiffs' Joint Supplemental Interrogatories............. A 0013

April 3, 2002 30(b)(6) Notice of Deposition ........................................................ A 0028

April 18, 2002 30(b)(6) Notice of Deposition ........................................................ A 0033

November 12, 2004 30(b)(6) Notice of Deposition................................................ A 0039

March 2, 2005 30(b)(6) Notice of Deposition ........................................................ A 0043

## Volume IA

April 19, 2007 30(b)(6) Notice of Deposition ........................................................ A 0047

*Yankee Atomic Elec. Co. v. United States*, No. 98-126C, 2004 WL 2450874
(Fed. Cl. Sept. 17, 2004) (unpublished)........................................................... A 0050

*Yankee Atomic Elec. Co. v. United States*, No. 98-126C, slip. op.
(Fed. Cl. Sept. 21, 2004) (unpublished)........................................................... A 0063

*Wisc. Elec. Power Co. v. United States*, No. 00-697C, slip op.
(Fed. Cl. Aug. 16, 2007) (unpublished)........................................................... A 0073

Defendant's Unopposed Motion to Designate Prior Trial Testimony of
Mr. Robert L. Morgan in System Fuels ........................................................... A 0103

## Volume II

Deposition Transcripts and Trial Testimony Excerpts

Chart of Energy Northwest Deposition and Trial Testimony Designations ............. A 0109

Barrett, Lake ............................................................................................................ A 0128
April 22, 2002 ...................................................................................................... A 0129
April 23, 2002 ...................................................................................................... A 0165
April 26, 2002 ...................................................................................................... A 0191
May 8, 2002 ......................................................................................................... A 0225
May 10, 2002 ....................................................................................................... A 0250
May 14, 2002 ....................................................................................................... A 0278
May 15, 2002 ....................................................................................................... A 0286

## Volume III


Brownstein, Alan ........ A 0289
April 9, 2002 ........ A 0290
April 10, 2002 ........ A 0318
April 11, 2002 ........ A 0350
May 23, 2002 ........ A 0363
June 14, 2002 ........ A 0368

Cole, Billy M. ........ A 0376
March 12, 2002 ........ A 0377
March 13, 2002 ........ A 0411
June 4, 2002 ........ A 0419

Dreyfus, Daniel ........ A 0422
May 15, 2002 ........ A 0423


## Volume IV


Klein, Susan ........ A 0438
April 24, 2002 (Rule 30(b)(6)) ........ A 0439
April 25, 2002 (Rule 30(b)(6)) ........ A 0478

Kouts, Christopher ........ A 0493
January 30, 2004 ........ A 0494
February 19, 2004 ........ A 0504
August 2, 2004 (in the Yankee Atomic Trial Transcript) ........ A 0509
April 11, 2005 (Rule 30(b)(6)) ........ A 0516
July 12, 2005 (in the TVA Trial Transcript) ........ A 0532
October 26, 2005 (in the Southern Nuclear Trial Transcript) ........ A 0538
June 13, 2006 (in the Pacific Gas Trial Transcript) ........ A 0550
June 14, 2006 (in the Pacific Gas Trial Transcript) ........ A 0555
October 11, 2006 ........ A 0571
January 16, 2007 (in the System Fuels Mississippi Trial Transcript) ........ A 0581
April 12, 2007 (in the System Fuels Entergy Trial Transcript) ........ A 0585


## Volume V


Kouts, Christopher (continued) ........ A 0612
May 1, 2007 (Rule 30(b)(6)) ........ A 0612
May 2, 2007 ........ A 0634

Lawrence, Michael ........ A 0654
May 20, 2002 ........ A 0655
May 21, 2002 ........ A 0697
November 16, 2007 (in the Carolina Power Trial Transcript) ........ A 0712

Milner, Ronald ........ A 0726
May 1, 2002 ........ A 0727

## Volume VI

Milner, Ronald (continued) ........ A 0762
May 2, 2002 ........ A 0762
May 3, 2002 ........ A 0799
May 7, 2002 ........ A 0814
May 7, 2002 (Afternoon) ........ A 0831
May 8, 2002 ........ A 0838
August 11, 2004 (in the Yankee Atomic Trial Transcript) ........ A 0851

Morgan, Robert ........ A 0866
March 21, 2002 ........ A 0867
March 22, 2002 ........ A 0905
June 25, 2002 ........ A 0913
August 3, 2004 (in the Yankee Atomic Trial Transcript) ........ A 0917

## Volume VII

Morgan, Robert (continued) ........ A 0925
November 15, 2006 ........ A 0925
November 16, 2006 (in the Northern States Trial Transcript) ........ A 0943
November 13, 2007 (in the Carolina Power Trial Transcript) ........ A 0953

Pollog, Thomas ........ A 0962
April 11, 2002 (Rule 30(b)(6)) ........ A 0963
April 12, 2002 (Rule 30(b)(6)) ........ A 1002
May 15, 2002 (Rule 30(b)(6)) ........ A 1026
May 16, 2002 (Rule 30(b)(6)) ........ A 1046
May 22, 2002 ........ A 1066

## Volume VIII

Pollog, Thomas (continued) ........ A 1073
August 4, 2004 (in the Yankee Atomic Trial Transcript) ........ A 1073
March 29, 2005 (in the SMUD Trial Transcript) ........ A 1098
July 12, 2005 (in the TVA Trial Transcript) ........ A 1108
October 26, 2005 (in the Southern Nuclear Trial Transcript) ........ A 1115
October 12, 2006 ........ A 1122
November 15, 2006 (in the Northern States Trial Transcript) ........ A 1126

Rosselli, Robert ........ A 1137
April 15, 2002 ........ A 1138
April 16, 2002 ........ A 1168

Rusche, Benard ....................A 1173
May 16, 2002 ....................A 1174
May 17, 2002 ....................A 1197
August 3, 2004 (in the Yankee Atomic Trial Transcript)....................A 1207

Slater-Thompson, Nancy ....................A 1215
April 21, 1999 ....................A 1216
April 22, 1999 ....................A 1228

**Volume IX**

Slater-Thompson, Nancy (continued)....................A 1239
June 13, 2002 ....................A 1239

Trebules, Victor ....................A 1255
April 17, 2002 ....................A 1256
April 18, 2002 (Coordinated Discovery) ....................A 1289
April 18, 2002 (Deposition in Yankee Cases....................A 1305
April 19, 2002 ....................A 1317

Williams, Jeffrey....................A 1319
June 11, 2002 ....................A 1320
January 22, 2004 ....................A 1340

