IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-10C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION TO COMPLETE TWO DEPOSITIONS AFTER THE CLOSE OF FACT DISCOVERY**

Pursuant to RCFC 29, defendant, the United States, respectfully requests leave of Court to complete two fact depositions outside of the fact discovery period. David Jimenez-Ekman, counsel for plaintiff, has represented that plaintiff, Energy Northwest ("ENW"), does not oppose defendant's motion to complete the depositions of John Swailes and Jonathon Hicks.

A. The Completion of the Deposition of John Swailes

By order dated May 4, 2006, fact discovery concluded on August 3, 2007. After the close of discovery, on March 3, 2008, plaintiff supplemented its Initial Disclosures and identified an additional witness, John Swailes, with knowledge of the facts at issue in this litigation. See Ex. A, Correspondence from Norman Hirsch to Sharon Snyder, dated March 3, 2008. Defendant commenced the deposition of Mr. Swailes on Friday, May 2, 2008. However, counsel realized at approximately 3:45 p.m. that it would not be possible to finish the deposition within the next two hours. Because the hour was getting late on a Friday afternoon, and because we recognized that we would need more than two hours to complete the deposition, we agreed to stop the deposition at approximately 4:15 p.m. and complete the deposition at a later date subject to the approval of the Court. Counsel for plaintiff has since agreed to produce Mr. Swailes for an additional three hours. Ex. B, Correspondence from David Jimenez-Ekman, dated May 9, 2008. The

Government believes that it can complete the deposition of Mr. Swailes within that time.

The additional time is needed for Mr. Swailes because plaintiff has identified him in its amended Initial Disclosures as having knowledge regarding a wide range of subjects directly relevant to this case. For example, plaintiff identifies Mr. Swailes as having knowledge of plaintiff's damages, of plaintiff's analysis of and decision to construct dry cask storage, of plaintiff's procurement of casks, and of plaintiff's expectations regarding when DOE would begin to accept spent fuel from ENW pursuant to the Standard Contract. Ex. A. The breadth of topics necessitated a deposition that was slightly longer than the seven hours (or less) that defendant has used in this case for most other fact depositions. Plaintiff has indicated that Mr. Swailes will be available to complete his deposition in July.

Completing the deposition of Mr. Swailes after the close of discovery will not affect any other currently scheduled deadlines contained in the Court's scheduling order of May 4, 2007 or in the trial preparation schedule issued by the Court on April 21, 2008. For these reasons, defendant respectfully requests that the Court permit the defendant to complete the deposition of John Swailes for three hours in July.

B. The Completion of the Deposition of Jonathon Hicks

Defendant also respectfully seeks permission to re-open the deposition of Jonathon Hicks for up to one hour, telephonically, in order to question Mr. Hicks regarding a document that was mentioned by him for the first time during his deposition, and not produced to the Government until after Mr. Hicks was deposed. Mr. Hicks testified that he served as the internal auditor on a January 2003 payroll audit of ENW. One of the Government's damages experts, Larry Johnson, relied upon that audit in reaching one of his opinions in his expert report. One of plaintiff's

experts, Michael Emmert, relied upon the same document in reaching contrary opinions. Because we were not able to question Mr. Hicks about the document, as it was produced after the close of fact discovery and after his deposition, the Government seeks to re-open Mr. Hicks' deposition for the narrow purpose of questioning him about the internal audit. The parties have agreed to complete the deposition of Mr. Hicks telephonically for his convenience.

In return for plaintiff's agreement to produce Mr. Hicks for an additional hour of deposition, defendant has agreed, on a case-by-case basis, to consider any request that plaintiff may have for additional targeted discovery regarding discovery that was produced after the close of fact discovery here. Ex. C, Correspondence from David Jimenez-Ekman, dated April 28, 2008. We understand that any such request by plaintiff would be subject to approval by the Court.

Re-opening and completing the deposition of Mr. Hicks after the close of discovery will not affect any other currently scheduled deadlines contained in the Court's scheduling order of May 4, 2007 or in the trial preparation schedule issued by the Court on April 21, 2008.

