**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-0010C |
| v. | ) | |
| | ) | Chief Judge Damich |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION FOR AMENDMENT OF TRIAL PREPARATION ORDER**

Plaintiff Energy Northwest ("EN"), by and through its counsel, respectfully moves this Court to enter an order amending Paragraph 2(c)(iii)(5) and 2(c)(v) of the Trial Preparation Order entered by the Court on April 21, 2008 (the "Trial Preparation Order") to (1) allow for a "Cost Backup Exhibit List" containing cost backup documetns that counsel believe they must have available for trial but believe are unlikely to be used at trial, (2) eliminate the requirement to deliver two sets of exhibits on the Cost Backup Exhibit list to chambers, or alternatively provide that exhibits listed on the Cost Backup Exhibit List may be provided in electronic form, and (3) eliminate the requirement that the Defendant file objections to exhibits listed on the Cost Backup Exhibit list, and permit the Government to reserve its objections should Plaintiff seek to introduce such exhibits at trial. In support of this motion, Plaintiff states:

1. In accordance with the Trial Preparation Order, Plaintiff provided the Government with a preliminary exhibit list on May 9, 2008. EN included a number of group exhibits on its list that contain collections of business records, such as vendor invoices and warrants (the equivalent of a check), material request forms, credit card statements, and time records related to costs EN incurred in building an Independent Spent Fuel Storage Installation

("ISFSI") and related costs (the "Cost Backup Group Exhibits").[1] The Cost Backup Group Exhibits[2] provide additional support for the records from EN's accounting system that were used to calculate EN's damages in this case. Exhibits from EN's accounting system that "roll up" these and other costs have also been separately listed on EN's exhibit list. In addition, the expert report from EN's expert, Michael Emmert, summarizes the costs represented by the Cost Backup Group Exhibits and other costs.

2. It is Plaintiff's hope and expectation that, with the summary and expert exhibits available, the Cost Backup Group Exhibits will not be needed at trial. Plaintiff is not aware of any position being taken by the Government that would necessitate use of these Cost Backup Group Exhibits – for example, any challenge to the summaries of these exhibits prepared by Mr. Emmert. However, mindful that Paragraph 13(a) of Appendix A to the Rules of the Court of Federal Claims ("RCFC") provides that exhibits not disclosed cannot be used at trial, and that the Trial Preparation Order requires listing rebuttal exhibits to the extent possible, counsel for Plaintiff included these Cost Backup Group Exhibits on its preliminary exhibit list provided to Defendant to ensure that they would be available in the unlikely event that they were needed to address a disputed cost item at trial.

3. EN and the Government have been negotiating in good faith to reach agreement on a set of stipulations of undisputed fact. The parties have reached a preliminary agreement on limited stipulations regarding EN's costs which EN believes would further substantially decrease the likelihood the Cost Backup Group Exhibits will be required. However, despite good-faith

[1] EN has logically grouped these backup business records together, for example creating group exhibits containing all invoices and warrants for a particular vendor.

[2] The Government's May 30, 2008 Motion In Limine To Exclude The Admission At Trial Of Documents Prepared By Government Contractors seeks exclusion of a subset of these Cost Backup Group Exhibit documents. (Motion at 34-35.)

efforts, the parties have not been able to reach agreement on language that counsel for Plaintiff believes will *completely* eliminate the potential need to use the Cost Backup Group Exhibits.

4. Paragraph 2(c)(iii)(5) of the Trial Preparation Order requires the Plaintiff to deliver two copies of all exhibits on its list to chambers on or before June 30, 2008. However, the Cost Backup Group Exhibits are voluminous – approximately 38,000 total pages. Given the volume of these exhibits, and Plaintiff's belief that they likely will not need to be introduced at trial, Plaintiff respectfully suggests amending the Trial Preparation Order to eliminate the need to provide copies of the Cost Backup Group Exhibits unless it becomes clear that they will be required at trial.

5. Specifically, Plaintiff proposes amending the Trial Preparation Order to provide for a "Cost Backup Exhibit List" containing documents such as the Cost Backup Group Exhibits that the parties do not anticipate will be needed at trial, but which cannot be eliminated from the exhibit list in advance of trial because of the possibility of a challenge or dispute. Plaintiff further proposes amending the Trial Preparation Order to provide that exhibits on the Cost Backup Exhibit List do not need to be delivered to chambers, or, alternatively, can be provided to chambers in electronic form. Either of these options would avoid creation of voluminous paper exhibits which in all likelihood will not be needed at trial, but which counsel believes should be *available* for trial in case they are needed. The Trial Preparation Order could also be amended to provide that counsel will provide these exhibits to chambers in paper form if it becomes clear that such exhibits will need to be used.

6. Counsel for Plaintiff has spoken with counsel for the Government regarding its proposal. Counsel for the Government stated that the Government would not oppose the relief requested in this Motion on the following three conditions:

(i) that Paragraph 2(c)(v) of the Trial Preparation Order also be amended to provide that the Government would not be required to file objections to exhibits on the Cost Backup Group Exhibit List;

(ii) that Government's right to object to exhibits on the list in the event Plaintiff sought to introduce such exhibits at trial is fully reserved; and

(iii) that in the event the Plaintiff needs to use at trial an exhibit from its Cost Backup Group Exhibit List, Plaintiff agrees to separately identify each portion of each Group exhibit it intends to use.

If the Court grants this motion, Plaintiff agrees to the three conditions requested by the Government. Counsel for the Government further represented that, provided the Government's objections to the documents on the Cost Backup Group Exhibit List were reserved, the Government would withdraw its motion in limine regarding exhibits on the Cost Backup Exhibit List.

WHEREFORE, consistent with its representations in this motion, Plaintiff respectfully requests that the Court amend the paragraphs 2(c)(iii)(5) and 2(c)(v) of the Trial Preparation Order to (1) allow for a Cost Backup Exhibit List containing cost backup documents that counsel believe they must have available for trial but believe are unlikely to be used at trial, (2) eliminate the requirement to deliver two sets of exhibits on the Cost Backup Exhibit List to chambers, or alternatively provide that exhibits listed on the Cost Backup Exhibit List may be provided to chambers in electronic form, and (3) eliminate the requirement that the Defendant file objections to exhibits listed on the Cost Backup Exhibit list and permit the Government to reserve its objections should Plaintiff seek to introduce such exhibits at trial.

Dated: June 10, 2008

Respectfully submitted,

s/ Norman M. Hirsch
NORMAN M. HIRSCH
Jenner & Block LLP
330 N. Wabash Ave.
Chicago, IL 60611
(312) 923-2782 telephone
(312) 840-7782 facsimile

OF COUNSEL:

David A. Handzo
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
(202) 639-6000

William D. Heinz
David Jiménez-Ekman
Christopher Tompkins
April A. Otterberg
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611
(312) 222-9350

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of June 2008, a copy of the foregoing *Motion For Amendment Of Trial Preparation Order* was filed electronically with the Court's CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Norman M. Hirsch