IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-10C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION TO AMEND TRIAL PREPARATION ORDER

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court modify the trial preparation order issued on April 21, 2008, first, to eliminate the requirement that the parties file a complete sets of the trial exhibits on June 30, 2008, and, second, to postpone the time within which the parties must submit their lists of exhibits to which neither party objects on the grounds of authenticity or admissibility. Counsel for plaintiff, Energy Northwest, ("ENW"), Norman M. Hirsch, has represented that ENW does not oppose this request. As discussed more fully below, the relief being sought is requested in view of the parties' experience in other spent nuclear fuel cases and for the purpose of saving significant costs for the parties, as well as the Court.

Paragraph 2(c)(iii)(5) of the Court's April 21, 2008 order requires that, in addition to each party's final exhibit list, the parties also must submit two sets of the exhibits to the Court's chambers no later than June 30, 2008. However, because the Court's order also provides that the parties shall "file" each of the items listed following paragraph 2(c)(iii), the order also requires that an additional set of the exhibits be submitted to the clerk's office for filing on that day. For the reasons discussed below, we respectfully request that the Court modify the Court's April 21, 2008 order to eliminate that filing requirement.

Currently, Energy Northwest's exhibit list contains 749 exhibits. The Government's exhibit list is comprised of 482 exhibits, one with 86 subparts. Consequently, even one set of exhibits from either party requires submission of a large volume of materials which is costly to duplicate and cumbersome to transport. Additionally, our experience in other spent nuclear fuel cases has shown that filing the exhibits is unnecessary. Many exhibits currently on the parties' exhibit lists will not be used at trial. Other exhibits will not be admitted. Thus, the trial record is made after the Court has determined which exhibits to admit at trial. Therefore, requiring each party to produce and file multiple copies of exhibits that may never become part of the trial record would seem to be unnecessary, costly, and potentially confusing.

We are not suggesting that the parties should not be required to submit two complete copies of their exhibits to chambers so that the Court has access to the parties' proposed exhibits. However, burdening the clerk's office with these materials at this time is not necessary. Therefore, we respectfully request that the Court modify its April 21, 2008 order to eliminate the requirement that the parties file a set of the trial exhibits on June 30, 2008. Further, we request that the Court allow the parties to deliver copies of the exhibits to chambers at a time closer to the beginning of trial to provide the parties with additional time to continue to attempt to pare down the necessary exhibits and to complete the substantial copying effort that will be necessary.

Second, paragraph 2(c)(iii)(3)(c) of this Court's April 21, 2008 order requires the parties to submit, by June 30, 2008, "a descriptive listing of all exhibits to which neither party objects on the grounds of authenticity or admissibility (two sets of such exhibits shall concurrently be provided to chambers)." For exhibits to which a party has objections, paragraph 2(v)(1) of that

order requires the parties, by July 25, 2008, to file a list identifying any objections to exhibits not previously made. Because of the effort that will be involved in reviewing the proposed exhibits in this case, we respectfully request that the Court enlarge the time for identifying those exhibits to which neither party objects to July 25, 2008, so that the parties file a single comprehensive list that will address all exhibits in this case. Notwithstanding this request, the parties are still endeavoring to create a list of joint exhibits, to which neither party will have any objections, and will have such a list ready to be filed with the Court on June 30, 2008. However, those joint exhibits will not encompass every proposed exhibit in this case to which objections may not be asserted. We believe it will be more efficient for the parties to allow them to study each proposed exhibit in a methodical manner, identifying objections (or a lack of objections) through that review, rather than attempting to separate exhibits into two groups early in the review process. Further, if the Court grants our motion to delay submitting two copies of all exhibits to chambers to some date closer to the trial date, we request that we also be permitted to delay the submission of the joint exhibits until that date, as well.

CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant defendant's unopposed motion to amend the Court's April 21, 2008, trial preparation order.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT DAMELIN
SONIA ORFIELD
Trial Attorneys
Department of Justice
Washington, D.C. 20530

June 17, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on June 17, 2008, a copy of this "DEFENDANT'S UNOPPOSED MOTION TO AMEND TRIAL PREPARATION ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sharon A. Snyder