**No. 04-010C**
**(Chief Judge Damich)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**ENERGY NORTHWEST,**

**Plaintiff,**

**v.**

**THE UNITED STATES OF AMERICA,**

**Defendant.**

---

# DEFENDANT'S MOTION TO STRIKE ENERGY NORTHWEST'S NOTICE OF DESIGNATION OF DEPOSITION AND PRIOR TRIAL TESTIMONY AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)

---

**GREGORY G. KATSAS**
**Acting Assistant Attorney General**

**JEANNE E. DAVIDSON**
**Director**

**HAROLD D. LESTER, JR.**
**Assistant Director**

**SHARON A. SNYDER**
**Commercial Litigation Branch**
**U.S. Department of Justice**
**Attn: Classification Unit,**
**8th Floor**
**1100 L Street, N.W.**
**Washington, D.C. 20530**
**Tele: (202) 616-0347**
**Fax: (202) 307-2503**

**OF COUNSEL:**

**JANE K. TAYLOR**
**Office of General Counsel**
**U.S. Department of Energy**
**Office of General Counsel**
**1000 Independence Ave., S.W.**
**Washington, D.C. 20585**

**SCOTT R. DAMELIN**
**SONIA M. ORFIELD**
**Trial Attorneys**
**Commercial Litigation Branch**

**June 19, 2008**

**Attorneys for Defendant**

TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I. THE TESTIMONIAL DESIGNATIONS SUBMITTED BY ENERGY NORTHWEST ARE OVERBROAD, UNDULY BURDENSOME AND IN MANY ARE INSTANCES ARE NOT DIRECTLY RELEVANT TO THE ISSUES IN THIS LITIGATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. ENERGY NORTHWEST HAS NOT MADE THE PROPER SHOWING AS TO WHY DESIGNATED TESTIMONY SHOULD BE ALLOWED TO BURDEN THE RECORD. . . . . . . . . . . . . . . . . . . 7

A. Plaintiff Has Failed To Establish Good Cause For Using Deposition Designations *In Lieu* Of Live Testimony At Trial.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

B. When There Has Been No Showing Of Unavailability, There Is A Strong Preference For Live Testimony. . . . . . . . . . . . . . . . . . . 9

III. ENERGY NORTHWEST CANNOT INTRODUCE TESTIMONY FROM INDIVIDUALS WHO WERE NOT EMPLOYEES OF THE FEDERAL GOVERNMENT AT THE TIME OF THEIR DESIGNATED TESTIMONY . . . . . . . . . . . . . . . . . . . . 14

IV. TO THE EXTENT THAT WITNESSES DISCUSS EXHIBITS IN THEIR DESIGNATED TESTIMONY, ENW'S DESIGNATIONS CONFLICT WITH ENW'S OBLIGATION TO ESTABLISH PROPER FOUNDATION FOR THE ADMISSION OF EXHIBITS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

V. ENERGY NORTHWEST SHOULD BE REQUIRED TO READ ITS PRIOR TESTIMONIAL DESIGNATIONS INTO THE RECORD AT THE TRIAL OF THIS MATTER.. . . . . . . . . . . . . . . . . . . . 18

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

CASES PAGE(S)

American Eagle Ins. Co. v. Thompson,
85 F.3d 327 (8th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

American Steel Works v. Hurley Constr. Co.,
46 F.R.D. 465 (D. Minn., 1969).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Angelo v. Armstrong World Indust. Inc.,
11 F.3d 957 (10th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

Banks v. Yokemick,
144 F. Supp. 2d 272 (S.D.N.Y. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Baskett v. United States,
2 Cl. Ct. 356 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Delaware v. Van Arsdall,
475 U.S. 673 (1986).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Eagle Ins. Co. v. Thompson,
85 F.3d 327 (8th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Globe Savings Bank, F.S.B. v. United States,
61 Fed. Cl. 91 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Griman v. Makousky,
76 F.3d 151 (7th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Kolb v. Suffolk County,
109 F.R.D. 125 (E.D.N.Y. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 12

King & King Enter. v. Champlin Petroleum Co.,
657 F.2d 1147 (10th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Long Island Sav. Bank, FSB v. United States,
63 Fed. Cl. 157 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Napier v. Bossard,
102 F.2d 467 (2d Cir. 1939).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

TABLE OF AUTHORITIES (Cont'd)

CASES PAGE(S)

Renda Marine, Inc. v. United States,
66 Fed. Cl. 639 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12

Robertson v. National R.R. Passenger Corp.,
No. 98-1397, 1999 WL 280407 (E.D. La. May 3, 1999). . . . . . . . . . . . . . . . . . . . . . . . . 15

