**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-0010C |
| v. | ) | |
| | ) | Chief Judge Damich |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUPPLEMENTAL MOTION FOR LEAVE**
**TO ADMIT PRIOR TESTIMONY INTO EVIDENCE**

Plaintiff Energy Northwest hereby respectfully moves to admit at trial the deposition testimony of the Rule 30(b)(6) witness of the Defendant, the United States Government ("the Government"), designated and contained in the attached Supplemental Appendix,[1] and obtained after the due date for Energy Northwest's original motion to admit prior testimony. In support of this motion, Energy Northwest states as follows:

1. Pursuant to the Trial Preparation Order entered by this Court on April 21, 2008, RCFC Appendix A, ¶ 15(b), and this Court's June 3, 2008 order granting Energy Northwest leave to file corrected documents, Energy Northwest filed its Corrected Notice Of Designation Of Deposition And Prior Trial Testimony Or, In The Alternative, Motion For Leave To Admit Prior Testimony Into Evidence ("the Notice") on June 3, 2008.[2]

2. In the Notice, Energy Northwest noted that at that time, it had "not yet taken the additional Rule 30(b)(6) deposition that this Court granted in its April 21, 2008 order" and

---

[1] The appendix to this motion is a continuation of Energy Northwest's Corrected Appendix in Support of its Corrected Notice of Designation of Deposition and Prior Trial Testimony, Or, In the Alternative, Motion to Admit Prior Testimony Into Evidence. (App. to Dkt. No. 118.)

[2] On June 19, 2008, the Government filed a motion to strike Energy Northwest's designations. (Dkt. No. 123). Energy Northwest believes the motion is meritless and will respond as provided by the Rules of the Court of Federal Claims.

"reserve[d] the right to seek the admission of testimony from that deposition as well." (Dkt. No. 118, Notice at 30 n.11.)

3. On June 12, 2008, Energy Northwest took the Rule 30(b)(6) deposition of the Defendant. The Government produced Christopher Kouts as its representative on all of the topics contained in the notice, and during that deposition, Mr. Kouts testified on the topics that were the subject of the Court's April 21, 2008 order. (Dkt. No. 98, Apr. 21, 2008 Order; Am. Notice of Rule 30(b)(6) Deposition (App. 1548-49).)

4. Mr. Kouts provided certain testimony on behalf of the Government that is relevant to Energy Northwest's claims in this case. Consequently, pursuant to Rule 32(a)(2) of the Rules of the Court of Federal Claims ("RCFC"), Energy Northwest seeks to admit into evidence the attached designated excerpts from Mr. Kouts' June 12, 2008 Rule 30(b)(6) deposition. Page A 1550 of the Supplemental Appendix lists the designated pages and lines (with colloquy and objections omitted); pages A 1551-79 of the Supplemental Appendix show the deposition with the testimony that Energy Northwest seeks to admit highlighted.

5. This testimony is admissible as substantive evidence at trial for the reasons stated in the Notice, namely, that under RCFC 32(a), deposition testimony can be admitted against any party who was present or represented at the taking of the deposition if any of the conditions set forth in RCFC 32(a)(1)-(3) are met, and provided that the testimony would be admissible if the witness were then present and testifying. (Dkt. No. 118, Notice at 30.)

6. Under RCFC 32(a)(2), the deposition of "a person designated under RCFC 30(b)(6) . . . to testify on behalf of a . . . governmental agency which is a party may be used by any adverse party for any purpose." RCFC 32(a)(2); *Weaver-Bailey Contractors, Inc. v. United*

*States*, 19 Cl. Ct. 474, 483 (1990). Moreover, the testimony is admissible even if the witness is available. *Weaver-Bailey Contractors*, 19 Ct. Cl. at 483.

7. The Government offered Mr. Kouts as its Rule 30(b)(6) witness on the following topics: (1) Energy Northwest's acceptance allocation had the Department of Energy ("DOE") commenced waste acceptance under the Standard Contract on January 31, 1998; (2) the spent nuclear fuel acceptance rate at which DOE would have performed after the 10-year period reflected in the 1990 Annual Capacity Report assuming that DOE commenced waste acceptance under the Standard Contract on January 31, 1998; (3) the basis for the acceptance rate contained in the Preliminary Estimates of the Total-System Cost for the Restructure Program: An Addendum to the May 1989 Analysis of the Total System Life Cycle Cost of the Civilian Radioactive Waste Management Program; (4) the earliest date on which DOE will commence acceptance of SNF under the Standard Contract, including without limitation, DOE announcements that the earliest possible date for waste acceptance is 2017; (5) the type of casks and any other ancillary equipment DOE would have used to accept spent nuclear fuel from Energy Northwest under the Standard Contract had it commenced performance on January 31, 1998, including without limitation: the capacity of the cask and the number of spent nuclear fuel assemblies, the weight of the cask prior to loading, the approximate weight of the casks when fully loaded with spent nuclear fuel assemblies, and whether the cask closure would have been bolted or welded; (6) the 1987 Nuclear Waste Policy Act and its effect on the Civilian Radioactive Waste Management Program, including without limitation the effect on DOE's plans to site, license, and construct a geological repository and the effect on DOE's plans to site, license, and construct a Monitored Retrievable Storage Facility; and (7) efforts to site a Monitored Retrievable Storage Facility between 1989 and 1995, including without limitation, the

efforts of the Nuclear Waste Negotiator to site a Monitored Retrievable Storage Facility. (Am. Notice of Rule 30(b)(6) Deposition (App. 1548-49).)

8. The Government was present and represented Mr. Kouts at this deposition. (*See generally* App. 1551-79.) At the time, Mr. Kouts continued to be employed by the DOE.[3]

9. Accordingly, the designated portions of the Rule 30(b)(6) depositions of Mr. Kouts are admissible under RCFC 32(a)(2).

[3] Alternatively, to the extent Mr. Kouts testified to matters within the scope of his own Government employment, his testimony is admissible as an admission of the Government under Federal Rule of Evidence 801(d)(2)(D).

WHEREFORE, Plaintiff respectfully requests that the Court admit into substantive evidence at trial the attached designated portions of the June 12, 2008 Rule 30(b)(6) deposition of Christopher Kouts.

Dated: July 3, 2008

Respectfully submitted,

s/ Norman M. Hirsch
NORMAN M. HIRSCH
Jenner & Block LLP
330 N. Wabash Ave.
Chicago, IL 60611
(312) 923-2782 telephone
(312) 840-7782 facsimile

OF COUNSEL:

David A. Handzo
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
(202) 639-6000

William D. Heinz
David Jiménez-Ekman
Christopher Tompkins
April A. Otterberg
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611
(312) 222-9350

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of July 2008, a copy of the foregoing *Plaintiff's Supplemental Motion For Leave To Admit Prior Testimony Into Evidence* was filed electronically with the Court's CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Norman M. Hirsch