**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ENERGY NORTHWEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-0010C |
| v. | ) | |
| | ) | Chief Judge Damich |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ENERGY NORTHWEST'S RESPONSE TO GOVERNMENT'S MOTION TO FILE REPLY BRIEF IN SUPPORT OF BUSH MOTION IN LIMINE**

Plaintiff Energy Northwest ("EN") submits this response to the Government's Motion for Leave to File Reply Brief and to File It Under Seal (the "Motion") (Dkt. No. 142), which seeks to file a reply in support of the Government's motion in limine to exclude certain testimony by EN expert Eric Bush. As explained below, we believe that a reply is unnecessary, and the Government's stated reasons for seeking to file a reply lack merit. However, we leave it to the Court's discretion whether an additional pleading will be helpful to the Court after the extensive briefing on these issues already in the record.

As Your Honor knows, there has already been lengthy briefing on these issues: the Government filed four motions in limine, and EN filed three. There have been full responses to each motion, and there are now a total of 254 pages of briefs filed by the parties on the issues of whether expert testimony should be excluded. As to the specific motion regarding Mr. Bush as to which the Government seeks leave to file a reply, the Government's original motion was 28 pages, and our response was 19 pages.

EN respectfully believes the Government's stated reasons for filing a reply lack merit. ***First***, the Government's contention (at 1) that it is necessary to respond to the "sharp attacks" on its own expert, Charles Stuart, is misplaced. While it is true that our response to the motion in

limine directed at Mr. Bush (the "Bush Response") compared Mr. Bush's qualifications to those of Mr. Stuart, the Government has already had a full and extensive opportunity to respond to those arguments. Specifically, we filed our own motion in limine to exclude Mr. Stuart's testimony (Dkt. No. 112), which contained essentially the same criticisms of Mr. Stuart as those set forth in our Bush Response. The Government filed a 32-page response to our motion directed at Mr. Stuart. (Dkt. No. 137.) While we do not think that response was effective, no additional briefing is required to understand the Government's position.

***Second***, the Government's implication (at 1-2) that its motion in limine does, in fact, challenge Mr. Bush's ***initial*** report (as opposed to rebuttal report) is completely unsupported by the facts. The Government's motion directed at Mr. Bush was entitled the "Defendant's Motion *In Limine* To Exclude The Rebuttal Testimony Of" Mr. Bush; the prayer for relief only requested that "the Court exclude the rebuttal expert report of Eric Bush, and any related testimony, from the trial of this matter." (Dkt. No. 113, at 1, 21.) Moreover, Mr. Bush did not "change[] his expert opinion" in response to Government questioning. (Mot. at 2.) We do not know (and the Government does not identify) to what the Government refers, but we expect it is to Mr. Bush's formulation of a new expert opinion in his rebuttal report – one we had not previously asked him to provide – about what internal labor hours EN would have incurred had EN proceeded with a rerack or other expansion of its SNF pool storage instead of the dry storage it constructed. We asked Mr. Bush to formulate that opinion because the Government took the position that Mr. Bush's initial report was "incomplete" because EN's internal labor costs for various expansion options should be an additional offset to EN's damages, but Mr. Bush did not change any of the opinions in his opening report. In particular, Mr. Bush did ***not*** alter or change his opinions in his original report about SNF storage pool expansion options available to EN, including a full rerack; in fact, the Government experts relied on those opinions. Moreover, in either case, Mr.

Bush's supplemental opinion on internal labor estimates in his rebuttal report has nothing whatsoever to do with the subject of ***any*** pending motion in limine, because Mr. Bush's opinion concerning internal labor is not challenged by the Government in its motion in limine directed at Mr. Bush.

Consequently, the Government's reasons for offering even more briefing on these issues lack merit. On the other hand, while we do not believe there is a legitimate reason to file a reply, we leave it to the Court's discretion whether to entertain further briefing on these issues. If the Court decides to permit the Government to file its reply brief, EN has no objection to the Government's request to file the document under seal.

DATED: July 16, 2008

Respectfully submitted,

s/ Norman M. Hirsch
NORMAN M. HIRSCH
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Telephone: (312) 923-2782
Facsimile: (312) 840-7782

OF COUNSEL:

David A. Handzo
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
(202) 639-6000

William D. Heinz
David Jiménez-Ekman
Christopher Tompkins
April A. Otterberg
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611
(312) 222-9350

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of July 2008, a copy of the foregoing *Energy Northwest's Response to Government's Motion to File Reply Brief in Support of Bush Motion in Limine* was filed electronically with the Court's CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Norman M. Hirsch