Zabransky, David....................A 1368
April 17, 2002 ....................A 1369

**Volume X**

Zabransky, David (continued) ....................A 1401
April 18, 2002 ....................A 1401
April 19, 2002 ....................A 1428
June 5, 2002 ....................A 1440
June 6, 2002 ....................A 1445
August 5, 2004 (in the Yankee Atomic Trial Transcript)....................A 1449
March 28, 2005 (in the SMUD Trial Transcript)....................A 1473
March 29, 2005 (in the SMUD Trial Transcript)....................A 1487
April 12, 2005 (Rule 30(b)(6))....................A 1491
July 12, 2005 (in the TVA Trial Transcript)....................A 1503
October 27, 2005 (in the Southern Nuclear Trial Transcript)....................A 1508
November 20, 2006 (in the Northern States Trial Transcript)....................A 1519
October 11, 2007 (in the Wisconsin Electric Trial Transcript) ....................A 1528
October 12, 2007 (in the Wisconsin Electric Trial Transcript) ....................A 1532
November 13, 2007 (in the Carolina Power Trial Transcript)....................A 1538

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY | ) | |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | ) | |
| MAINE YANKEE ATOMIC POWER COMPANY | ) | |
| FLORIDA POWER & LIGHT COMPANY | ) | |
| NORTHERN STATES POWER COMPANY | ) | Case Nos. 98-126C, |
| DUKE POWER, A Division of DUKE ENERGY CORP. | ) | 98-154C, 98-474C, |
| INDIANA MICHIGAN POWER COMPANY | ) | 98-483C, 98-484C, |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) | 98-485C, 98-486C, |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. | ) | 98-488C, 98-614C, |
| COMMONWEALTH EDISON COMPANY | ) | 98-621C, 99-447C, |
| BOSTON EDISON COMPANY | ) | 00-440C, 00-697C, |
| GPU NUCLEAR, INCORPORATED | ) | 00-703C, 01-115C, |
| WISCONSIN ELECTRIC POWER COMPANY | ) | 01-116C, 01-249C |
| POWER AUTHORITY OF THE STATE OF NEW YORK | ) | |
| OMAHA PUBLIC POWER DISTRICT | ) | Judge Weinstein |
| NEBRASKA PUBLIC POWER DISTRICT | ) | (Discovery Judge) |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSES TO UTILITY PLAINTIFFS' JOINT FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims ("RCFC"), and the Court's order for coordinated discovery, filed on September 26, 2001, defendant, the United States, provides the following responses to the plaintiffs' joint first set of interrogatories.

GENERAL OBJECTIONS

1. Defendant objects to each and every interrogatory to the extent that it calls for the disclosure of material or information that is subject to any claim of privilege or protection, including without limitation, the attorney-client privilege, the work-product doctrine, or any Government privilege. Defendant will not produce privileged or protected documents, materials or information in response to the document requests. The inadvertent production by defendant

of documents protected by the attorney-client privilege, or any other privilege, shall not constitute a waiver of the applicable privilege or protection as to any document so produced, or as to any other document.

2. Defendant objects to the instructions and definitions accompanying plaintiff's document requests to the extent that such instructions and definitions attempt to impose obligations on defendant other than those imposed by Rules 26 and 34 of the Rules of the United States Court of Federal Claims, ("RCFC") and the Court's prior orders, including but not limited to:

a. Information regarding electronic mail will be provided pursuant to a separate plan to be developed by the parties.

b. The definition of DOE is overly broad by seeking to impose obligations in excess of those previously ordered by the Court.

c. The instructions contained in paragraph B.1 to the extent that they seek to impose requirements beyond those contained in Rule 26(e)(1) - (3), RCFC. Defendant will seasonably supplement its responses only to the extent required by Rule 26(e), RCFC.

d. The instructions contained in paragraph B.5 to the extent that plaintiffs seek information protected by the attorney-client privilege and the attorney work product doctrine, and to the extent that they seek materials or information covered by Rule 26(b)(2), RCFC, without the required showing.

e. The instructions do not define the term "author" which plaintiffs use repeatedly in interrogatories seeking information about specific documents. Because many program documents about which plaintiffs seek information are the product of a collaborative process and DOE simply cannot identify all of the individuals who may have contributed to

these documents, defendant has identified the individual responsible for the production of the specific document.

f. The definition of "utility queue" fails to reference any of the numerous documents in which DOE has listed Purchasers, rendering the definition vague. For the purposes of this response, defendant will assume that plaintiffs' are referring to the listings set forth table titled, "Summary of Purchasers' Annual Allocations (MTU)," in the Annual Capacity reports, which identify the order or rank in which DOE will accept spent nuclear fuel and/or high level radioactive waste from Purchasers.

3. Defendant objects to the plaintiffs' interrogatories upon the grounds and to the extent that by them, plaintiffs seek to have defendant make certain legal conclusions and/or conclusions as to the legal significance of certain documents and/or events which it is not required to make.

4. Defendant objects to the plaintiffs' interrogatories upon the grounds and to the extent that by them, plaintiffs seek from defendant information prepared and/or developed in anticipation of litigation and/or for trial.

5. Defendant objects to the plaintiffs' interrogatories upon the grounds and to the extent that by them, plaintiffs seek the discovery of information which is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

6. Defendant objects to the plaintiffs' interrogatories upon the grounds that the manner in which they are worded, when read with their definitions and general instructions, are so vague, broad, general, and all inclusive that they do not permit a proper or reasonable response and are, therefore, unduly burdensome and oppressive.

7. Defendant objects to the plaintiffs' interrogatories upon the grounds that by them,

plaintiffs seek to require defendant to make legal conclusions and/or conclusions concerning the legal significance of certain documents and/or events which must be determined by the United States Court of Federal Claims in this action and upon the grounds that to respond to them defendant would be required to make an extensive investigation, research, compilation, and evaluation of data and records in its possession, which would constitute annoyance, harassment, oppression, undue burden, and undue expense to defendant.

8. Defendant objects to any inference that can be drawn from any portion of plaintiffs' interrogatories or the responses to them that the documents requested or events referred in the requests actually exist or occurred. The failure to object to each such inference in no way constitutes an admission by defendant that such information exists or that such events actually occurred.

9. The objections set forth above apply to each of the numbered paragraphs of the plaintiffs' interrogatories.

10. Without waiving the above objections, defendant will provide only relevant, non-privileged information and documents currently available to it, subject only to the requirements for supplementation of responses contained in the Rules of the United States Court of Federal Claims.