CONCLUSION

For the reasons stated herein, defendant respectfully requests that the Court grant defendant's unopposed motion to complete the depositions of Mr. Swailes and Mr. Hicks after the close of the fact discovery period.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT DAMELIN
SONIA ORFIELD
RUSSELL SHULTIS
Trial Attorneys
Department of Justice
Washington, D.C. 20530

June 6, 2008

# EXHIBIT A

Lester, H
Snyder, S 11028

JENNER&BLOCK

March 3, 2008

Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel 312 222-9350
www.jenner.com

Chicago
Dallas
New York
Washington, DC

Norman M. Hirsch
Tel 312 923-2782
Fax 312 840-7782
nhirsch@jenner.com

BY FACSIMILE AND U.S. MAIL

Sharon A. Snyder
Attorney
U.S. Department of Justice
Commercial Litigation Section
1100 L Street, N.W.
Room 12068
Washington, D.C. 20005

Re: *Energy Northwest v. United States*
Case No. 04-010C

Dear Ms. Snyder:

In accordance with Rules 26(a) and 26(e) of the Rules of the United States Court of Federal Claims ("RCFC"), Energy Northwest supplements its September 8, 2006 initial disclosures to include John Swailes on its RCFC 26(a)(1)(A) list of individuals likely to have discoverable information that Energy Northwest will use to support its claims. Enclosed please find a supplement to Exhibit A which identifies Mr. Swailes and the subjects on which he might have discoverable information.

As I mentioned during our January 29, 2008 status conference with Chief Judge Damich, we are willing to make Mr. Swailes available for a deposition on a mutually convenient date. Because we are representing Mr. Swailes in connection with this matter, please contact us if you would like to schedule a deposition.

Sincerely,

Norman M. Hirsch

Enclosure

cc: David Jiménez-Ekman
Christopher Tompkins

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
SB

## Supplemental Exhibit A[1]

| First Name | Last Name | Title | Address | Subject Matter(s) |
|---|---|---|---|---|
| Swailes | John | Former Plant Manager and Engineering Director | 2nd Floor NOF<br>Calvert Cliffs Nuclear Power Plant<br>1650 Calvert Cliffs Parkway<br>Lusby, MD 20657 | 1. Plaintiff's damages as a result of the DOE's breach of contract.<br>2. Plaintiff's analysis of spent fuel storage options as a result of the DOE's breach of contract, including, without limitation, the technical advantages and disadvantages of same.<br>3. Plaintiff's decision to construct dry spent fuel storage facilities (an ISFSI) as a result of the DOE's breach.<br>4. Plaintiff's procurement of casks and equipment, construction of an ISFSI, modifications made to the Columbia Generating Station to accommodate dry cask storage, including, without limitation, technical and engineering issues associated with same.<br>5. Plaintiff's expectations regarding the DOE's commencement of performance under the standard contract. |

[1] Plaintiff hereby states that the testimony of the witness identified on this chart may include matters involving scientific, technical or other highly specialized knowledge in the areas which are identified in this chart for the witness. While the testimony of the witness may involve areas requiring scientific, technical and other highly specialized knowledge, Plaintiff does not believe that this potential testimony is properly covered by Federal Rule of Evidence 702, because the witness will be offering fact and occurrence testimony, not expert testimony. However, out of an abundance of caution to obviate an unfounded objection that Plaintiff seeks to provide testimony from an "undisclosed expert," Plaintiff hereby also discloses this occurrence witness under RCFC 26(a)(2)(A).

# EXHIBIT B

JENNER&BLOCK

Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel 312 222-9350
www.jenner.com

Chicago
Dallas
New York
Washington, DC

David Jiménez-Ekman
Tel 312 923-2683
Fax 312 840-7683
djimenez-ekman@jenner.com

April 28, 2008

**BY E-MAIL AND U.S. MAIL**

Sharon A. Snyder
Attorney
U.S. Department of Justice
Commercial Litigation Section
1100 L Street, N.W.
Room 12068
Washington, D.C. 20005

***Re:*** ***Energy Northwest v. United States***
Case No. 04-010

Dear Sharon:

I write to respond to your April 28, 2008 letter to Norm Hirsch.