Sacramento Mun. Util. Dist. v. United States,
No. 98-488C (Fed. Cl. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Shapiro, Lifschitz, & Schram, P.C. v. Hazard,
90 F. Supp. 2d 15 (D.D.C. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

United States v. Blum,
62 F.3d 63 (2d Cir. 1995).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

United States v. Holmes,
44 F.3d 1150 (2d Cir. 1995).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 13

United States v. Int'l Bus. Machs. Corp.,
90 F.R.D. 377 (S.D.N.Y. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

United States v. Mathis,
559 F.2d 294 (5th Cir. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Wisconsin Elec. Power Co. v. United States,
No. 00-697C (Fed. Cl. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Yankee Atomic Electric Co. v. United States,
No. 98-126C, 2004 WL 2450874 (Fed. Cl. Sept. 17, 2004). . . . . . . . . . . . . . . . . . . . . . 15

Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc.,
216 F.R.D. 521 (D. Utah 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Young v. James Green Mgt., Inc.,
327 F.3d 616 (7th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

RULES

R. Ct. Fed. Cl. 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

R. Ct. Fed. Cl. 32. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

TABLE OF AUTHORITIES (Cont'd)

RULES PAGE(S)

R. Ct. Fed. Cl. 33. . . . . . . . . . 13

R. Ct. Fed. Cl. App. A, ¶ 15(b). . . . . . . . . . 5, 7, 11

Fed. R. Civ. P. 32. . . . . . . . . . 8, 11

Fed. R. Evid. 801. . . . . . . . . . passim

Fed. R. Evid. 804. . . . . . . . . . 11

MISCELLANEOUS

8A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142 (2d ed. 1994). . . . . . . . . . 11

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-10C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO STRIKE ENERGY NORTHWEST'S NOTICE OF DESIGNATION OF DEPOSITION AND PRIOR TRIAL TESTIMONY AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)**

Defendant, the United States, respectfully requests that this Court strike the deposition and trial designations submitted by plaintiff, Energy Northwest, on May 30, 2008. As we will demonstrate, the proposed designations submitted by Energy Northwest are so lengthy that, taken alone, they constitute a separate trial of this matter. For the defendant to review the designations, interpose objections where necessary, and submit counter-designations so that the record is complete, it will require weeks of effort. For the Court then to review the designations and rule upon the objections will also require weeks. Such a task is unduly burdensome and an abuse of the spirit of the Rules of this Court. Because plaintiff's designations are clearly an attempt to circumvent the length of time for the trial set by the Court, thereby providing an unfair advantage to plaintiff, those designations should be stricken. In the event that the Court denies our motion to strike the entire proposed designations, we request that the Court at the very least find that plaintiff must revise and shorten its designations and, further, require the parties to read the designations and counter-designations into the record during the course of the trial.

## INTRODUCTION

Pursuant to the Court's Trial Preparation Order, dated April 21, 2008, the parties were directed to file any motions to present substantive evidence by way of deposition testimony or prior testimony by May 30, 2008. Trial Preparation Order ¶ 2(c)(i)(3). Plaintiff submitted a notice or, in the alternative, a motion of deposition designation along with the designations, on May 30, 2008, and thereafter submitted a corrected notice on June 3, 2008. We have commenced our review of those designations and believe that the Court should be aware of the length of the plaintiff's proposed designations. We have estimated that plaintiff has designated **over 3,300 pages** of deposition and trial testimony as substantive evidence in this case. Plaintiff has designated the deposition and/or trial testimony of **16** individuals, including nine current Department of Energy ("DOE") employees, five former DOE employees, and two contractors to DOE. In several instances, plaintiff designated nearly entire deposition transcripts, including the March 12, 2002 deposition transcript of Billy Cole, a former DOE contractor; the April 24, 2002 Rule 30(b)(6) deposition transcript of now-retired DOE employee Susan Klein; the May 20, 2002 deposition transcript of Michael Lawrence, a former DOE employee and current DOE contractor; the March 21, 2002 deposition transcript of former DOE employee Robert Morgan; and the April 11, 2002 Rule 30(b)(6) deposition transcript of Thomas Pollog, a current DOE employee.

The sheer number of pages of designations is staggering, and these proposed designations outnumber designations previously filed by any other plaintiff in previously tried spent nuclear fuel ("SNF") cases by a magnitude of hundreds, and in several cases thousands, of pages. For example, the plaintiff in Dairyland v. United States, Case. No. 04-106 (Fed. Cl.), designated approximately 1,116 pages of deposition and trial testimony; plaintiff in Pacific Gas & Electric v.