**INTERROGATORY NO. 7:**

Describe the basis for the Acceptance Rate referenced in the Mission Plan for the Civilian Radioactive Waste Management Program dated June 1985, including identifying:

a. The author or authors of the 1985 Mission Plan.

b. The sources and documents used in developing the Acceptance Rate set forth in the 1985 Mission Plan.

c. All the factors considered by DOE in developing the Acceptance Rate used in the 1985 Mission Plan.

d. All individuals to whom the 1985 Mission Plan was submitted for review and their role(s) in reviewing the document.

e. Any correspondence or comments received by DOE regarding the Acceptance Rate used in the 1985 Mission Plan and DOE's responses thereto.

f. Any earlier drafts of the 1985 Mission Plan, the dates thereof and the Acceptance Rate set forth therein.

g. The reasons for any changes in the Acceptance Rate used in the 1985 Mission Plan from that used in earlier drafts thereof.

h. The reasons for any changes in the Acceptance Rate used in the 1985 Mission Plan and that referenced in any other documents previously issued by DOE.

**RESPONSE:**

Defendant objects to this interrogatory as overly broad and burdensome. We are unable to identify all the individuals who ever worked upon or contributed to the creation of this document, and defendant objects to plaintiffs' request for the "author" of the cited document for the reasons set forth in our General Objections. Additionally, defendant object to the extent the

plaintiffs are seeking information provided by the referenced document itself. Consequently, the request is repetitive and unduly burdensome. Finally, defendant objects to plaintiffs' request that defendant identify any documents already identified in response to Interrogatory No. 1. Pursuant to Rule 33(c), RCFC, the answer(s) to this interrogatory may be obtained from the database of documents previously made available, or to be made available, to plaintiffs, and that the burden of ascertaining the answer(s) is substantially the same for the plaintiffs as it is for defendant. Therefore, defendant will make the database of documents available to plaintiffs at mutually acceptable times to allow plaintiffs to inspect such records and make such copies as plaintiffs deem appropriate.

Without waiving these objections, defendant responds:

a. The person who was primarily responsible for creation of the 1985 Mission Plan was Vic Trebules.

b. The 1985 Mission Plan contains a list of references that begins on page 335.

c. The numerous factors that were considered are discussed in the document itself.

d. Although we are unable to identify all the individuals who ever worked upon or contributed to the creation of this document, generally, the responsible DOE official would meet with one of DOE's contractors to provide overall policy direction in the creation of the initial draft. After the initial draft was reviewed by that DOE official and the immediate staff, the document would be circulated among the senior officials within the Department of Energy. We have provided an organizational chart which helps to illustrate this process.

e. As previously mentioned, the answer(s) to this interrogatory may be obtained from the database of documents previously made available, or to be made available, to plaintiffs, and that the burden of ascertaining the answer(s) is substantially the same for the plaintiffs as it is for

defendant. Therefore, defendant will make the database of documents available to plaintiffs at mutually acceptable times to allow plaintiffs to inspect such records and make such copies as plaintiffs deem appropriate.

f. As previously mentioned, the answer(s) to this interrogatory may be obtained from the database of documents previously made available, or to be made available, to plaintiffs, and that the burden of ascertaining the answer(s) is substantially the same for the plaintiffs as it is for defendant. Therefore, defendant will make the database of documents available to plaintiffs at mutually acceptable times to allow plaintiffs to inspect such records and make such copies as plaintiffs deem appropriate.

g. Any change to the assumptions and variables upon which those schedules are based are discussed in the document itself.

h. See responses to b and g.

**INTERROGATORY NO. 36:**

Identify the three individuals within DOE with the most knowledge regarding the Acceptance Rate referred to in the documents identified above and in these interrogatories.

**RESPONSE:**

Defendant objects to this interrogatory as vague because the specific documents are not identified and the time period covered by the interrogatory is not defined. The program created to carry out the purposes of the NWPA has existed since 1983. The people with knowledge as to aspects of the program have changed over time. Defendant also objects to this interrogatory because the term "most knowledge" is not defined. Finally, defendant objects to the requirement to identify three individuals. The limitation of three is arbitrary and requires defendant to make choices regarding individuals who are knowledgeable that may not accurately reflect who is most knowledgeable for aspects of the program during certain periods of time.

Without waiving these objections, defendant states that the following individuals, to varying degrees, were involved with and may have knowledge about the Acceptance Rate, as defined by plaintiffs:

Lake Barrett, Alan Brownstein, James Carlson, Ron Milner, Nancy Slater-Thompson and Dave Zabransky.

**INTERROGATORY NO. 43:**

Identify the three individuals within DOE that have the most knowledge regarding the development and implementation of the Utility Queue.

**RESPONSE:**

Defendant objects to this interrogatory as vague because the time period covered by the interrogatory is not defined. The program created to carry out the purposes of the NWPA has existed since 1983. The people with knowledge as to aspects of the program have changed over time. Defendant also objects to this interrogatory because the term "most knowledge" is not defined. Defendant objects to the requirement to identify three individuals. The limitation of three is arbitrary and requires defendant to make choices regarding individuals who are knowledgeable that may not accurately reflect who is most knowledgeable for aspects of the program during certain periods of time. Finally, defendant objects to the interrogatory because the term "Utility Queue" is vague and ambiguous, as stated in our General Objections.

Without waiving these objections, defendant states that the following individuals, to varying degrees, have been involved with and may have knowledge about the acceptance allocations identified in various documents:

Alan Brownstein, James Carlson, Ron Milner, Tom Pollog, Nancy Slater-Thompson, David Zabransky.

**<u>INTERROGATORY NO. 45</u>:**

Identify all individuals involved in the review of the Delivery Commitment Schedules submitted by Purchasers and all individuals who participated in preparing instructions, approving, disapproving, preparing and sending responses to the Delivery Commitment Schedules, including their role in same.

**<u>RESPONSE</u>:**

Defendant objects to this interrogatory as overly broad and burdensome because it requires defendant to identify all individuals.

Without waiving these objections, defendant states that the following individuals, to varying degrees, have been involved with and may have knowledge about the review of delivery commitment schedules:

Alan Brownstein, James Carlson, Tom Pollog, Nancy Slater-Thompson, Elissa Turner, David Zabransky.

**INTERROGATORY NO. 50:**

Identify the three individuals within DOE with the most knowledge of the schedule DOE would have followed had it begun to take SNF from Purchasers by January 31, 1998, pursuant to the Standard Contract.