We disagree with your position regarding the justification for an additional session with Mr. Hicks. However, it appears that this is a matter on which we can agree to disagree. Based on your representation about your willingness to accommodate, on a case by case basis, our potential need for additional discovery, we are prepared to make Mr. Hicks available as you requested, for an hour by phone. Both parties will reserve their rights and positions on the issue of disagreement.

Please let us know when you would like to have additional time with Mr. Hicks.

Please feel free to call Norm, Chris or me if you would like to discuss.

Best personal regards.

Sincerely,

David Jiménez-Ekman

DJ:cjh

cc: Norman M. Hirsch
Christopher Tompkins

# EXHIBIT C

JENNER&BLOCK

May 9, 2008

Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel 312 222-9350
www.jenner.com

Chicago
New York
Washington, DC

David Jiménez-Ekman
Tel 312 923-2683
Fax 312 840-7683
djimenez-ekman@jenner.com

**BY E-MAIL AND UPS OVERNIGHT**

Sharon A. Snyder
Attorney
U.S. Department of Justice
Commercial Litigation Section
1100 L Street, N.W.
Room 12068
Washington, D.C. 20005

***Re:*** ***Energy Northwest v. United States***
Case No. 04-010

Dear Sharon:

I write to respond to your May 6, 2006 letter.

***First***, Mr. Swailes reviewed a number of documents in preparation for his deposition, all of which were previously produced to (or by) the Government. While we cannot be certain, based on Mr. Swailes' description, we believe that the document Mr. Swailes mentioned was produced to you on March 7, 2007, and you can find it in the production at Bates numbers ENW 2355332-2355333.

***Second***, we do not agree with your characterization of the circumstances leading to the suspension of the Swailes deposition last Friday, May 2, 2008. As I made clear on the record, and you agreed, we were prepared to spend up to another two hours on May 2, for a total of more than the time permitted by default under the rules, had you agreed you could conclude the deposition in that time. Instead, you indicated that you needed *more* than two hours to complete the deposition. (Rough Tr. at 277.) In light of your assertion that you could not complete the deposition on May 2 and would seek additional time under any circumstance, we decided that it made sense to suspend the deposition given that Mr. Swailes was *also* getting tired.

We also disagree that an additional 4 hours with Mr. Swailes is warranted or necessary. You had a little more than 6 hours of actual questioning time on Friday, and there were few objections, colloquy or other distractions. Of the 6 hours you took, the Government elected to spend nearly 2 hours (approximately 90 pages of deposition transcript) asking Mr. Swailes questions about his background and the other facilities at which he had worked, including details of the operation of high-level waste storage facilities at West Valley and Hanford. Your choice to spend that time on matters that are almost completely irrelevant to the issues here does not justify additional time with Mr. Swailes. Accordingly, we fail to see why this deposition could not have been accomplished within the time authorized by the RCFC. However, given that we

are bringing Mr. Swailes back, we are willing to compromise from our initial offer of 2 hours and make him available for an additional 3 hours of total questioning time, for a total of more than *nine* hours of deposition time.

***Third***, we still await responses to Chris Tompkins' March 12, 2008 letter to you and January 12, 2008 letter to Mr. Damelin regarding the Government's expert production. As we have made every effort to timely respond to your discovery-related inquires, please respond as soon as possible on these issues, which have been outstanding for many months.

As always, we are willing to discuss these or any other discovery-related issues. Please call Norm, Chris or me if you would like to discuss.

Best personal regards.

Sincerely,

David Jiménez-Ekman

DJE:cjh

cc: Norman M. Hirsch
Christopher Tompkins

CERTIFICATE OF FILING

I hereby certify that on this 6th day of June, 2008, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION TO COMPLETE TWO DEPOSITIONS AFTER THE CLOSE OF FACT DISCOVERY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Sharon A. Snyder