United States, No. 04-0074 (Fed. Cl.) ("PG&E"), designated approximately 284 pages of deposition and trial testimony; plaintiffs in System Fuels Inc. v. United States, No. 03-2624 (Fed. Cl.) ("SFI"), designated approximately 390 pages of deposition and trial testimony; and plaintiffs in Boston Edison Co. v. United States, No. 99-447 (Fed. Cl.), designated approximately 546 pages of deposition and trial testimony. There is nothing substantively different or unique in this litigation that requires designating testimony that is as much as ten times the amount of testimony designated in other cases.

To put these designations into further perspective, the number of pages designated represents an entire trial by live testimony. For example, the transcript for the PG&E case, a nine-day SNF trial, was 3,130 pages. The transcript for Dominion Resources Inc. v. United States, No. 04-0084 (Fed. Cl.), a recently tried ten-day SNF trial, was 2,991 pages. The transcript for the SFI case, an eight-day trial, was 2,720 pages. Plaintiff here appears to be attempting to create a "shadow" trial by designating over 3,300 pages of testimony. By doing this, plaintiff is able to submit over three times the amount of testimony that the Government will have the opportunity to submit. The Court should not countenance such a blatant misuse of the rules of this Court. Such conduct serves no real purpose except to burden the record with cumulative or irrelevant testimony and to create unnecessary work for the Court and defendant.

## ARGUMENT

## I. THE TESTIMONIAL DESIGNATIONS SUBMITTED BY ENERGY NORTHWEST ARE OVERBROAD, UNDULY BURDENSOME, AND IN MANY INSTANCES ARE NOT DIRECTLY RELEVANT TO THE ISSUES IN THIS LITIGATION

This Court has acknowledged that it has a duty to exercise its power to exclude testimony or evidence in appropriate cases. The Court's power to prevent a party before trial from encumbering the record with cumulative, irrelevant, or immaterial matters derives from RCFC 16:

> There is no question under [RCFC] 16, that this court, as a trial court, has the power to issue pretrial orders simplifying issues for trial. Not only does this court have such power, it has a duty to exercise it in appropriate cases. This power allows the court, *inter alia*, to define the issues, facts, and theories actually in contention and to weed out extraneous issues. Too, this court also has the authority to issue pretrial rulings concerning the admissibility at trial of proposed testimony and documentary evidence.

Baskett v. United States, 2 Cl. Ct. 356, 359 (1983)(emphasis added).

There can be no doubt that plaintiff here has, with the submission of over 3,300 pages of proposed deposition and trial designation testimony, sought to clutter the record with cumulative, duplicative, and extraneous matters. Turning first to the issue of cumulative testimony, plaintiff has designated the testimony of two witnesses who we intend to call at trial. First, Christopher Kouts, the Principal Deputy Director of the Office of Civilian Radioactive Waste Management ("OCRWM") within the DOE is on defendant's will call list for trial. Yet, plaintiff has designated the testimony of Mr. Kouts from six depositions and five trials. There is no practical reason why prior testimony of a witness such as Mr. Kouts, who will appear at trial, should be designated. The testimony that was so designated is testimony that plaintiff or defendant will

elicit live from Mr. Kouts, as courts prefer. See RCFC App. A ¶15(b); see also Renda Marine, Inc. v. United States, 66 Fed. Cl. 639, 645 (2005) (disregarding designated deposition testimony of witnesses who testified live); King & King Enter. v. Champlin Petroleum Co., 657 F.2d 1147, 1165 (10th Cir. 1981) (affirming trial court's exclusion of deposition testimony where witnesses, when testifying live, could have been examined or cross-examined about prior deposition testimony). For example, plaintiff designated multiple pages of testimony regarding Mr. Kouts' background. See A495-503, A510-511, A586-587, A614-615.[1] However, Mr. Kouts will testify about his background in live testimony. Plaintiff designated multiple pages from prior testimony of Mr. Kouts regarding the 2004 Annual Priority Ranking/Annual Capacity Report ("APR/ACR"). See A518, A522, A524, A529, A536, A548-549, A616, A617. While the Government asserts that testimony regarding the 2004 APR/ACR is not relevant to the issue of how, if at all, plaintiff has been damaged because of DOE's delay in accepting SNF from Columbia Generating Station, plaintiff will undoubtably question Mr. Kouts about the 2004 APR/ACR when he appears at trial, regardless of the Government's relevance objections.[2] Designating such testimony from prior depositions and trial testimony is, therefore, cumulative. See United States v. Holmes, 44 F.3d 1150, 1157 (2d Cir. 1995) ("[a]bsent a clear abuse of discretion, a trial judge retains a wide latitude to exclude irrelevant, repetitive, or cumulative evidence.").