**RESPONSE:**

Defendant objects to this interrogatory because it seeks purely speculative information that is irrelevant to the proceedings in these cases. The issues relevant to these cases involve identification of a schedule that the Court will apply to assess damages in these cases, not development of a speculative schedule of SNF acceptance and disposal that neither occurred nor was made part of the Standard Contract. Defendant further objects to this interrogatory as vague because the time period covered by the interrogatory is not defined. The program created to carry out the purposes of the NWPA has existed since 1983. The people with knowledge as to aspects of the program have changed over time. Defendant also objects to this interrogatory because the term "most knowledge" is not defined. Finally, defendant objects to the requirement to identify three individuals. The limitation of three is arbitrary and requires defendant to make choices regarding individuals who are knowledgeable that may not accurately reflect who is most knowledgeable for aspects of the program during certain periods of time.

Without waiving these objections, defendant states that the following individuals, to varying degrees, have been involved with and may have knowledge about the schedules DOE has considered:

Lake Barrett, Alan Brownstein, James Carlson, Susan Klein, Ron Milner, Tom Pollog, Nancy Slater-Thompson, David Zabransky.

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

OF COUNSEL:

L. DOW DAVIS, IV
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6288

October 9, 2001

Attorneys for Defendant

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY<br>CONNECTICUT YANKEE ATOMIC POWER COMPANY<br>MAINE YANKEE ATOMIC POWER COMPANY<br>FLORIDA POWER & LIGHT COMPANY<br>NORTHERN STATES POWER COMPANY<br>DUKE POWER, A Division of DUKE ENERGY CORP.<br>INDIANA MICHIGAN POWER COMPANY<br>SACRAMENTO MUNICIPAL UTILITY DISTRICT<br>SOUTHERN NUCLEAR OPERATING COMPANY, et al.<br>COMMONWEALTH EDISON COMPANY<br>BOSTON EDISON COMPANY<br>GPU NUCLEAR, INCORPORATED<br>WISCONSIN ELECTRIC POWER COMPANY<br>POWER AUTHORITY OF THE STATE OF NEW YORK<br>OMAHA PUBLIC POWER DISTRICT<br>NEBRASKA PUBLIC POWER DISTRICT<br>TENNESSEE VALLEY AUTHORITY<br>PSEG NUCLEAR LLC,<br><br>Plaintiffs,<br><br>UNITED STATES,<br><br>Defendant. | Case Nos. 98-126C, 98-154C, 98-474C, 98-483C, 98-484C, 98-485C, 98-486C, 98-488C, 98-614C, 98-621C, 99-447C, 00-440C, 00-697C, 00-703C, 01-115C, 01-116C, 01-249C 01-551C<br><br>Judge Sypolt<br>(Discovery Judge) |

**DEFENDANT'S RESPONSES TO UTILITY PLAINTIFFS' JOINT SUPPLEMENTAL INTERROGATORIES**

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims ("RCFC"), and the Court's order for coordinated discovery, filed on September 26, 2001, defendant, the United States, provides the following responses to the plaintiffs' joint supplemental interrogatories, dated March 8, 2002.

GENERAL OBJECTIONS

1. Defendant objects to each and every interrogatory to the extent that it calls for the disclosure of material or information that is subject to any claim of privilege or protection, including without limitation, the attorney-client privilege, the work-product doctrine, or any

188

Government privilege. Defendant will not produce privileged or protected documents, materials or information in response to the document requests. The inadvertent production by defendant of documents protected by the attorney-client privilege, or any other privilege, shall not constitute a waiver of the applicable privilege or protection as to any document so produced, or as to any other document.

2. Defendant objects to the instructions and definitions accompanying plaintiffs' document requests to the extent that such instructions and definitions attempt to impose obligations on defendant other than those imposed by Rules 26 and 34 of the Rules of the United States Court of Federal Claims, ("RCFC") and the Court's prior orders, including, but not limited, to:

a. Information regarding electronic mail will not be provided, pursuant to the Court's order issued November 8, 2001.

b. The definition of "DOE" is overly broad by seeking to impose obligations in excess of those previously ordered by the Court.

c. The instructions contained in paragraph B.1 to the extent that they seek to impose requirements beyond those contained in Rule 26(e)(1) - (3), RCFC. Defendant will seasonably supplement its responses only to the extent required by Rule 26(e), RCFC.

d. The instructions contained in paragraph B.5 to the extent that plaintiffs seek information protected by the attorney-client privilege and the attorney work product doctrine, and to the extent that they seek materials or information covered by Rule 26(b)(2), RCFC, without the required showing.

3. Defendant objects to the plaintiffs' interrogatories upon the grounds and to the extent that, by them, plaintiffs seek to have defendant make certain legal conclusions and/or

conclusions as to the legal significance of certain documents and/or events which it is not required to make.

4. Defendant objects to the plaintiffs' interrogatories upon the grounds and to the extent that, by them, plaintiffs seek from defendant information prepared and/or developed in anticipation of litigation and/or for trial.

5. Defendant objects to the plaintiffs' interrogatories upon the grounds and to the extent that, by them, plaintiffs seek the discovery of information which is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

6. Defendant objects to the plaintiffs' interrogatories upon the grounds that the manner in which they are worded, when read with their definitions and general instructions, are so vague, broad, general, and all inclusive that they do not permit a proper or reasonable response and are, therefore, unduly burdensome and oppressive.

7. Defendant objects to the plaintiffs' interrogatories upon the grounds that by them, plaintiffs seek to require defendant to make legal conclusions and/or conclusions concerning the legal significance of certain documents and/or events which must be determined by the United States Court of Federal Claims in this action and upon the grounds that to respond to them defendant would be required to make an extensive investigation, research, compilation, and evaluation of data and records in its possession, which would constitute annoyance, harassment, oppression, undue burden, and undue expense to defendant.

8. Defendant objects to any inference that can be drawn from any portion of plaintiffs' interrogatories or the responses to them that the documents requested or events referred in the requests actually exist or occurred. The failure to object to each such inference in no way constitutes an admission by defendant that such information exists or that such events

actually occurred.

9. Defendant objects to plaintiffs' last four interrogatories as beyond the number of supplemental interrogatories allowed by the Court's order governing the coordinated discovery proceedings. Notwithstanding this objection, defendant provides responses to these interrogatories.

10. The objections set forth above apply to each of the numbered paragraphs of the plaintiffs' interrogatories.

11. Without waiving the above objections, defendant will provide only relevant, non-privileged information and documents currently available to it, subject only to the requirements for supplementation of responses contained in the Rules of the United States Court of Federal Claims.