---

[1] Citations to "A___", refer to the Appendix filed by plaintiff with its corrected notice.

[2] Even though the 2004 APR/ACR was not listed as a topic on its Rule 30(b)(6) notice, plaintiff also questioned Mr. Kouts about that document during his recent Rule 30(b)(6) deposition, on June 12, 2008.

David Zabransky, who is the current contracting officer for the Standard Contract at DOE, is also on defendant's will call list for trial. Yet, plaintiff designated hundreds of pages of prior testimony from Mr. Zabranksy, including testimony from seven trials and three depositions. Again, the testimony that was so designated is testimony that plaintiff or defendant will elicit live from Mr. Zabranksy, as courts prefer. For example, plaintiff designated prior testimony of Mr. Zabranksy regarding the 2004 APR/ACR, even though plaintiff will likely elicit testimony regarding that subject live. See, e.g., A1462, A1493-1495, A1513, A1523, A1545. Plaintiff designated pages of testimony regarding application of the Annual Capacity Report, and yet plaintiff is likely to question Mr. Zabranksy live about that very topic. See, e.g., A1378-1380, A1391, A1406, A1407-1410, A1417, A1431-1433, A1435-1436, A1446-1447, A1460 - 1462, A1506-1507, A1511. There was no reason to designate such testimony from multiple deposition and trial transcripts as it clutters the record, provides additional pages of unnecessary reading for the Court, and requires the defendant to review, object where necessary, and counter-designate to ensure that the record is complete.

Plaintiff here also asserts that its designations are "directly relevant" to the issues before the Court, and yet a review of some of that testimony demonstrates quite the contrary. For example, included in the designations is testimony regarding failed fuel, even though there is no failed fuel at issue in this case. See, e.g., A506, A511 (Kouts); A1463-1466, A1469-70 (Zabranksy); A1037, A1060, A1090 (Pollog); A754, A813 (Milner). Plaintiff designated multiple pages from the prior testimony of Jeffrey Williams, a current DOE employee, regarding multi-purpose and dual purpose canisters, while those issues are not relevant here. See, e.g., A1338; A1339; A1342; A1344; A1348-1349; A1350-1351; A1352-1361. Plaintiff has failed to

explain why cumulative and irrelevant testimony should be designated as part of the trial record, as it is required to do. RCFC App. A ¶15(b).

## II. ENERGY NORTHWEST HAS NOT MADE THE PROPER SHOWING AS TO WHY DESIGNATED TESTIMONY SHOULD BE ALLOWED TO BURDEN THE RECORD

### A. Plaintiff Has Failed To Establish Good Cause For Using Deposition Designations *In Lieu* Of Live Testimony At Trial

ENW has sought the admission of the testimony of 16 individuals from 86 days of deposition or trial, consisting of over 3,300 additional transcript pages for the Court to consider. ENW has made no effort to show that any of the witnesses whose deposition or trial testimony it has designated are unavailable to testify at trial. Moreover, the testimony is irrelevant, incomplete, and replete with objections, all of which need to be ruled upon before the Court considers its substance.[3] Because ENW has failed to meet its burden to show why this testimony should be admitted, the Court should exclude it from the record.

Pursuant to paragraph 15(b) of Appendix A of the Court's rules, ENW must show "good cause" for using designated deposition and trial testimony, "other than as provided by [FRE] 801(d)." See RCFC, App. A, ¶ 15(b) ("Any party intending to present substantive evidence by way of deposition testimony . . . *shall show cause* why the deposition testimony should be

---

[3] At trial in Northern States, plaintiff's counsel reduced the number of designations upon which Northern States intended to rely to those from Messrs. Barrett and Brownstein and Ms. Slater-Thompson. Rather than have the Court rule upon the objections to the testimony and consider the Government's counter-designations, the parties agreed with the Court that the parties would cite to those designations or counter-designations necessary to the parties' case in post-trial briefing and that the Court would consider any objections to those designations or counter-designations during closing arguments to be held after the post-trial briefing is complete. With this procedure, the parties should prevent a large amount of unnecessary testimony from burdening the record.

admitted") (emphasis added)); see also Angelo v. Armstrong World Industries Inc., 11 F.3d 957, 963 (10th Cir. 1993) (proponent of using deposition testimony at trial bears the burden of proving that it is admissible in lieu of live testimony under Rule 32 of the Federal Rules of Civil Procedure). Although paragraph 15(b) of Appendix A itself does not expressly require that a party "show cause" in a written motion regarding the admission of FRE 801(d) evidence, it is clear that this Court has a preference for live testimony and that, even though FRE 801(d) evidence may be presented at trial and supported orally, the party seeking to introduce duplicative, cumulative, and unnecessary evidence must properly support that request.