DEFENDANT'S RESPONSES

INTERROGATORY NO. 77:

Identify the DOE personnel who drafted, developed, or participated in meetings regarding the Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the notice of proposed rulemaking at 48 Fed. Reg. 5458 (Fed. 4, 1983).

RESPONSE:

Defendant objects to this interrogatory as overly broad and burdensome. Defendant is unable to identify all DOE personnel who may have drafted, developed, or participated in meetings regarding the Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the notice of proposed rulemaking at 48 Fed. Reg. 5458 (Fed. 4, 1983). Pursuant to Rule 33(c), RCFC, defendant responds that the answer(s) to this interrogatory may be obtained from the documents previously made available to plaintiffs, and that the burden of ascertaining the answer(s) is substantially the same for the plaintiffs as it is for defendant. Defendant also objects to this interrogatory because the term "participated in" is not defined, rendering the interrogatory vague and ambiguous.

Without waiving these objections, defendant states that the following individuals, to varying degrees, were involved with and may have knowledge of the Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the notice of proposed rulemaking at 48 Fed. Reg. 5458 (Fed. 4, 1983):

Robert Rosselli, Michael Lawrence, Robert Morgan, James Fiore, Eliot Winnick (deceased), James Cavanaugh.

INTERROGATORY NO. 78:

Identify the DOE personnel who reviewed the comments the agency received in response to the notice of proposed rulemaking Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the notice of proposed rulemaking at 48 Fed. Reg. 5458 (Fed. 4, 1983).

RESPONSE:

Defendant objects to this interrogatory as overly broad and burdensome. Defendant is unable to identify all DOE personnel who may have reviewed the comments the agency received in response to the notice of proposed rulemaking Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the notice of proposed rulemaking at 48 Fed. Reg. 5458 (Fed. 4, 1983). Defendant also objects that the interrogatory is vague and ambiguous, as the interrogatory does not define the time period of the "review" by DOE personnel (i.e., review prior to issuance of the final rule vs. review at during some subsequent time period).

Without waiving these objections, defendant states that the following individuals may have reviewed the comments the agency received in response to the notice of proposed rulemaking Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the notice of proposed rulemaking at 48 Fed. Reg. 5458 (Fed. 4, 1983):

Robert Rosselli, Michael Lawrence, Robert Morgan, James Fiore, Eliot Winnick (deceased), James Cavanaugh.

INTERROGATORY NO. 79:

Identify the DOE personnel who were involved in DOE's decision to "intentionally [] not adopt any" suggestions made by commenters on the proposed Standard Contract that DOE "insert into the Standard Contract a minimum rate of SNF and/or HLW acceptance by which DOE would be bound to perform." Defendant's Motion for Partial Summary Judgment Regarding the Rate of Spent Nuclear Fuel Acceptance at 5.

**RESPONSE**:

Defendant objects to this interrogatory because the term "involved in" is not defined, rendering the interrogatory vague.

Without waiving this objection, defendant states that the following individuals may have knowledge of DOE's decision to intentionally not adopt any suggestions made by commenters on the proposed Standard Contract that DOE insert into the Standard Contract a minimum rate of SNF and/or HLW acceptance by which DOE would be bound to perform:

Robert Rosselli, Michael Lawrence, Robert Morgan.

INTERROGATORY NO. 80:

Identify the DOE personnel who drafted, developed, or participated in meetings between 1981 and 1983 regarding the Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the final rule at 48 Fed. Reg. 16,590 (Apr. 18, 1983).

RESPONSE:

Defendant objects to this interrogatory as overly broad and burdensome. Defendant is unable to identify all DOE personnel who may have drafted, developed, or participated in meetings between 1981 and 1983 regarding the Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the final rule at 48 Fed. Reg. 16,590 (Apr. 18, 1983). Pursuant to Rule 33(c), RCFC, defendant responds that the answer(s) to this interrogatory may be obtained from the documents previously made available to plaintiffs, and that the burden of ascertaining the answer(s) is substantially the same for the plaintiffs as it is for defendant. Defendant also objects to this interrogatory because the term "participated in" is not defined, rendering the interrogatory vague.

Without waiving these objections, defendant states that the following individuals, to varying degrees, were involved with and may have knowledge of the Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the final rule at 48 Fed. Reg. 16,590 (Apr. 18, 1983):

Robert Rosselli, Michael Lawrence, Robert Morgan, James Fiore, Eliot Winnick (deceased), James Cavanaugh.

INTERROGATORY NO. 81:

Does DOE contend that, at the time it executed the Standard Contract with the Purchasers, DOE did not intend to accept SNF and/or HLW starting in 1998 at a rate sufficient for Purchasers not to "have to add any further storage facilities either on site or at another location[?]" Robert Morgan, Acting Director of Civilian Radioactive Waste Management, U.S. Department of Energy, Program Overview, in Proceedings of the 1983 Civilian Radioactive Waste Management Information Meeting, February 1984. State all facts that support your answer.

RESPONSE:

Defendant objects to this interrogatory because the term "intend" is not defined, rendering the interrogatory vague. Defendant also objects to this interrogatory because it fails to distinguish between program goals and contractual obligations. Further, defendant objects that what DOE may have intended is irrelevant. The language of the Standard Contract speaks for itself as to the obligations of the parties.

Without waiving these objections, defendant states that, assuming that the legal, political and technical hurdles identified in the 1985 Mission Plan could be overcome and assuming that the repository had begun operations, DOE had a programmatic goal to begin acceptance of SNF in 1998 at a rate that, in the aggregate, would obviate the need for additional at-reactor storage. Any of DOE's "desires" or programmatic goals that are not contained in the Standard Contract itself were not intended to be contractually binding or to create any enforcement obligations upon DOE. As Mr. Morgan explained at his deposition, DOE did not have a contractual "intent" to accept SNF and/or HLW at a rate sufficient for Purchasers not to have to add any further storage facilities, either on-site or at another location. These facts are also supported by the

language of the Standard Contract and the administrative record of rulemaking for the Standard Contract.

**INTERROGATORY NO. 99:**

Identify the DOE personnel who participated in drafting, developing, or reviewing criteria for approving exchanges of DCSs under Article V.E of the Standard Contract, regardless of whether criteria were ever formally adopted.

**RESPONSE:**

Defendant objects to this interrogatory as overly broad and burdensome. Pursuant to Rule 33(c), RCFC, defendant responds that, the answer(s) to this interrogatory may be obtained from the documents previously made available to plaintiffs, and that the burden of ascertaining the answer(s) is substantially the same for the plaintiffs as it is for defendant. Defendant also objects to this interrogatory because the term "participated in" is not defined, rendering the interrogatory vague.