In its notice or, in the alternative, motion for leave to admit prior testimony, ENW asserts only that its designations are proper because "much of the designated testimony has already been admitted as substantive evidence in other Spent Nuclear Fuel trials" and is "directly relevant to the issues before the Court." Motion at 2. However, these reasons do not amount to sufficient "cause" to permit ENW to justify the designation of the enormous amount of testimony that ultimately seeks an "end run" around the Court's order regarding the length of trial. The Court's existing scheduling order specifically states that trial in this matter will consume ten days, beginning on October 20, 2008. Trial Preparation Order, issued April 21, 2008, at 8. Pursuant to this order, substantive evidence must be presented by both parties within the 10-day period set forth in the scheduling order. ENW is clearly attempting to supplement its designated trial time. Further, particularly to the extent that the Government will have to address some of the out-of-context designated statements in these deposition designations with live witnesses, ENW's use of designations prejudices the Government by increasing the amount of live testimony that the Government will have to present.

B. When There Has Been No Showing Of Unavailability, There Is A Strong Preference For Live Testimony

ENW proffers no evidence, and makes no suggestion, that any of the witnesses whose deposition and trial testimony that it has designated have been or are unavailable to testify at the trial in this case. ENW only states that three of the witnesses – Michael Lawrence, Robert Morgan, and Bernard Rusche – are not within 100 miles of this Court. Motion at 22. However, unlike Federal district courts, this Court possesses nationwide subpoena power. Further, the Government is prepared to assist in making all former and current Government witnesses who appear upon ENW's proposed designation list available for trial, but, to date, we have received no inquiries from counsel for ENW regarding the availability of these individuals for trial.

Even deposition testimony conceded to be an admission under FRE 801(d)(2)(D) should not be used in place of the deponent's live trial testimony when the deponent is readily available to testify at trial. Kolb v. Suffolk County, 109 F.R.D. 125, 127 (E.D.N.Y. 1985). ENW should be required to present its case through live testimony at trial and should not be permitted to avoid this obligation by forcing the Court and the Government to read and analyze thousands of pages of proposed testimony in addition to the evidence that ENW presents at trial.

Moreover, this Court should deny ENW's motion because at least two of the witnesses, as we noted above, for whom they have attempted to designate testimony, Messrs. Kouts and Zabranksy, are to appear live at trial, and ENW has also indicated that it reserves the right to call any of the witnesses that it has designated. ENW has made no showing that any of the other 14 witnesses which it has identified are unavailable. It is axiomatic that hearsay testimony is not to be substituted for live testimony when a witness is available for examination at trial. E.g., Kolb,

109 F.R.D. at 127. As Federal courts have long recognized, live testimony is highly favored over out-of-court written testimony:

> In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by the out-of-court-declarant. See McCormick Evidence 2d § 244. The jury's observation of the demeanor of the witness and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference even though the out-of-court statement had been given under oath.

United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977); see also Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand") (quoting from Judge Learned Hand in Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939)); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person"). Live testimony is necessary to provide the Court with an opportunity to evaluate the witnesses' demeanor during the discussion of events in which the witnesses were involved. See Banks, 144 F. Supp. 2d at 288. The reading of a deposition transcript does not serve as an adequate alternative to evaluation of the witness's testimony in person. American Steel Works v. Hurley Constr. Co., 46 F.R.D. 465, 470 (D. Minn., 1969); see also Griman v. Makousky, 76 F.3d 151, 153 (7th Cir. 1996) (recognizing "strong preference of Anglo-American courts for live testimony"); Kolb, 109 F.R.D. at 127 ("when depositions are submitted in place of live testimony, the trial judge is denied the

opportunity to question the witness. Clearly, testimony by deposition is less desirable than oral testimony and should be used as a substitute only under very limited circumstances.").

The preference for live testimony is recognized in RCFC 32 itself, which provides that the Court may allow deposition testimony to be introduced unless it finds that "it is not in the interests of justice, with due regard to the importance of presenting the testimony of witnesses orally in open court . . . ." RCFC 32(a)(3)(E)(ii) (emphasis added). The inquiry on the admissibility of deposition and trial transcripts under RCFC 32 is further informed by the "long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." 8 A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142, at 158 (2d ed. 1994) (discussing Fed. R. Civ. P. 32); see also Fed. R. Evid. 804(b)(1), Advisory Committee Notes (1972) ("testimony given on the stand in person is preferred over hearsay," such as a witness's former testimony, and "tradition, founded in experience, uniformly favors the production of the witness if he is available" because the "opportunity to observe demeanor is what in a large measure confers depth and meaning upon oath and cross-examination").