Without waiving these objections, defendant states that no criteria for approving exchanges has ever been adopted by DOE. To the extent that DOE or its contractors investigated or considered the possibility of establishing any such criteria, the following individuals, to varying degrees, may have knowledge of those investigations or considerations:

Alan Brownstein, Nancy Slater-Thompson, Dave Zabransky, James Carlson (retired).

ROBERT D. MCCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6288

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

MARIAN E. SULLIVAN
R. ALAN MILLER
BRYANT S. BANES
ERIN E. POWELL
RUSSELL A. SHULTIS
WILLIAM L. OLSEN
HEIDE L. HERRMANN
KEVIN CRAWFORD
Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

Attorneys for Defendant

April 15, 2002

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 15th day of April, 2002, I caused to be served by overnight delivery (delivery next business day) a copy of "DEFENDANT'S RESPONSES TO UTILITY PLAINTIFFS' JOINT SUPPLEMENTAL INTERROGATORIES," addressed as follows:

Counsel for:

Boston Edison Co. v. United States, No. 99-447C (Fed. Cl.) (Allegra, J.);
Duke Power Co. v. United States, No. 98-485C (Fed. Cl.) (Sypolt, J.);
Florida Light & Power Co. v. United States, No. 98-483C (Fed. Cl.) (Wilson, J.);
GPU Nuclear, Inc. v. United States, No. 00-440C (Fed. Cl.) (Bush, J.);
Indiana Michigan Power Co. v. United States, No. 98-429C (Fed. Cl.) (Hodges, J.);
Northern States Power Co. v. United States, No. 98-484C (Fed. Cl.) (Wiese, J.);
Power Authority of the State of New York v. United States, No. 00-703C (Fed. Cl.) (Damich, J.);
Omaha Public Power District v. United States, No. 01-115C (Bush, J.); and,
Nebraska Public Power District v. United States, No. 01-116C (Sypolt, J.)
PSEG Nuclear LLC v. United States, No. 01-551C (Turner, J.):

ALEX D. TOMASZCZUK
Shaw Pittman
1650 Tysons Boulevard
McLean, Virginia 22102-4859

Counsel for:

Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.) (Merow, S.J.);
Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.) (Merow, S.J.); and
Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.) (Merow, S.J.):

JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W.
Ninth Floor
Washington, D.C. 20005-3305

Counsel for:

Sacramento Municipal Irrigation District v. United States, No. 98-488C (Fed. Cl.) (Yock, S.J.):

MELVIN C. GARBOW
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

Counsel for:

Southern Nuclear Operating Co. v. United States, No. 98-614C) (Fed. Cl.) (Merow, S.J.):

M. STANFORD BLANTON
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203

Counsel for:

Wisconsin Electric Power Co. v. United States, No. 00-697C (Fed. Cl.) (Merow, S.J.):

RICHARD W. OEHLER
Perkins Coie LLP
1201 Third Avenue
40th Floor
Seattle, Washington 98101-3099

Counsel for

Commonwealth Edison Co. v. United States, No. 98-621C (Judge Hewitt):

RICHARD C. JOHNSON
Jenner & Block
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005

Counsel for:

Tennessee Valley Authority v. United States, No. 01-249C (Bruggink, J.)

PETER K. SHEA
Office of the General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Δ π EXHIBIT #1
Deponent Pollog
Date 4-11-02 Rptr. PGM

YANKEE ATOMIC ELECTRIC COMPANY )
(98-126C) (Merow, S.J.) )
CONNECTICUT YANKEE ATOMIC POWER COMPANY )
(98-154C) (Merow, S.J.) )
MAINE YANKEE ATOMIC POWER COMPANY )
(98-474C) (Merow, S.J.) )
FLORIDA POWER & LIGHT COMPANY )
(98-483C) (Wilson, J.) )
NORTHERN STATES POWER COMPANY )
(98-484C) (Wiese, J.) )
DUKE POWER, A Division of DUKE ENERGY CORP. )
(98-485C) (Sypolt, J.) )
INDIANA MICHIGAN POWER COMPANY )
(98-486C) (Hodges, J.) )
SACRAMENTO MUNICIPAL UTILITY DISTRICT )
(98-488C) (Yock, S.J.) )
SOUTHERN NUCLEAR OPERATING COMPANY, et al. )
(98-614C) (Merow, S.J.) )
COMMONWEALTH EDISON COMPANY )
(98-621C) (Hewitt, J.) )
BOSTON EDISON COMPANY )
(99-447C) (Allegra, J.) )
GPU NUCLEAR, INCORPORATED )
(00-440C) (Bush, J.) )
WISCONSIN ELECTRIC POWER COMPANY )
(00-697C) (Merow, S.J.) )
POWER AUTHORITY OF THE STATE OF NEW YORK )
(00-703C) (Damich, J.) )
OMAHA PUBLIC POWER DISTRICT )
(01-115C) (Bush, J.) )
NEBRASKA PUBLIC POWER DISTRICT )
(01-116C) (Sypolt, J.) )
TENNESSEE VALLEY AUTHORITY )
(01-249C) (Bruggink, J.) )

Plaintiffs, )

v. )

THE UNITED STATES, ) Discovery Judge:
) (Judge Sypolt)
Defendant. )

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims and the Order of the Discovery Judge dated March 25, 2002, counsel for the above-referenced Utility Plaintiffs will take the deposition of Defendant's designated representative at 10:00 a.m. on April 11, 2002, in conference room 14C on the 14th Floor at the law offices of Shaw Pittman LLP, 1650 Tysons Boulevard, McLean, VA 22102. The deposition will be recorded by stenographic means and will continue day to day until completed.

Defendant's designated representative will be examined with respect to the matters set forth in the attached exhibit.

Dated: April 3, 2002

Respectfully submitted,

Alex D. Tomaszczuk
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
Telephone: 703.770.7940
Fax: 703.770.7901

Counsel of Record for Plaintiffs
Florida Power & Light Company, Northern States Power Company, Duke Power, Indiana Michigan Power Company, Boston Edison Company, GPU Nuclear, Inc., Power Authority of the State of New York, Omaha Public Power District, and Nebraska Public Power District

**OF COUNSEL:**

Jay E. Silberg
Devon E. Hewitt
Daniel S. Herzfeld
Jack Y. Chu
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, DC 20037-1128

M. Stanford Blanton (by Alex D. Tomaszczuk)

M. Stanford Blanton
Balch & Bingham, LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Tel: (205) 251-8100
Counsel of Record for Plaintiff:
Southern Nuclear Operating Company, et al.