Pursuant to paragraph 15(b) of Appendix A of the Rules of this Court, in those instances where designated deposition or trial testimony may be appropriate, it is the movant's obligation to show cause for the use of such testimony, other than as provided by FRE 801(d). RCFC, App. A, ¶ 15(b); see also Angelo v. Armstrong World Indust. Inc., 11 F.3d 957, 963 (10th Cir. 1993) (observing that proponent of using deposition testimony at trial bears burden of proving admissibility *in lieu* of live testimony under FRCP 32). This Court has a preference for live testimony and, even though FRE 801(d) evidence may be presented at trial and supported orally,

the party seeking to introduce duplicative, cumulative, and unnecessary evidence must properly support its request which ENW did not.

Finally, even if, as ENW represents, the Court in Wisconsin Elec. Power Co. v. United States, No. 00-697C, is correct, and deposition testimony satisfying the requirements of FRE 801(d)(2) is admissible in cases where a witness is available to testify in person, the Court retains the discretion to preclude the wholesale introduction of designated testimony in order to avoid transforming the trial into a matter of document review.[4] See, e.g., Kolb, 109 F.R.D. at 127; RCFC 1. In any event, the Court in Wisconsin Electric held that it would ignore any designations of witnesses who appeared at the trial of that matter. Wisconsin Elec., No.00-697C, Order at 29-30 (Fed. Cl. Aug. 16, 2007) (unpublished); see Renda Marine , 66 Fed. Cl. at 645 (citing United States v. Int'l Bus. Machs. Corp., 90 F.R.D. 377, 382 (S.D.N.Y. 1981)) (disregarding designated deposition testimony of witnesses who testified at trial); see also Sacramento Mun. Util. Dist. v. United States, No. 98-488, Order at 2 (Fed. Cl. March 16, 2005) (unpublished) (denying motion to designate prior testimony of witnesses who were scheduled to testify at trial). In this regard, a party's right to present its case in the manner that it desires "must be balanced against a court's leave to set reasonable limits on the admission of evidence." United States v. Blum, 62 F.3d 63, 67 (2d Cir. 1995) (citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). Judges are, of course, accorded wide latitude in excluding evidence that is

---

[4] Furthermore, unlike in Globe Savings Bank, F.S.B. v. United States, 61 Fed. Cl. 91, 95 (2004), where the Court admitted into evidence portions of a single individual's deposition testimony, ENW seeks the admission of prior deposition and trial testimony by 16 individuals, thereby raising the specter of "trial by deposition," a practice that is strongly disfavored in the Federal courts. See Kolb, 109 F.R.D. at 127.

repetitive or of only marginal relevance. Blum, 62 F.3d at 67 (citing Van Arsdall, 475 U.S. at 679); United States v. Holmes, 44 F.3d 1150, 1157 (2d Cir. 1995).

ENW asserts that its designations are proper because this case is one of approximately 60 such SNF matters pending before the Court, these same witnesses have testified on multiple occasions, and their testimony has been admitted previously as substantive evidence. Motion at 2. While we appreciate ENW's stated concern for the burden that testifying in multiple trials presents, its representation is incorrect. Neither Lake Barrett, Robert Rosselli, Nancy Slater Thompson, nor Victor Trebules have ever testified at trial in any SNF case. Mr. Milner and Mr. Brownstein have each testified only once. ENW has not met its burden of establishing that any of these individuals are unavailable to provide live testimony at trial, or to show cause as to why their testimony should be admitted into the record through designation.

In accordance with preferred practice, the Court should require ENW to present its case through live testimony at trial, not to shirk this obligation by forcing the Court and the Government to engage in a cumbersome review of testimonial designations, at least some of which are duplicative of evidence available for presentation at trial. ENW's proffered designations deprive the Court of an opportunity to engage in credibility determinations by gauging witnesses' responses and preclude witnesses from explaining their prior testimony or responding to questions that the Court may have. Because this Court possesses national jurisdiction and can summon witnesses to testify from throughout the United States, see RCFC 33, the Court should reject ENW's attempt to clutter the record with thousands of pages of prior testimony and avoid presenting live testimony at trial.