Richard C. Johnson (by Alex D. Tomaszczuk)

Richard C. Johnson
Jenner & Block
601 13th Street, N.W.
Suite 1200 South
Washington, D.C. 20005
Tel: (202) 639-6075
Counsel of Record for Plaintiff:
Commonwealth Edison Company

Richard W. Oehler (by Alex D. Tomaszczuk)

Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101-3099
Tel: (206) 583-8419
Counsel of Record for Plaintiff:
Wisconsin Electric Power Company

Melvin C. Garbow (by Alex D. Tomaszczuk)

Melvin C. Garbow
Arnold & Porter
555 12th Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5666
Counsel of Record for Plaintiff:
Sacramento Municipal Utility District

Peter K. Shea (by Aly D. Thuengh)

Peter K. Shea
Office of General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, TN 37902-1401
Tel: (865) 632-7319
Counsel of Record for Plaintiff:
Tennessee Valley Authority

# EXHIBIT

1. The rate of acceptance in estimates made by DOE from 1982 to 1987 in the areas of program cost, waste acceptance, transportation planning, and receiving capacity of the program and the basis for those estimates, as set forth in the following documents:

   A. 1985 Mission Plan (and all published drafts) including:

      i. December 1983 Draft
      ii. January 1984 Draft
      iii. April 1984 Draft

   B. Report on Financing the Disposal of Commercial Spent Nuclear Fuel and Processed High-Level Radioactive Waste (June 1983)

   C. Proceedings of the 1983 Civilian Radioactive Waste Management Information Meeting (February 1984)

   D. Fee Adequacy Assessment Report (March 1986)

   E. 1987 Annual Capacity Report

   F. Monitored Retrievable Storage; Submission to Congress (March 1987):

      i. The MRS Proposal
      ii. The Environmental Assessment
      iii. The Program Plan

2. The role and purpose of the Delivery Commitment Schedules ("DCS") and Final Delivery Schedules in the performance of the Standard Contract.

4. The purpose of Annual Capacity Reports and Acceptance Priority Rankings developed pursuant to the Standard Contracts and the basis for the acceptance rates contained therein.

6. The rate(s) of acceptance that DOE planned to use under the Standard Contract before DOE determined that it would not begin accepting SNF in a permanent repository in 1998.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

YANKEE ATOMIC ELECTRIC COMPANY
(98-126C) (Merow, S.J.)
CONNECTICUT YANKEE ATOMIC POWER COMPANY
(98-154C) (Merow, S.J.)
MAINE YANKEE ATOMIC POWER COMPANY
(98-474C) (Merow, S.J.)
FLORIDA POWER & LIGHT COMPANY
(98-483C) (Wilson, J.)
NORTHERN STATES POWER COMPANY
(98-484C) (Wiese, J.)
DUKE POWER, A Division of DUKE ENERGY CORP.
(98-485C) (Sypolt, J.)
INDIANA MICHIGAN POWER COMPANY
(98-486C) (Hodges, J.)
SACRAMENTO MUNICIPAL UTILITY DISTRICT
(98-488C) (Yock, S.J.)
SOUTHERN NUCLEAR OPERATING COMPANY, et al.
(98-614C) (Merow, S.J.)
COMMONWEALTH EDISON COMPANY
(98-621C) (Hewitt, J.)
BOSTON EDISON COMPANY
(99-447C) (Allegra, J.)
GPU NUCLEAR, INCORPORATED
(00-440C) (Bush, J.)
WISCONSIN ELECTRIC POWER COMPANY
(00-697C) (Merow, S.J.)
POWER AUTHORITY OF THE STATE OF NEW YORK
(00-703C) (Damich, J.)
OMAHA PUBLIC POWER DISTRICT
(01-115C) (Bush, J.)
NEBRASKA PUBLIC POWER DISTRICT
(01-116C) (Sypolt, J.)
TENNESSEE VALLEY AUTHORITY
(01-249C) (Bruggink, J.)

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

Discovery Judge:
(Judge Sypolt)



EXHIBIT

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims and the Order of the Discovery Judge dated March 25, 2002, counsel for the above-referenced Utility Plaintiffs will take the deposition of Defendant's designated representative at 9:30 a.m. on Wednesday, April 24, 2002, at the law offices of Jenner & Block, 601 Thirteenth St., NW, Suite 1200 South, Washington, DC 20005. The deposition will be recorded by stenographic means and will continue day to day until completed.

Defendant's designated representative will be examined with respect to the matters set forth in the attached exhibit.

Dated: April 18, 2002

Respectfully submitted,

Alex D. Tomaszczuk by Daniel Herzfeld

Alex D. Tomaszczuk
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
Telephone: 703.770.7940
Fax: 703.770.7901

Counsel of Record for Plaintiffs
Florida Power & Light Company, Northern States Power Company, Duke Power, Indiana Michigan Power Company, Boston Edison Company, GPU Nuclear, Inc., Power Authority of the State of New York, Omaha Public Power District, and Nebraska Public Power District

**OF COUNSEL:**
Jay E. Silberg
Devon E. Hewitt
Daniel S. Herzfeld
Jack Y. Chu
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, DC 20037-1128

A 0034

M. Stanford Blanton
Balch & Bingham, LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Tel: (205) 251-8100
Counsel of Record for Plaintiff:
Southern Nuclear Operating Company, et al.

Richard C. Johnson
Jenner & Block
601 13th Street, N.W.
Suite 1200 South
Washington, D.C. 20005
Tel: (202) 639-6075
Counsel of Record for Plaintiff:
Commonwealth Edison Company

Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101-3099
Tel: (206) 583-8419
Counsel of Record for Plaintiff:
Wisconsin Electric Power Company

Melvin C. Garbow
Arnold & Porter
555 12th Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5666
Counsel of Record for Plaintiff:
Sacramento Municipal Utility District

Peter Shea by [signature]

Peter K. Shea
Office of General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, TN 37902-1401
Tel: (865) 632-7319
Counsel of Record for Plaintiff:
Tennessee Valley Authority

**EXHIBIT**

3. DOE's responses to DCS forms submitted by the utility plaintiffs, including DOE's decision to stop approving such DCS forms.

5. DOE's consideration of its obligation to accept Greater-Than-Class-C waste.

7. The date that DOE currently believes that it will begin accepting fuel under the Standard Contract and the acceptance rate that DOE is planning to use once acceptance begins.