If these individuals testify, as expected, ENW will have burdened the record with additional testimony that could have been elicited during cross-examination. While we believe that ENW should not be allowed to designate testimony from witnesses who will testify at trial, to the extent that the Court allows it, we ask that ENW be barred from cross-examining these witnesses upon the topics that are the subject of ENW's designations.[5]

## III. ENERGY NORTHWEST CANNOT INTRODUCE TESTIMONY FROM INDIVIDUALS WHO WERE NOT EMPLOYEES OF THE FEDERAL GOVERNMENT AT THE TIME OF THEIR DESIGNATED TESTIMONY

ENW cannot seek to admit the testimony of Daniel Dreyfus, Michael Lawrence, Robert Morgan, and Bernard Rusche pursuant to FRE 801(d)(2). Although all four of these individuals had once been employed by the Federal Government, none were Federal employees at the time of their depositions or trial testimony. See Motion at 23-26. To fall within the parameters of FRE 801(d)(2)(D), the individual making the statements at issue must have been an employee or agent of the party opponent when the statement constituting the alleged admission was made. See, e.g., Young v. James Green Mgt., Inc., 327 F.3d 616, 622-23 (7th Cir. 2003) (statements made by former employees of party, who were not employed by party at time of statement, cannot constitute party admissions under FRE 801(d)(2)(D)); Shapiro, Lifschitz, & Schram, P.C. v. Hazard, 90 F. Supp. 2d 15, 18 n.3 (D.D.C. 2000) ("affidavit does not qualify under the party

[5] Because of ENW's designations, this Court must review voluminous snippets of substantive testimony, replete with objections, as well as counter-designations, themselves replete with objections, and rule upon all objections, in order to admit the testimony into evidence. RCFC 32(d)(3)(A) ("Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if present at that time"). By submitting volumes of deposition testimony, ENW not only attempts to supplement its trial time, but also will significantly increase the Government's out-of-trial work.

admission exception in Fed. R. Evid. 801(d)(2)(D) because O'Riordan is a former employee"); Robertson v. National R.R. Passenger Corp., No. 98-1397, 1999 WL 280407, at *1 (E.D. La. May 3, 1999) ("statement issued by a former employee after the employment ceases, is inadmissible under Rule 801(d)(2)(D)"). Indeed, ENW has not attempted to make any showing under RCFC 32(a) that would permit the introduction of this testimony as evidence in this case. See Long Island Sav. Bank, FSB v. United States, 63 Fed. Cl. 157, 165 (2004) (Court analyzed admission of deposition testimony pursuant to RCFC 32(a) because individual was not an employee of the Federal Government at the time of his deposition).

Similarly, ENW has designated testimony from Mr. Billy Cole. Yet, ENW concedes that Mr. Cole has never been an employee of the Federal Government. Motion at 27-30. Instead, he has worked only for entities that had contracts with DOE. ENW has submitted no evidence with its notice and motion that Mr. Cole constituted an "agent" of the United States or that his statements should somehow be attributed as "admissions" of the United States.[6] See American

---

[6] Plaintiff relies in large part upon an order in Yankee Atomic Electric Co. v. United States, No. 98-126C, concerning the admission of documents prepared by contractors for the Office of Civilian Radioactive Waste Management over the Government's objection that these documents constitute hearsay. Yankee Atomic Electric Co. v. United States, No. 98-126C, 2004 WL 2450874, at *11 (Fed. Cl. Sept. 17, 2004). Although the Court, in that order, examined the nature of the relationship between the Office of Civilian Radioactive Waste Management ("OCRWM") and its contractors to determine whether FRE 801(d)(2) was a possible avenue for the admission of these documents, the Court ultimately did not rule upon that issue, instead deferring consideration until post-trial briefing. Id. Moreover, a finding that reports prepared at the request of DOE and with DOE's review constitute "admissions" pursuant to FRE 801(d)(2) cannot be expanded to allow the admission of statements of an individual contractor employee who has been required to testify pursuant to subpoena for which the agency has not authorized the statements. In response to these concerns about Mr. Cole's statements in Northern States, plaintiff's counsel withdrew Northern States' designations of Mr. Cole's testimony at the pre-trial conference in that case. Pre-Trial Conference, Northern States Power Co. v. United States, No. 98-484C (Fed. Cl.) (Oct. 18, 2006) at 71:1-2.

Eagle Ins. Co. v. Thompson, 85 F.3d 327, 333 (8th Cir. 1996) (proffering party has burden of "establishing the necessary agency relationship" under FRE 801(d)(2)(D)). In support of its motion, plaintiff states that the Government designated Mr. Cole's testimony in WEPCO. However, Mr. Cole was unavailable at the of the trial because of an illness in his family and, therefore, the parties in WEPCO understood that, because Mr. Cole was not available, RCFC 32(a)(2) provided a basis upon which to admit his designations. Plaintiff here makes no such showing. Accordingly, Mr. Cole's prior testimony cannot be designated as an "admission" by the United States under FRE 801(d)(2)(D).