9. The role and purpose of the provision on priority for shutdown reactors in the performance of the Standard Contract.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of April 2002, I caused a copy of the foregoing NOTICE OF DEPOSITION to be served by facsimile and by U.S. mail, postage prepaid, on:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530

Attention: Classification Unit
8th Floor, 1100 L Street, N.W.

Document #: 1180086 v.2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHERN NUCLEAR OPERATING CO. INC., ALABAMA POWER COMPANY, AND GEORGIA POWER COMPANY, | ) | |
| Plaintiffs, | ) | No. 98-614C |
| v. | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' RULE 30(B)(6) NOTICE OF DEPOSITION**

Please take notice that, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims, plaintiffs, Southern Nuclear Operating Co. Inc., Alabama Power Company, and Georgia Power Company (collectively "Southern"), will take the deposition of the Department of Energy ("DOE" or "Government"), or a person or persons designated by the Government upon oral examination before an officer authorized by law to administer oaths, commencing December 2, 2004, at Arnold & Porter, 555 Twelfth Street, N.W., Washington, D.C. 20004-1202, commencing at 9:00 a.m. until 6:00 p.m., or at a time and place agreed upon between counsel for the parties, and continuing from day to day until completed.

Pursuant to Rule 30(b)(6), the Government shall designate the most knowledgeable person or persons to testify upon its behalf as to the following subject matter.

1. The Government's plans for accepting delivery of spent nuclear fuel stored in dry casks on Southern's reactor sites, including but not limited to:

   a. The Government's plans, if any, regarding potential interim storage option(s) prior to the availability of Yucca Mountain (*e.g.*, alternative sites

near Yucca Mountain, elsewhere, the Government taking title to spent fuel at onsite (at reactor), ISFSIs, etc.).

b. The physical characteristics of the equipment and facilities, including but not limited to and to the extent applicable, canisters, casks, and overpacks, the Government plans to use to accept spent nuclear fuel from Southern's reactor sites and transport the spent fuel to the Yucca Mountain repository.

c. The existence of any contracts with cask and/or container vendors, as well as any other vendors, related to the acceptance and disposal of commercial spent nuclear fuel; and

d. The Government's plans relative to the acceptance of spent nuclear fuel in canisters and/or casks purchased by Southern Nuclear for storage purposes.

e. The Government's projections of spent nuclear fuel discharges for Southern (factoring in the Government's assumptions, if any regarding capacity factors, burn-up rates, etc.).

f. The Government's plan for accommodating Yucca Mountain's capacity limitations.

2. The Government's plans for accepting delivery of spent nuclear fuel stored in dry casks on away from reactor independent spent fuel storage installations.

3. The Government's plan for the commencement of operations at the Yucca Mountain repository, including but not limited to schedule milestones, actual and projected performance against such milestones, prior and current budget requests, and funding requirements.

4. The basis for the spent nuclear fuel acceptance rate utilized in the DOE's 2004 Annual Priority Ranking and Annual Capacity Report.



11

5. The physical characteristics of equipment, including canisters, casks and overpacks, that would-have-been used, had the Government begun performance in 1998.

Dated: November 12, 2004

M. Stanford Blanton

Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 226-3417
Facsimile: (205) 226-8798

**COUNSEL OF RECORD FOR PLAINTIFFS**

**Of Counsel**:

Ed R. Haden
K. C. Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

Ronald A. Schechter
Jeffrey L. Handwerker
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
Telephone: (202) 942-5777
Facsimile: (202) 942-5999

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury, that on this 12 day of November, 2004, I caused to be served by United States mail and facsimile a copy of the foregoing Plaintiffs' Rule 30(b)(6) Notice of Deposition addressed as follows:

Marian E. Sullivan, Esq.
Department of Justice
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

M. Stanford Blanton

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SOUTH CAROLINA ELECTRIC & GAS COMPANY and SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, | ) |
| Plaintiffs, | ) No. 04-0101C |
| v. | ) |
| | ) Judge Charles F. Lettow |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**RULE 30(B)(6) NOTICE OF DEPOSITION**

Please take notice that pursuant to RCFC 30(b)(6), the plaintiffs, South Carolina Electric & Gas Company and South Carolina Public Service Authority (collectively "SCE&G" or "Plaintiffs"), will take the deposition of the United States, or the person or persons designated by the United States, upon oral examination before an officer authorized by law to administer oaths commencing on March 23, 2004 at the offices of Jenner & Block LLP, 601 Thirteenth Street, NW, Washington, D.C., 20005, or at a time and place agreed upon by counsel for the parties, and continued from day to day until completed.



EXHIBIT
Kouts 9
4/11/05 JC

Pursuant to RCFC 30(b)(6), the United States shall designate the person or persons to testify upon its behalf as to the subject matters identified in Attachment A.

Dated: March 2, 2005

Respectfully submitted,

NORMAN M. HIRSCH
Jenner & Block LLP
One IBM Plaza
330 N. Wabash
Chicago, IL 60611
(312) 923-2782 telephone
(312) 840-7782 facsimile
COUNSEL FOR PLAINTIFFS

Of Counsel:

David A. Handzo
Jenner & Block LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 639-6000

William D. Heinz
David Jiménez-Ekman
Lisa M. Eddington
Christopher Tompkins
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

Thomas G. Eppink
SCANA Services, Inc.
Legal Dept. MC-130
Columbia, SC 29218
(803) 217-9448

Stephen R. Pelcher
Santee Cooper
Post Office Box 2946101
Moncks Corner, SC 29461-2901
(843) 761-4016

**Attachment A**

1. The basis for the spent fuel acceptance rate utilized in DOE's 2004 Annual Priority Ranking and Annual Capacity Report.

2. SCE&G's SNF acceptance allocations contained in DOE's 2004 Annual Priority Ranking and Annual Capacity Report

3. The DOE's decision to request SCE&G and other utilities to submit Delivery Commitment Schedules in July 2004, its subsequent decision to return Delivery Commitment Schedule submissions to utilities, and the DOE's December 2004 statement that "resumption of the DCS process was premature."

4. The DOE's 2004 Instructions for Completing the Appendix C Delivery Commitment Schedules.

5. The intended effect of Delivery Commitment Schedule submissions by utilities pursuant to the DOE's July 2004 request, including the effect of such submissions on prior Delivery Commitment Schedules submitted by utilities during the 1990s.

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that, on this 2nd day of March, 2005, I caused to be served by facsimile and U.S. Mail a copy of Rule 30(b)(6) Notice of Deposition addressed as follows:

Stephen Finn, Trial Attorney
U.S. Department of Justice
Commercial Litigation Section
Civil Division
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Room 12068
Washington, D.C. 20005