## IV. TO THE EXTENT THAT WITNESSES DISCUSS EXHIBITS IN THEIR DESIGNATED TESTIMONY, ENW'S DESIGNATIONS CONFLICT WITH ENW'S OBLIGATION TO ESTABLISH PROPER FOUNDATION FOR THE ADMISSION OF EXHIBITS

ENW's designations are replete with testimony concerning documents that were identified as exhibits during the deposition or at trial. These designations are problematic because it is not clear from the designations what document is being discussed or whether a proper foundation has been laid for the witness to testify about that specific document. For example, ENW has designated Lake Barrett's testimony about statements contained in a document generated by a group within OCRWM that did not include Mr. Barrett about studies that were undertaken by OCRWM:

> Q: Do you know what the, or are you familiar with the system study that is being referred to in this entry?
>
> A: Not this specific one.
>
> Q: Do you have a general understanding of the system study being referred to here?

[Objection]

A: There were various studies done in the eighties and also in the very early nineties on system performance rate, you know, what the costs were, schedules were, plausibility of them.

Q: And these system studies looked at system issues, correct?

A: Yes.

Q: And am I correct that each one of these studies to which you've just referred confirmed an acceptance rate, an aggregate acceptance rate of 3,000 MTU per year?

[Objection]

A: I think its overstated to say it confirmed it. It showed that, you know, at 2,000 it does this, at 3,000 it does that, 4,000 it does something different. I don't know if they actually reached an absolute confirmation that 3,000 was the exact number, but generally they supported the system rate of 3,000 was a reasonable number.

A152-153 (Barrett Deposition, April 22, 2002).[7] It is unclear whether the document about which Mr. Barrett was being asked or the "various system studies" to which Mr. Barrett referred will be made part of the trial record. By including these designations, ENW is apparently trying to provide the Court with testimony about documents that the Court will not have the ability to review or evaluate. These designations do not provide the Court with the benefit of an explanation as to why the documents are important or, conversely, why the documents should be

[7] This is only a single example of designated testimony that refers to a document. In the 3,300 pages of testimony designated by plaintiff, there are innumerable cites to documents like this example.

disregarded. For these reasons, the designations that concern documents should not be admitted by the Court.

## V. ENERGY NORTHWEST SHOULD BE REQUIRED TO READ ITS PRIOR TESTIMONIAL DESIGNATIONS INTO THE RECORD AT THE TRIAL OF THIS MATTER

In the event that the Court determines that ENW may submit its 3,300 pages of prior testimony, or a subset of that prior testimony, we respectfully request that plaintiff be required to read that testimony into the record during the trial, as the court required in Boston Edison Co, No. 99-497 (Fed. Cl.) and System Fuels Inc. v. United States, No. 03-2623 (Fed. Cl.). We further request that the time required for this effort be counted against the trial time available to ENW. Such requirements are likely to eliminate the burden to the record of unnecessary designations, and they are further likely to reduce the volume of designations that will be used. Likewise, any counter-designations that the Government's wishes to include in the record will be counted against the time allowed the Government in the presentation of its case. Requiring plaintiff to read its designations into the record, thus utilizing its trial time, will provide both parties with the same amount of trial time. If the Court allows plaintiff to utilize over 3,300 pages of testimony, in addition to the trial testimony it intends to elicit, the plaintiff will be allowed to present, in essence, weeks of additional testimony, while the Government will be held to the specific timetable imposed by the Court. Such a result gives disproportionate trial time to plaintiff and clearly prejudices the Government. Moreover, another advantage to reading the designations at trial is that objections may be ruled upon immediately, which would make the Court's consideration of the testimony more efficient.

CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny ENW's notice or motion or, in the alternative, that the Court rule that ENW must read into the record any designations that it wishes to be included in the trial of this matter.[8]

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Sharon A. Snyder by s/ Sonia M. Orfield
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT R. DAMELIN
SONIA M. ORFIELD
Trial Attorneys
Department of Justice
Washington, D.C. 20530

June 19, 2008

Attorneys for Defendant

---

[8] If the Court denies our motion, it will be necessary for the Government to request additional time within which to respond to the more than 3,300 pages of designations submitted by plaintiff.

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 19th day of June, 2008, a copy of this "DEFENDANT'S MOTION TO STRIKE ENERGY NORTHWEST'S NOTICE OF DESIGNATION OF DEPOSITION AND PRIOR TRIAL TESTIMONY AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sonia M. Orfield